John L. Langdoc, Esq. (C.S.B. #235509)
 jlangdoc@kazanlaw.com
Michael T. Stewart, Esq. (C.S.B. #253851)
 mstewart@kazanlaw.com
Henry A. Steinberg, Esq. (C.S.B. #284998)
 hsteinberg@kazanlaw.com
Akinyemi Ajayi (C.S.B. #285257)
 aajayi@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES SARJEANT and LUCRETIA SARJEANT,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF LONG BEACH, et al.<br><br>　　　　Defendants. | Case No. 3:24-cv-01216-VC<br><br>[Removed from the Superior Court of California, County of Alameda, Case No. 23CV052439]<br><br>Hon. Vince Chhabria<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR THE EXPEDITED DEPOSITION OF JAMES SARJEANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF AKINYEMI AJAYI; DECLARATION OF JUDY SCHMIDT, M.D.**<br><br>Date:　　　　March 26, 2024<br>Time:　　　　10:00 a.m.<br>Courtroom:　4<br>Judge:　　　Hon. Vince Chhabria |

Plaintiffs James and Lucretia Sarjeant hereby apply for an ex parte order permitting the expedited deposition of James Sarjeant prior to a Rule 26(f) conference.  Mr. Sarjeant is 82 years old and suffers from malignant mesothelioma, an aggressive and incurable cancer caused by exposure to asbestos.  He is a key fact witness in his case, but if he dies or otherwise cannot testify, plaintiffs will be irreparably harmed by his losing the opportunity to meaningfully participate in deposition discovery.  All parties previously agreed, in the state court action, to commence Mr. Sarjeant's deposition, but it has since been delayed by defendants' sudden removal of the case and subsequent failure to respond to requests to commence a Rule 26(f) conference.  Given the potential irreparable harm if Mr. Sarjeant passes before his deposition, there is good cause for an order permitting his deposition to commence forthwith.  Defendants—who had already agreed and were already prepared to take deposition in state court—will suffer no prejudice if the requested order expediting the deposition is issued.  Counsel for all defendants have been advised of this application, which is based on the attached memorandum, the declaration of counsel, and the declaration of Judy Schmidt, M.D.

DATED:  March 25, 2024

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: _____
Akinyemi Ajayi

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff James Sarjeant is an 82-year old man dying from an incurable, terminal cancer – mesothelioma – caused by his exposure to asbestos. Time is of the essence to complete Mr. Sarjeant's deposition as there is substantial medical doubt as to his survival beyond six months. Because of his condition, the seven hour limit to conduct his deposition may have to be accomplished across multiple days. Mr. Sarjeant is the key fact witness to his work and exposure history and fulcrum of this case. If he dies or becomes so incapacitated that he cannot sit for a deposition, the parties will lose their opportunity to preserve testimony essential to key factual issues, and he will lose his right to give evidence in his own case. Mr. Sarjeant's deposition was scheduled to proceed in State Court on March 4, 2024, and had the case not been removed, Mr. Sarjeant's deposition would already have been concluded. Upon removal, however, defendants now refuse to stipulate regarding the commencement of Mr. Sarjeant's deposition and have so far refused to participate in meaningful discussions as to the timing of a Rule 26(f) conference. Defendants gain unfair benefit from delay, while plaintiffs will suffer irreparable harm if the deposition continues to be delayed such that Mr. Sarjeant passes away or otherwise becomes unable to testify. Plaintiffs thus seek an order, pursuant to Rule 26(d)(1) and 30(a)(2)(A)(iii), for leave to take the expedited deposition of Mr. Sarjeant.

## II. STATEMENT OF FACTS

Mr. Sarjeant suffers from malignant mesothelioma. [Ajayi Decl. ¶11; ¶12, Ex. 11 ("Schmidt Decl.") at ¶60.] Mr. Sarjeant experiences and will continue to experience increasing pain, weakness, fatigue, and weight loss, and remains a high risk for rapidly developing and life-threatening infections as the spread of his mesothelioma has invaded his tongue, chest wall, and right lung. [Schmidt Decl. at ¶¶ 60-63.] Mr. Sarjeant's rapidly progressing mesothelioma has also caused him to develop life-threatening hypercalcemia and renal insufficiency. [*Id.* at ¶¶ 61, 64.] As a result of Mr. Sarjeant's increasing pain, difficulty breathing, fatigue, loss of mobility, and general disability, his ability to participate in day-to-day activities will markedly decrease as time

passes and there is an extreme risk that Mr. Sarjeant will not be able to participate in the litigation and trial of this case over the next 90 days or survive beyond six months. [*Id*. at ¶¶ 61, 63, 65-66.]

In November 2023, plaintiffs filed this action in Alameda County Superior Court alleging that occupational exposure to defendants' asbestos-containing products caused Mr. Sarjeant's mesothelioma. [Declaration of Akinyemi Ajayi ("Ajayi Decl.") ¶ 2]. In mid-January 2024, plaintiffs served their verified responses to defendants' Joint Defense Standard Interrogatories. [Ajayi Decl. ¶ 3.] Plaintiffs also produced extensive documents, including the medical, employment, and Social Security records that were referenced in plaintiffs' standard interrogatory responses. [Ajayi Decl. ¶¶ 4-5.] In February 2024, plaintiffs further served responses to defendant DAP, Inc.'s Form Interrogatories, Special Interrogatories, Requests for Admission, and Request for Production of Documents. [Ajayi Decl. ¶ 6.] Such responses contained additional pertinent information about Mr. Sarjeant's work and exposure history.

Upon provision of such documents and other information, the parties agreed to schedule the deposition of Mr. Sarjeant to commence on March 4, 2024. [Ajayi Decl. ¶ 7.] On February 28, however, defendant Foster Wheeler LLC removed the case to federal court, thereby staying all pending discovery. [Ajayi Decl. ¶ 8.] Due to Mr. Sarjeant's failing health, plaintiffs requested defendants' stipulation to commence Mr. Sarjeant's deposition on March 22. [Ajayi Decl. ¶ 9.] Defendants did not, however, agree to stipulate and pursuant to Local Rule 37-1, counsel for the parties engaged in additional telephonic meet and confer discussions with the goal of proceeding with Mr. Sarjeant's deposition in an expedited manner. [*Id.*] Defendants Honeywell International, Inc. and Foster Wheeler LLC have, so far, refused to appear for Mr. Sarjeant's deposition prior to a Rule 26(f) conference. [*Id.*] Several defendants have also declined to participate in a Rule 26(f) conference or any meet and confer discussions as to the timing of such a conference. [Ajayi Decl. ¶ 10.]

### III.   LEGAL ARGUMENT

    **A.**    **This Court has the Authority to Order Expedited Discovery, and Should**

**Exercise that Authority Here**

District courts have broad discretion over discovery issues. [*See, e.g.*, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), see also *Hinkle v. City of Clarksburg,* 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery . . . .").] This discretion includes issues related to the timing of depositions; Rule 30(a)(2)(A)(iii) specifically authorizes district courts to grant leave to conduct a deposition prior to times otherwise specified in Rule 26. "In deciding whether to allow early discovery, courts apply a good cause standard." [*Seiko Epson Corp. v. Straightouttaink, LP*, 2020 WL 13094087, at *1 (N.D. Cal. Apr. 21, 2020) (citing *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)); see also *Music v. Radionomy, Inc.*, No. 16-CV-00951-RS, 2016 WL 3181308, at *2 (N.D. Cal. June 8, 2016) (Seeborg, J.) ("District courts may grant requests for expedited discovery on a showing of "good cause.").] Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." [*Semitool, supra,* 208 F.R.D. at 276.]

Here, Mr. Sarjeant is dying of a disease that he alleges defendants caused by their conduct and/or defective products. Although his deposition was set to commence in state court, several defendants have—since removal to this Court—refused to re-schedule that deposition or even to participate in a Rule 26(f) conference as requested by plaintiffs. Given Mr. Sarjeant's prognosis and declining condition, leave of court is appropriate to expedite the deposition so that he may provide testimony and otherwise meaningfully participate in discovery.

**B.    Good Cause Exists for Mr. Sarjeant's Expedited Deposition.**

In granting expedited discovery, courts look to a nonexclusive list of factors that includes, the scope of the discovery sought, the possibility of irreparable harm, and the burden of taking early discovery. [*See Semitool, supra*, 208 F.R.D. at 276; *Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2014 WL 12515242, at *1-2 (permitting early discovery approximately two months before it would otherwise commence).] Here, all of these factors weigh strongly in favor of expediting Mr. Sarjeant's deposition.

### 1. The Scope of Discovery is Limited to a Single Deposition.

The expedited discovery sought here is highly focused, limited in nature, and will not burden defendants in any substantive manner. Plaintiffs do not request to conduct discovery against defendants, but to preserve the testimony of a dying fact witness before his health prevents him from appearing and/or testifying.

### 2. Preservation of Mr. Sarjeant's Testimony is Material to the Claims and Defenses of the Parties

Preservation of Mr. Sarjeant's testimony will prevent prejudice to all litigants in this matter. His testimony will no doubt be necessary as this case proceeds, but for immediate purposes, his medical status demonstrates the urgency of securing and preserving such testimony that will bear on key factual issues. Mr. Sarjeant's disease is progressing, and has caused serious, secondary medical conditions that endanger his life. [Schmidt Decl. at ¶¶ 55-58, 64.] His physical and mental capabilities will not improve as time passes, and the inevitable progression of his mesothelioma, and the side effects of its attendant medical management, will take their toll on his health and ability to participate in his own injury case. [Schmidt Decl. at ¶¶ 61-66.] His testimony should be conducted while he is still physically and mentally able to meaningfully participate in his own case.

It is beyond dispute that Mr. Sarjeant has a substantial interest in his own personal injury case. Absent an expedited deposition, Mr. Sarjeant will likely not be able to participate in or assist in the preparation of his own case or have his day in court. Plaintiffs will plainly suffer irreparable harm if the passage of unnecessary time prevents Mr. Sarjeant from preserving key testimonial evidence that will be destroyed when he becomes too incapacitated to communicate or passes away.

### 3. Defendants Face Minimal, If Any, Burden

District courts must balance the need for the discovery sought against the burdens on defendants. Here, defendants face no considerable burden if plaintiffs' request is granted. Plaintiffs' prior discovery responses and document production provided defendants with substantive information pertaining to individuals likely to have discoverable information,

documents supporting the claims and defenses of the parties, the nature of damages claimed, and materials bearing on the nature and extent of injuries suffered. An expedited deposition advances Defendants' ability to cross examine Mr. Sarjeant before his physical and mental capabilities succumb to the progression of his disease and the side effects of its attendant medical management, and further assist in the development of their defenses prior to trial.

In evaluating the burden on defendants, the Court should also consider "how far in advance of the typical discovery process the request was made." [*Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (quoting *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1067 (C.D.Cal.2009)).] At this juncture, the burdens on defendants should be relatively minimal. The Rule 26(f) conference can take place no later than May 10, 2024, so plaintiffs are only seeking to advance Mr. Sarjeant's deposition – and no other discovery – by less than two months. Moreover, defendants face no undue burden or prejudice for a deposition they previously prepared for and agreed to proceed with on March 4, 2024. To the extent there is any burden, it is far outweighed by the urgency to preserve testimony that is of utmost importance to the issues of this case. [*Semitool*, 208 F.R.D. at 276.] Plaintiffs have a legitimate and pressing need and defendants face no meaningful prejudice or burden.

## IV. CONCLUSION

An expedited deposition of Mr. Sarjeant is necessary to further the administration of justice and strongly outweighs any potential burden to Defendants. Plaintiffs require and request leave of the Court to conduct Mr. Sarjeant's deposition prior to the Rule 26(f) Conference.

DATED: March 25, 2024

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: _____
Akinyemi Ajayi

Attorneys for Plaintiffs