John L. Langdoc, Esq. (C.S.B. #235509)
  jlangdoc@kazanlaw.com
Michael T. Stewart, Esq. (C.S.B. #253851)
  mstewart@kazanlaw.com
Henry A. Steinberg, Esq. (C.S.B. #284998)
  hsteinberg@kazanlaw.com
Akinyemi Ajayi (C.S.B. #285257)
  aajayi@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES SARJEANT and LUCRETIA SARJEANT,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH, et al.<br><br>Defendants. | Case No. 3:24-cv-01216-VC<br><br>[Removed from the Superior Court of California, County of Alameda, Case No. 23CV052439]<br><br>**DECLARATION OF AKINYEMI AJAYI IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR THE EXPEDITED DEPOSITION OF JAMES SARJEANT PRIOR TO RULE 26 CONFERENCE**<br><br>Date:        March 26, 2024<br>Time:        10:00 a.m.<br>Courtroom:   4<br>Judge:       Hon. Vince Chhabria |

3337139.1

Case No. 3:24-cv-01216-VC

DECLARATION OF AKINYEMI AJAYI IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR THE EXPEDITED DEPOSITION OF JAMES SARJEANT PRIOR TO RULE 26 CONFERENCE

I, Akinyemi Ajayi, declare:

1. I am an attorney licensed to practice in the State of California, and authorized to practice in the United States District Court for the Northern District of California. I am an associate attorney at Kazan, McClain, Satterley & Greenwood, a Professional Law Corporation, attorneys of record for the Plaintiffs herein. I have personal knowledge of the facts expressed in this declaration and, if asked, would testify to their truth.

2. In November 2023, plaintiffs filed this action in Alameda County Superior Court alleging that occupational exposure to defendants' asbestos-containing products caused Mr. Sarjeant's mesothelioma. Attached as **Exhibit 1** is a true and correct copy of Plaintiffs' Complaint.

3. In mid-January 2024, plaintiffs served their verified responses to defendants' Joint Defense Standard Interrogatories. Attached as **Exhibit 2** is a true and correct copy of Plaintiffs' responses and verification to Joint Defense Standard Interrogatories, dated January 5, 2024 and January 15, 2024, respectively.

4. Plaintiffs also produced Mr. Sarjeant's Social Security records that were referenced in plaintiffs' standard interrogatory responses. Attached as **Exhibit 3** is a true and correct copy of Plaintiff James Sarjeant's redacted Social Security records, produced to Defendants on January 18, 2024.

5. Plaintiffs also produced medical and employment records that were referenced in plaintiffs' standard interrogatory responses. Attached as **Exhibit 4** is a true and correct copy of Plaintiffs' counsel's correspondence to Defendants with link to the medical records and employment records in their possession on February 21, 2024.

6. In February 2024, plaintiffs further served responses to defendant DAP, Inc.'s Form Interrogatories, Special Interrogatories, Requests for Admission, and Request for Production of Documents. Attached as **Exhibit 5** is a true and correct copy of Plaintiffs' responses to Defendant DAP, Inc.'s Form Interrogatories, Special Interrogatories, Requests for Admission, and Request for Production of Documents, served on February 26, 2024.

7. Upon provision of such documents and other information, the parties agreed to schedule

the deposition of Mr. Sarjeant to commence on March 4, 2024.  Attached as **Exhibit 6** is a true and correct copy of Plaintiff's counsel's correspondence to the parties confirming the details of James Sarjeant's deposition set for calendar on March 4, 2024.

8. On February 28, however, defendant Foster Wheeler LLC removed the case to federal court, thereby staying all pending discovery.  Attached as **Exhibit 7** is a true and correct copy of Defendant Foster Wheeler LLC's Notice of Removal.

9. Due to Mr. Sarjeant's failing health, Plaintiffs requested Defendants' agreement and stipulation to conduct Mr. Sarjeant's deposition on March 22, 2024.  All parties did not agree to stipulate. So, pursuant to Local Rule 37-1, counsel for the parties engaged in telephonic meet and confer discussions on March 14, 2024.  Those discussions were unsuccessful, as Defendants Foster Wheeler LLC and Honeywell International, Inc. categorically refused to conduct Mr. Sarjeant's deposition prior to a Rule 26(f) Conference.  Attached as **Exhibit 8** is a true and correct copy of the various correspondence memorializing the parties' meet and confer efforts.

10. Several defendants have also declined to participate in a Rule 26(f) conference or any meet and confer discussions as to the timing of such a conference, thus, the parties have yet to agree on a date to conduct a Rule 26(f) Conference.  Attached as **Exhibit 9** is a true and correct copy of the various correspondence by Plaintiffs' counsel to schedule and coordinate a Rule 26(f) Conference.

11. Mr. Sarjeant suffers from malignant mesothelioma.  Attached as **Exhibit 10** is a true and correct copy of the pathology report and confirmation of James Sarjeant's diagnosis of malignant mesothelioma.

12. Mr. Sarjeant's mesothelioma causes him to experience, and he will continue to experience increasing pain, weakness, fatigue, and weight loss, and remains a high risk for rapidly developing and life-threatening infections as the spread of his mesothelioma has invaded his tongue, chest wall, and right lung.  His rapidly progressing mesothelioma has also caused him to develop life-threatening hypercalcemia and renal insufficiency.  As a result of Mr. Sarjeant's increasing pain, difficulty breathing, fatigue, loss of mobility, and general disability, his ability to participate in day-to-day activities will markedly decrease as time passes and there is an extreme

risk that Mr. Sarjeant will not be able to participate in the litigation and trial of this case over the next 90 days or survive beyond six months. Attached as **Exhibit 11** is a true and correct copy of the declaration only of Judy Schmidt, M.D., executed on March 1, 2024. Exhibits to Dr. Schmidt's declaration – which are largely medical records previously produced to Defendants – are not attached in the interests of brevity, efficiency, and not burdening the Court's file with unnecessary materials.

    I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I signed this declaration at Oakland, California on March 25, 2024.

_____
Akinyemi Ajayi