

71753576
Jan 05 2024
04:50PM

1   John L. Langdoc, Esq. (C.S.B. #235509)
      jlangdoc@kazanlaw.com
2   Henry A. Steinberg, Esq. (C.S.B. #284998)
      hsteinberg@kazanlaw.com
3   KAZAN, McCLAIN, SATTERLEY & GREENWOOD
    A Professional Law Corporation
4   Jack London Market
    55 Harrison Street, Suite 400
5   Oakland, California 94607
    Telephone: (510) 302-1000
6   Facsimile: (510) 835-4913

7   Attorneys for Plaintiffs

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11  JAMES SARJEANT and LUCRETIA          Case No. 23CV052439
    SARJEANT,
12                                       ASSIGNED FOR ALL PRE-TRIAL
                  Plaintiffs,            PURPOSES TO:
13                                       HON. PATRICK MCKINNEY
          vs.                            DEPARTMENT 18
14
    CITY OF LONG BEACH,                  **PLAINTIFFS' RESPONSES TO JOINT
15                                       DEFENSE STANDARD
                  Defendant.             INTERROGATORIES**
16
                                         Action Filed:         November 20, 2023
17

18        PROPOUNDING PARTY:    Designated Defense Counsel – SPANOS-PRZETAK

19        RESPONDING PARTY:     Plaintiff,

        SET NUMBER:           One (1)
20
    **INTERROGATORY NO. 1:**
21
22        (a)     Name;

23        (b)     Date of Birth;

24        (c)     Place of Birth;

25        (d)     Address;

26        (e)     Height/Weight;

27        (f)     Social Security Number;

28        (g)     Kaiser Number;

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**Kazan, McClain, Satterley & Greenwood**

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

(h)     Government Serial Number;

(i)     Military Serial Number;

(j)     Driver's License Number & State;

(k)     All of the names by which YOU have been known;

(l)     Highest grade level completed;

(m)     Current Spouse's Name;

(n)     Spouse's Date of Birth;

(o)     Date of Current Marriage;

(p)     Spouse's Current Address;

(q)     Spouse's Occupation/Employer;

(r)     Name of any Former Spouse;

(s)     Date of any Former Marriage;

(t)     Place, date and circumstances under which any marriage(s) was (were) dissolved or terminated.

**RESPONSE TO INTERROGATORY NO. 1:**

(a)     James Blair Sarjeant;

(b)     October 28, 1941;

(c)     San Pedro, CA;

(d)     425 Calle Robles., San Clemente, CA 92672;

(e)     5'8; 175 lbs;

(f)     xxx-xx-xxxx;

(g)     Not applicable;

(h)     Not applicable;

(i)     Not applicable;

(j)     H0075233, CA;

(k)     James Blair Sarjeant, Jim;

(l)     Some college;

(m)     Lucretia Sarjeant;

1    (n)    April 30, 1943;

2    (o)    February 6, 1960;

3    (p)    425 Calle Robles., San Clemente, CA 92672;

4    (q)    Retired;

5    (r-t)   Not applicable;

6  **INTERROGATORY NO. 2:**

7    For each child of any marriage (either natural or adopted), state:

8  **RESPONSE TO INTERROGATORY NO. 2:**

9    Bases on reasonable and good faith effort to obtain information under C.C.P. §

10  2030.220(c), plaintiff responds that each of the living children below are c/o Plaintiffs' counsel

| Name and Address | Date of Birth | Occupation |
|---|---|---|
| Timothy James Sarjeant | 07/29/1960 | Deceased |
| Cheryl Ann Wood<br>Laguna Niguel, CA 92677 | 07/31/1961 | Academic Advisor |
| Michael Todd Sarjeant<br>San Clemente, CA 92673 | 06/05/1963 | Retired |
| Kevin Andrew Sarjeant<br>San Clemente, CA 92672 | 07/04/1964 | Registered Nurse |

19  **INTERROGATORY NO. 3:**

20    Are either of YOUR natural parents alive?  If YOUR answers is "yes", please state for

21  each parent:    (a)  Current age(s);   (b)  Any history of cancer or respiratory disease.

22  **RESPONSE TO INTERROGATORY NO. 3:**

23    No.

24  **INTERROGATORY NO. 4:**

25    If either of YOUR natural parents are deceased, please state for each parent:

26    (a)    Name of deceased parent(s)

27    (b)    Age at death;

28    (c)    Date of death;

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

(d)     Place where the deceased parent(s)'s death certificate is filed.

**RESPONSE TO INTERROGATORY NO. 4:**

Based on reasonable and good faith effort to obtain information under C.C.P.§2030.220(c), plaintiff responds:

1.      Mother, Dorothy Sarjeant, 90, October 29, 1996, California.

2.      Father, Gerald Sarjeant, 83, June 28, 1993, California.

**INTERROGATORY NO. 5:**

Have any of YOUR blood relatives (parents, grandparents, siblings, aunts, uncles or cousins) had cancer of any type?  If so, please state:

(a)     The name and exact relationship of each such person;

(b)     The present residence address for each such living person; and

(c)     The type of primary site of cancer.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory on the grounds that it is burdensome, oppressive, vague and ambiguous as to what constitutes "blood relatives," is not likely to lead to admissible evidence, invades the privacy of persons not a party to this action, and calls for a medical opinion that plaintiff is not qualified to give. Plaintiff further object that he is not a medical doctor and not qualified to state the cause of death of anyone. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: No.

**INTERROGATORY NO. 6:**

If any person identified in YOUR answer to Interrogatory No. 5 is deceased, please stated for each such person:

(a)     His/Her complete name;

(b)     Date of death;

(c)     Place of death;

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

(d)     Place where his/her death certificate, would be on file; and

(e)     Cause of death.

**RESPONSE TO INTERROGATORY NO. 6:**

Not applicable.

**INTERROGATORY NO. 7:**

State the complete address of each of YOUR residences from January first of the year in which YOU contend that YOU were first exposed to asbestos to the present, and the inclusive dates of each period of such residence.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory on the grounds and to the extent that is an invasion of the plaintiff's right to privacy and is grossly overbroad and not reasonably calculated.  Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving these objections, plaintiff responds that from approximately 1959 through the early 1960s Plaintiff lived in San Pedro CA and does not recall his address(es), and in approximately 1963 in Signal Hill, CA; in approximately 1964, Westminster, CA; from approximately 1964 through 1967, in Fountain Valley, CA; in about 1967 Long Beach, CA and then lived in Belmont Shores area of Long beach for several years before moving to San Clemente, CA until the early 1970s, until approximately 1987 and moved to Laguna Beach, CA where plaintiff lived until about 1998, then in 1998 Plaintiff moved to San Juan Capistrano, for a few years until moving to a cabin in Big Bear CA on Robin Rd, and then to a larger home in Big Bear on Waterview Dr, and then in approximately 2002 moved to Lake Arrowood CA and in 2006 moved to their home on Via Sage in San Clemente.

**INTERROGATORY NO. 8:**

Please state YOUR educational background and IDENTIFY all institutions attended, including any apprenticeship courses, formal on-the-job training and safety classes YOU have

taken, the date graduated from each institution, YOUR major course of study and any special scholastic honors or degrees received.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad and vague as to the meaning of "formal on-the-job training" and "safety classes." Objection as overbroad and not reasonably calculated.  Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Completed Highschool at San Pedro Highschool then attended some college at Long Beach City College.

**INTERROGATORY NO. 9:**

Have YOU ever been convicted of a felony?  If so, please state fully and in detail the date, place and nature of each such felony conviction.

**RESPONSE TO INTERROGATORY NO. 9:**

Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), plaintiff responds: No.

**INTERROGATORY NO. 10:**

Have YOU ever been a member of the Armed Forces?  If YOU have, please state:  each branch of service in which YOU served; the inclusive dates of YOUR service; the date of YOUR discharge from active duty; YOUR service number; each place (e.g., fort, base, station, etc.) at which YOU served; and, YOUR duties at each place.  If YOU have not ever been a member of the Armed Forces for health reasons, please state those reasons.

**RESPONSE TO INTERROGATORY NO. 10:**

Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), plaintiff responds: No.

**INTERROGATORY NO. 11:**

For every doctor who has ever treated or examined YOU during the last ten (10) years for any condition, and beyond ten (10) years for conditions related to the lungs, respiratory system, internal organs, circulatory system and/or musculo-skeletal system of the trunk, and any additional complaints or conditions state in Response to Interrogatory No. 17, please complete the following:

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1

**RESPONSE TO INTERROGATORY NO. 11:**

2

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome, and an

3

invasion of plaintiff's right to privacy.  Plaintiff objects to the extent this interrogatory seeks a

4

compilation, abstract, audit or summary of or from plaintiff's equally available medical records,

5

which burden or expense of preparing or making would be substantially the same for defendants

6

as for plaintiff, so plaintiff refers to C.C.P. § 2030.230, and so Plaintiff refers defendants to

7

plaintiff's medical records, which are equally available to defendants. Based on a reasonable and

8

good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any

9

objection, plaintiff responds:

10

11

| Doctor's Name/Address | Date(s) of Treatment |
|---|---|
| Providence Mission Hospital<br>27700 Medical Center Rd.<br>Mission Viejo, CA 92691 | 2018 – Present |
| Paloma Medical Group<br>30230 Rancho Viejo Rd. Ste 200<br>San Juan Capistrano, CA 92675 | 2018 – Present |
| Dr. Alan Lo<br>25407 Cabot Rd.<br>Laguna Hill, CA 92691 | 2018 – Present |
| Dr. Joanna Kopacz<br>24411 Health Center Dr.<br>Laguna Hills, CA 92653 | 2018 – Present |

12

13

14

15

16

17

18

19

20

21

**INTERROGATORY NO. 12:**

22

For every hospital in which YOU have ever been treated, tested, or examined, whether as

23

an "in-patient" or as an "outpatient" during the last ten (10) years for any condition, and beyond

24

ten (10) years for conditions related to the lungs, respiratory system, internal organs, circulatory

25

system, and/or musculo-skeletal system of the trunk, and any additional complaints or conditions

26

stated in Response to Interrogatory No. 11, please complete the following:

27

28

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad, burdensome, and an invasion of plaintiff's right to privacy.  Plaintiff also objects because this interrogatory seeks expert medical opinion; plaintiff is not an expert and is not qualified to give medical opinions. Plaintiff objects to the extent this interrogatory seeks a compilation, abstract, audit or summary of or from plaintiff's equally available medical records, which burden or expense of preparing or making would be substantially the same for defendants as for plaintiff, so plaintiff refers to C.C.P. § 2030.230 and Plaintiff refers defendants to plaintiff's medical records, which are equally available.  Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

| Address of Hospital | Date(s) of Visits |
|---|---|
| Providence Mission Hospital<br>27700 Medical Center Rd.<br>Mission Viejo, CA 92691 | 2018 – Present |
| Paloma Medical Group<br>30230 Rancho Viejo Rd. Ste 200<br>San Juan Capistrano, CA 92675 | 2018 – Present |
| Dr. Alan Lo<br>25407 Cabot Rd.<br>Laguna Hill, CA 92691 | 2021 – Present |
| Dr. Joanna Kopacz<br>24411 Health Center Dr.<br>Laguna Hills, CA 92653 | 2018 – Present |

**INTERROGATORY NO. 13:**

For every X-ray of the "trunk" that has ever been taken of YOU, please complete the following:

| Name and Address<br>where X-Ray was Taken | Date(s) of X-Ray &<br>No. of X-Rays Taken | Part(s) of<br>Body X-Rayed |
|---|---|---|

Results, Conclusions, and/or Diagnosis from each X-Ray

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad, burdensome,

1   and an invasion of plaintiff's right to privacy.  Plaintiff also objects because this interrogatory

2   seeks expert medical opinion; plaintiff is not an expert and is not qualified to give medical

3   opinions.  Plaintiff objects to the extent this interrogatory seeks a compilation, abstract, audit or

4   summary of or from plaintiff's equally available medical records, which burden or expense of

5   preparing or making would be substantially the same for defendants as for plaintiff, so plaintiff

6   refers to C.C.P. § 2030.230 and Plaintiff refers defendants to plaintiff's medical records, which are

7   equally available.  Based on a reasonable and good faith effort to obtain information under C.C.P.

8   § 2030.220(c), and without waiving any objection, plaintiff responds:

9

| Name/Address Where X-ray(s) Taken | Date(s) X-rays Taken | Part of Body X-rayed: |
|---|---|---|
| Mission Hospital | 8/29/2023 | Chest |
| 27800 Medical Center Rd. | 8/17/2023 | Chest |
| Mission Viejo, CA 92691 | 8/14/2023 | Cervical Lymph Node And Chest |

**INTERROGATORY NO. 14:**

For every pulmonary function test that YOU have undergone, please complete the following:

Name and Address where Test Was Performed:

Date(s) of Tests

Name of Doctor Administering and/Or Interpreting Test

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory on the grounds that it is burdensome as defendants have access to plaintiff's medical records, and plaintiff's attorneys have provided plaintiff's medical records to defendants' coordinating counsel for medical discovery, and the interrogatory thus seeks equally available information. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Plaintiff refers defendants to plaintiff's medical records and Plaintiff identifies any pulmonary tests set forth in Plaintiff's medical records. All of these documents are in the possession of or equally available to defendants. Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendants, and the documents are equally available, plaintiff refers

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  defendants to C.C.P. § 2030.230.

2  **INTERROGATORY NO. 15:**

3      Describe the name and quantity of each type of drug, tranquilizer, sedative or this

4  medication taken or used by YOU during the last ten (10) years, specifying the purpose of use.

5  **RESPONSE TO INTERROGATORY NO. 15:**

6      Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and

7  harassing, overbroad, and not reasonably calculated and an invasion of privacy and requests

8  information for which Defendants already have records. Plaintiff objects to this interrogatory on

9  the grounds that it is burdensome as defendants have access to plaintiff's medical records, and

10  plaintiff's attorneys have provided plaintiff's medical records to defendants' coordinating counsel

11  for medical discovery, and the interrogatory thus seeks equally available information. Based on a

12  reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without

13  waiving any objection, plaintiff responds:  Plaintiff refers defendants to plaintiff's medical

14  records.  All of these documents are in the possession of or equally available to defendants.

15  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and

16  as the burden or expense of preparing such would be substantially the same for plaintiff as for

17  defendants, and the documents are equally available, plaintiff refers defendants to C.C.P. §

18  2030.230.

19  **INTERROGATORY NO. 16:**

20      Do YOU or YOUR attorney have any medical reports from any persons, hospitals, doctors,

21  medical practitioners or institutions that have ever treated or examined YOU at any time? If so,

22  please attach copies of YOUR reports to these interrogatories.  If YOU will not voluntarily attach

23  copies of reports to the answers of these interrogatories, then please state fully and in detail:

24      (a)  The identity of the report, or reports, by date, subject matter, name, address, job title or

25  capacity of the persons to whom it is addressed or directed and the job title or capacity of the

26  persons or persons who prepared the same;

27      (b)  The name, address and present whereabouts of the person who has present custody or

28  control thereof and the purpose of said preparation.:

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this interrogatory on the grounds and to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects that this interrogatory seeks information protected from disclosure by Plaintiff's rights of privacy. Plaintiff objects to the extent that this Interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this interrogatory on the grounds that it is burdensome as defendants have access to plaintiff's medical records, and plaintiff's attorneys have provided plaintiff's medical records to defendants' coordinating counsel for medical discovery, and the interrogatory thus seeks equally available information. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:   Plaintiff refers defendants to plaintiff's medical records.  All of these documents are in the possession of or equally available to defendants.

**INTERROGATORY NO. 17:**

For each and every complaint, symptom, adverse reaction or other injury which YOU contend is directly or indirectly related to YOUR alleged exposure to asbestos or asbestos-containing products, please state:

(a)      The date on which YOU first began exhibiting signs of the complaint, symptom, adverse reaction or injury;

(b)      The date each such complaint, symptom, adverse reaction or injury ceased to affect YOU;

(c)      Any physical change in YOUR appearance occasioned by such complaint, symptom, adverse reaction or injury;

(d)      Each part of YOUR body which YOU contend has been affected;

(e)      State the date upon which each complaint, symptom, adverse reaction or injury was reported to a doctor or physician;

(f)      State the name, address and telephone number of each such physician to whom said complaint, symptom, adverse reaction or injury was reported;

(g)      Whether YOU have lost any time from work as a result of YOUR asbestos-related injury or medical condition; and

(h)      If such injury has resulted in lost time from work, please state the date on which YOU first lost work and the amount of time lost from work.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this interrogatory on the grounds that it is burdensome as defendants have access to plaintiff's medical records, and plaintiff's attorneys have provided plaintiff's medical records to defendants' coordinating counsel for medical discovery, and the interrogatory thus weeks equally available information. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

(a)      In approximately April 2023, plaintiff began having symptoms related to mesothelioma;

(b)      Not applicable; plaintiff has malignant mesothelioma;

(c)      Plaintiff has experienced symptoms including, but not limited to fatigue, shortness of breath, nausea, discomfort, pain, depression, stress and anxiety;

(d)      Entire body and especially plaintiff's respiratory system and chest;

(e)      Beginning in approximately April 2023 and continuing to the present day. Plaintiff refers to plaintiff's medical records for more specific information. All of these documents are in the possession of or equally available to defendants. Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendants, and the documents are equally available, plaintiff refers defendants to C.C.P. § 2030.230;

(f)      See Response to Interrogatory No. 11. Plaintiff refers to plaintiff's medical records for more specific information. All of these documents are in the possession of or equally available to defendants. Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendants, and the documents are equally available, plaintiff refers defendants to C.C.P. § 2030.230;

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1    (g)    No; and

2    (h)    Not applicable; Plaintiff is retired.

3    **INTERROGATORY NO. 18:**

4    Please state when YOU were first advised that YOU were suffering from an asbestos-

5    related disease.  Please include in YOUR answer:

6    (a)    The date and time YOU were so advised;

7    (b)    The name, address and telephone number of the physician and/or other person who

8    so advised YOU;

9    (c)    The name; address and telephone number of the physician who made the

10   evaluation;

11   (d)    The method and information upon which such determination was based;

12   (e)    The name, address and telephone number of any hospital, medical institution,

13   laboratory, physician, nurse, laboratory, technician, etc., involved in any part of such

14   determination;

15   (f)    The name, address and telephone number of every person, including YOUR

16   relatives, employer or anyone acting in YOUR behalf, who was so advised.  Please include the

17   date when such persons were so advised;

18   (g)    The name; address and telephone number of YOUR employer(s) at the time YOU

19   were so advised;

20   (h)    The specific course(s) of treatment or therapy, including any medicine prescribed

21   as a result of such a determination and the name, phone number and telephone number of each

22   prescribing physician;

23   (i)    State whether YOU have followed the medication or therapy regime prescribed by

24   each of the said physicians for the treatment of said complaint symptom; adverse reaction or

25   injury; and

26   (j)    Please state the name and addresses of any other physicians or practitioners

27   subsequently affirming or making the same determination.

28

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and harassing, as plaintiff's medical records are equally available, and plaintiff's attorneys will provide plaintiff's medical records to defendants' coordinating counsel for medical discovery. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), plaintiff responds:

(a)      June 8, 2023;

(b,c)    Dr. Kaveh N. Rezvan of Paloma Medical Group, 30230 Rancho Viejo Road, Suite 200., San Juan Capistrano, CA 92675;

(d)      Plaintiff objects to this subpart of this interrogatory on the grounds that it calls for speculation and a medical opinion and conclusion which plaintiff is not qualified to give. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:  Plaintiff does not know the method upon which the doctor made such a determination, nor upon what information the interpretation was based. Plaintiff refers defendant to plaintiff's medical records, which are equally available to defendant. All of these documents are in the possession of or equally available to defendants. Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendants, and the documents are equally available, plaintiff refers defendants to C.C.P. § 2030.230;

(e)      See Responses to Interrogatory Nos. 11 and 12. Plaintiff objects to this sub-part on the grounds that it is burdensome as defendants have access to plaintiff's medical records, and plaintiff's attorneys have provided plaintiff's medical records to defendants' coordinating counsel for medical discovery, and the sub-part thus seeks equally available information. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  waiving any objection, plaintiff responds:  Plaintiff refers defendants to plaintiff's medical

2  records. All of these documents are in the possession of or equally available to defendants.

3  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and

4  as the burden or expense of preparing such would be substantially the same for plaintiff as for

5  defendants, and the documents are equally available, plaintiff refers defendants to C.C.P. §

6  2030.230;

7

8          (f)      Plaintiff's son, Andy Sarjeant;

9          (g)      Not applicable;

10         (h)      Plaintiff objects to this sub-part on the grounds that it is burdensome and seeks

11  equally available information because Defendants have or will have access to Plaintiff's medical

12  records, and Plaintiff's attorneys have provided or will provide Plaintiff's medical records to

13  Defendants' coordinating counsel for medical discovery. Based on a reasonable and good faith

14  effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection,

15  Plaintiff responds: Immunotherapy. Plaintiff refers Defendants to Plaintiff's medical records. All

16  of these documents are or will be in the possession of or equally available to Defendants. Plaintiff

17  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

18  burden or expense of preparing such would be substantially the same for Plaintiff as for

19  Defendants, and the documents are equally available, Plaintiff refers Defendants to C.C.P.

20  § 2030.230;

21         (i)      Yes;

22  (j)      See Response to Interrogatory Nos. 11 and 12. Plaintiff objects to this sub-part on the

23  grounds that it is burdensome and seeks equally available information because Defendants have or

24  will have access to Plaintiff's medical records, and Plaintiff's attorneys have provided or will

25  provide Plaintiff's medical records to Defendants' coordinating counsel for medical discovery.

26  Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and

27  without waiving any objection, Plaintiff responds: Plaintiff refers Defendants to Plaintiff's

28

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

medical records. All of these documents are in the possession of or equally available to Defendants. Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for Plaintiff as for Defendants, and the documents are equally available, Plaintiff refers Defendants to C.C.P. § 2030.230.

**INTERROGATORY NO. 19:**

Have any of the said treating physicians informed YOU at any time that YOUR complaints, symptoms, adverse reactions or injuries may have been caused factors, other than exposure to asbestos or asbestos-containing products?  If so, please state:

(a)     The other factors or reasons involved;

(b)     The names, addresses and telephone numbers of the physicians believing or suspecting such other factors or reasons to be involved;

(c)     The dates that said physicians told YOU that they believed or suspected that other factors or reasons might be involved; and

(d)     The reason that said factors or reasons were excluded as possible sources of causes of the symptoms.

**RESPONSE TO INTERROGATORY NO. 19:**

Based on reasonable and good faith effort to obtain information under C.C.P.§2030.220(c), plaintiff responds: No.

**INTERROGATORY NO. 20:**

Please list all respiratory complaints and/or symptoms which YOU have suffered during YOUR lifetime, and list the inclusive dates for each such complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this interrogatory on the grounds that it calls for a medical conclusion which plaintiff is not qualified to give. Plaintiff further objects to this interrogatory on the grounds that it is burdensome as defendants have access to plaintiff's medical records, and plaintiff's attorneys have provided plaintiff's medical records to defendants' coordinating counsel for

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1 | medical discovery, and the interrogatory thus seeks equally available information. Based on a

2 | reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without

3 | waiving any objection, plaintiff responds: Malignant mesothelioma (diagnosed June 2023 –

4 | present)  Plaintiff refers defendants to plaintiff's medical records for any additional information.

5 | All of these documents are in the possession of or equally available to defendants. Plaintiff has

6 | prepared no compilation, abstract, audit, or summary of or from these documents, and as the

7 | burden or expense of preparing such would be substantially the same for plaintiff as for

8 | defendants, and the documents are equally available, plaintiff refers defendants to C.C.P. §

9 | 2030.230.

10 | **INTERROGATORY NO. 21:**

11 | Have YOU ever had any biopsies or tissue samples taken?  If YOUR answer is in the

12 | affirmative, please state for each such procedure:

13 | (a)      The name of the doctor performing such procedure;

14 | (b)      The address where such procedure was performed;

15 | (c)      The date which such procedure was performed; and

16 | (d)      The results, conclusions and/or diagnosis from such procedure.

17 | **RESPONSE TO INTERROGATORY NO. 21:**

18 | Based on a reasonable and good faith effort to obtain information under C.C.P. §

19 | 2030.220(c), plaintiff responds:  Yes.

20 | (a)      Vanessa K Hoang DO;

21 | (b)      Providence Missions Hospital Laboratory, 277000 Medical Center Rd Mission

22 | Viejo CA 92691;

23 | (c)      June 19, 2023; and

24 | (d)      Plaintiff refers defendants to plaintiff's medical records, which plaintiff's attorneys have

25 | produced and/or made equally available through executed authorizations provided to all

26 | defendants through Designated Defense Counsel. Plaintiff has made no summary compilation or

27 | abstract and the burden to do so is equal and therefore Plaintiff refers to 2030.230.

28 |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**INTERROGATORY NO. 22:**

Do YOU know of any pathology slides that were made from any of YOUR tissue samples at any time?  If YOUR answer is in the affirmative, for each set of slides made please state:  (If more than one, please attach list.)

(a)     The name of the hospital;

(b)     The name of the doctor;

(c)     The current location; and

(d)     The date said slides were made.

**RESPONSE TO INTERROGATORY NO. 22:**

Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), plaintiff responds:  Yes.

(a)     Providence Mission Hospital Laboratory, 27700 Medical Center Rd., Mission Viejo, CA 92691;

(b)     Vanessa K. Hoang, DO;

(c)     Providence Mission Hospital Laboratory, 27700 Medical Center Rd., Mission Viejo, CA 92691;

(d)     June 15, 2023.

**INTERROGATORY NO. 23:**

Please IDENTIFY:

(a)     Each doctor who has treated or examined you for asbestos-related disease or who has reviewed any of your medical records, films, tissue samples or anything else concerning your medical condition for the purpose of forming any medical opinion, except for consultants retained by your attorney;

(b)     YOUR medical records, film, tissue samples, documents and other materials relating to YOUR medical condition; and

(c)     Each diagnosis of asbestos-related disease.

**RESPONSE TO INTERROGATORY NO. 23:**

(a)     Plaintiff objects to the sub-part on the grounds that it is burdensome as defendants

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   have access to plaintiff's medical records, and plaintiff's attorneys have provided plaintiff's

2   medical records to designated defense counsel for medical discovery, and the sub-part thus seeks

3   equally available information. Based on a reasonable and good faith effort to obtain information

4   under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:  Plaintiff refers

5   defendants to plaintiff's medical records and plaintiff's Response to Interrogatory No. 11. All of

6   these documents are in the possession of or equally available to defendants. Plaintiff has prepared

7   no compilation, abstract, audit, or summary of or from these documents, and as the burden or

8   expense of preparing such would be substantially the same for plaintiff as for defendants, and as

9   the documents are equally available, plaintiff refers defendants to C.C.P. § 2030.230.

10       (b)    Plaintiff objects to the sub-part on the grounds that it is burdensome as defendants

11   have access to plaintiff's medical records, and plaintiff's attorneys have provided plaintiff's

12   medical records to designated defense counsel for medical discovery, and the sub-part thus seeks

13   equally available information. Based on a reasonable and good faith effort to obtain information

14   under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:  Plaintiff refers

15   defendants to plaintiff's medical records and plaintiff's Responses to Interrogatory Nos. 13 and

16   21-22. All of these documents are in the possession of or equally available to defendants. Plaintiff

17   has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

18   burden or expense of preparing such would be substantially the same for plaintiff as for

19   defendants, and as the documents are equally available, plaintiff refers defendants to C.C.P. §

20   2030.230.

21       (c)    Plaintiff objects to the sub-part on the grounds that it is burdensome as defendants

22   have access to plaintiff's medical records, and plaintiff's attorneys have provided plaintiff's

23   medical records to designated defense counsel for medical discovery, and the sub-part thus seeks

24   equally available information. Based on a reasonable and good faith effort to obtain information

25   under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:  Malignant

26   mesothelioma. Plaintiff also refers defendants to plaintiff's medical records. All of these

27   documents are in the possession of or equally available to defendants. Plaintiff has prepared no

28   compilation, abstract, audit, or summary of or from these documents, and as the burden or expense

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1 of preparing such would be substantially the same for plaintiff as for defendants, and as the

2 documents are equally available, plaintiff refers defendants to C.C.P. § 2030.230.

3 **INTERROGATORY NO. 24:**

4 Have YOU sustained any injury, separate and apart from YOUR injuries or condition

5 giving rise to this lawsuit, since the date YOUR complaint was filed? If "yes" please state:

6 (a) The nature of every such injury;

7 (b) The time, place and location of any such injury;

8 (c) The name and address of any physician treating YOU for any such injury; and

9 (d) Whether YOU contend that YOUR injury or condition giving rise to this lawsuit

10 was aggravated by any such subsequent injury, and if so, the facts upon which YOU base this

11 contention.

12 **RESPONSE TO INTERROGATORY NO. 24:**

13 Objection as overbroad and vague and ambiguous and calls for an expert medical opinion.

14 Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and

15 as the burden or expense of preparing such would be substantially the same for Plaintiff as for

16 Defendants, and as the documents are equally available, Plaintiff refers Defendants to C.C.P.

17 § 2030.230. Subject to and without waiving these objections and subject to a good faith effort to

18 obtain information under C.C.P. § 2030.220(c), Plaintiff is not aware of having sustained any

19 injuries aside from complications as a result of his mesothelioma from asbestos.

20 **INTERROGATORY NO. 25:**

21 Have YOU ever smoked tobacco products of any type?

22 **RESPONSE TO INTERROGATORY NO. 25:**

23 Plaintiff objects that this interrogatory seeks information that is irrelevant and is not

24 reasonably calculated to lead to the discovery of admissible evidence. Based on a reasonable and

25 good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any

26 objection, plaintiff responds: No.

27 **INTERROGATORY NO. 26:**

28 If YOUR response to the above interrogatory is "yes," please state fully and in detail:

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1    (a)    The dates and time periods during which YOU have smoked;

2    (b)    The type of tobacco products YOU smoke, or have smoked.  Please state whether

3 YOU inhaled the smoke or not;

4    (c)    The daily frequency with which YOU smoke or have smoked;

5    (d)    For any time period during which YOU ceased smoking tobacco products; please

6 state YOUR reasons for stopping;

7    (e)    For any time period that YOU commenced smoking tobacco products after a period

8 of having stopped smoking, please state YOUR reasons for beginning again;

9    (f)    If YOU have ever smoked cigarettes, please state the average number of packs per

10 day YOU smoked; and

11    (g)    Please state the commercial brand name(s) of any tobacco products that YOU have

12 used.

13 **RESPONSE TO INTERROGATORY NO. 26:**

14    Not applicable.

15 **INTERROGATORY NO. 27:**

16    Have YOU ever been advised by a physician to stop smoking?  If so, give the date and the

17 name and address of each physician who gave any such advice.  Please state whether YOU

18 followed such advice; if so, for how long did YOU follow such advice?  If YOU did not follow

19 such advice, state why YOU did not do so.

20 **RESPONSE TO INTERROGATORY NO. 27:**

21    Not applicable.

22 **INTERROGATORY NO. 28:**

23    Describe the extent to which YOU drank alcoholic beverages during YOUR lifetime,

24 specifying the particular kind of alcoholic beverages and the quantity consumed per week.

25 **RESPONSE TO INTERROGATORY NO. 28:**

26    Plaintiff objects to this interrogatory on the grounds that it is an invasion of privacy,

27 irrelevant, vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of

28 admissible evidence. Plaintiff further objects that the request is grossly overbroad. Plaintiff objects

that this interrogatory seeks information that is irrelevant in that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence, is overly broad, and is an invasion of privacy. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, Plaintiff responds: Plaintiff may have occasionally drank alcoholic beverages.

**INTERROGATORY NO. 29:**

For every type of employment that YOU have ever had, whether self-employed or employed by others, please complete the following:

> Employers' Name and Address
> Job Title(s)
> Date Started/Date Ended (Month, Date and Year)
> Description of Job Duties:
> Do YOU claim exposure to asbestos at this employment?  Yes, No

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects that this information is equally available through signed authorizations for Plaintiff's social security records, which Plaintiff has requested but has not yet received. Plaintiff has prepared no compilation or abstract of his work history and refers to 2030.230.  Subject to these objections and without waiving and based on a reasonable and good faith effort to obtain information under C.C.P. §2030.220(c), Plaintiff responds as follows: Plaintiff refers to his social security records attached hereto, and plaintiffs investigation and discovery is still underway and Plaintiff will amend these responses with further information.

**INTERROGATORY NO. 30:**

For each employment in which you claim YOU were exposed to asbestos, please list:

(a)     The date of YOUR claimed exposure to asbestos;

(b)     The manner and duration of exposure;

(c)     Whether YOUR duties included the installation of asbestos-containing materials;

(d)     Whether YOUR duties included the tearing out or removal of asbestos-containing materials;

(e)     The type of asbestos-containing materials to which YOU were exposed;

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

(f)     The location of each job site, including the name of each plant, state and city where located, along with the beginning and ending date of each job;

(g)     If YOU have at any time worked in a shipyard, please IDENTIFY the names of all ships upon which YOU worked;

(h)     For each such job identified in response to subparts (f) and/or (g), please state the name and last known address of YOUR immediate supervisor or job superintendent on such job;

(i)     For each such job identified in response to subparts (f) and/or (g), please state:

(1)     The names and last known addresses of all persons with whom YOU worked regularly on such job;

(2)     The job site where YOU worked with each person;

(3)     The inclusive dates during which YOU worked with each person.

(j)     Any other persons YOU are aware of that have any information regarding the supply, use or distribution of products containing asbestos to which YOU may have been exposed. For each such person, please state:

(1)     The person's name;

(2)     The person's place of employment;

(3)     The inclusive dates of said employment; and

(4)     The current address and phone number of the person.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects that this interrogatory is grossly overbroad and compound, may prematurely seek expert opinion, is not reasonably calculated to lead to the discovery of admissible evidence, may seek to invade attorney work product and or the attorney client privilege, and is therefore harassing.  Plaintiff further objects to the extent this interrogatory seeks protected attorney work product such as the identification of or opinions of consultant expert witnesses, the premature disclosure of trial witnesses, or the anticipated testimony of witnesses. C.C.P. § 2018.030; City of Long Beach v. Sup. Ct. (1976) 64 Cal.App.3d 65, 80-81. Plaintiff object that this interrogatory is overly broad and compound.  Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   objection, plaintiff responds that Plaintiff alleges exposure to asbestos because of his work with

2   and around asbestos containing products including home remodel in California between the 1960s

3   and the 1990s to products like joint compound, drywall texture, ceiling texture, drywall, and

4   caulking, and that Plaintiff worked at the Todd Shipyard in the 1950s and 1960s around ship parts

5   that contained asbestos, and that during the 1960s and it is believed into the 1970s Plaintiff

6   worked in Long Beach on the *Queen Mary* as it was being converted to a tourist attraction and

7   hotel and was around demolition and removal of ship parts that contained asbestos, as well as

8   around the men of other contractors on the job who were disturbing ship parts that contained

9   asbestos. Investigation and discovery is ongoing and Plaintiff reserves the right to amend these

10  responses if additional information is sought or discovered.

11  **INTERROGATORY NO. 31:**

12      Were YOU ever exposed to asbestos products outside of YOUR work environment?  If so,

13  please state:

14      (a)   Date and place of such exposure;

15      (b)   The circumstances surrounding each exposure; and

16      (c)   The manner and duration of exposure.

17  **RESPONSE TO INTERROGATORY NO. 31:**

18      Based on a reasonable and good faith effort to obtain information under C.C.P. §

19  2030.220(c), and without waiving any objection, yes.  For a comprehensive response Plaintiff

20  refers to and incorporates his objections and response to Interrogatory Nos. 29 and 30 above.

21  **INTERROGATORY NO. 32:**

22      For <u>each</u> type of asbestos material and/or asbestos-containing product for which YOU

23  claim exposure, please state:

24      (a)   The employer, job site and dates where contact with each such asbestos material or

25  product occurred;

26      (b)   The name of the manufacturer of that asbestos material or product;

27      (c)   The trade name of that material or product;

28      (d)   Any name used by yourself or other workers in referring to that material or product,

such as nickname or slang term of that material or product;

(e)    A description of the box or container or wrapping that contained that product, including size, color and all writing on that box, including size and color or writing; and

(f)    A description of any labels, tags or warnings on the box, container or wrapping advising of possible health hazards or advising of methods of use or precautions to be taken.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects on the grounds and to the extent that this interrogatory seeks information protected by attorney-client privilege and/or the attorney work-product doctrine, seeks premature expert opinion, and defendants named in this case are in a better position to know the descriptions of their products, and further objects as overbroad and burdensome.  Plaintiff objects that this interrogatory is oppressive and burdensome as defendant is in a better position than plaintiff concerning the appearance of packaging of its products, and thus the information is equally and more readily available to defendant than to plaintiff. [Code Civ. Proc. § 2030.220(c); *Bunnell v. Sup. Ct.* (1967) 254 Cal.App.2d 720, 723.] Without waiving and based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds Plaintiff refers defendants to plaintiff's Response to Interrogatories No. 29-31 above.

**INTERROGATORY NO. 33:**

At any location where YOU claim exposure to asbestos, were any cartons, containers or wrappings bearing the name, the trade name or any other identification of any of the defendants in this lawsuit?  If so, please state separately for each defendant:

(a)    Each location, the inclusive dates and the frequency that these cartons, containers or wrappings were present;

(b)    The identity of each person who can testify that such cartons, containers or wrappings were present;

(c)    The identity of each document that indicates that such cartons, containers or wrappings were present;

(d)    All evidence known to YOU that these cartons, containers or wrappings contained

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  asbestos material and/or asbestos-containing products; and

2      (e)    The type of asbestos material and/or asbestos-containing products which were

3  contained in each carton, container or wrapping.

4  **RESPONSE TO INTERROGATORY NO. 33:**

5      Based on a reasonable and good faith effort to obtain information under C.C.P. §

6  2030.220(c), plaintiff further responds:  Yes.

7      (a)    Plaintiff refers defendants to his Response to Interrogatories Nos. 29-32 above;

8      (b)    Plaintiff objects to this sub-part of the interrogatory on the grounds that is calls for

9  speculation;

10      (c)    Plaintiff objects to the extent that this sub-part is vague and ambiguous as to

11  "wrapping".  Based on a reasonable and good faith effort to obtain information under C.C.P. §

12  2030.220(c), and without waiving any objection, plaintiff responds:  Plaintiff has no such

13  documents at this time. Plaintiff refers defendant refers defendants to documents in the possession

14  of defendants, contractors and subcontractors at plaintiff's worksites and plaintiff's employers;

15      (d)    Plaintiff objects to this interrogatory to the extent that it calls for privileged

16  information that is the work product of plaintiff's attorneys or otherwise prematurely seeks

17  disclosure of expert information, and is grossly over broad, burdensome and oppressive. Based on

18  a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without

19  waiving any objection, plaintiff responds: Plaintiff refers defendants to their own records of

20  testing of defendants' source asbestos and talcs, and to testing results of defendants' own

21  consultants, which document the presence of asbestos.  Plaintiff further refers to plaintiff's

22  Response to Interrogatory Nos 29-32; and

23      (e)    Plaintiff object to the extent that this sub-part is vague and ambiguous as to

24  "wrapping." Based on a reasonable and good faith effort to obtain information under C.C.P. §

25  2030.220(c), and without waiving any objection, plaintiff refers to defendants and products at

26  issue in this lawsuit.

27  **INTERROGATORY NO. 34:**

28      If YOU have ever been exposed to asbestos products manufactured by companies not

named as defendants in this lawsuit, please state:

    (a)    The identity of the manufacturer of said product;

    (b)    The date and place of each such exposure;

    (c)    The circumstances surrounding each such exposure (i.e., whether YOU were working with the product or merely near an area where it was being used);

    (d)    The nature of the product; and

    (e)    As to any such exposure in a work situation, the identity of YOUR employer, as well as the address of the particular job site at which YOU were so exposed.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory to the extent that it calls for privileged information that is the work product of plaintiff's attorneys or otherwise requires such disclosure of information that would constitute a violation of various section 362(a) stay orders of the Federal Bankruptcy Courts, and is burdensome and oppressive. Plaintiff also objects that this interrogatory calls for expert scientific opinion. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff refers to his interrogatory responses provided above.

**INTERROGATORY NO. 35:**

To the best of the plaintiff's own knowledge or recollection, what percentage of YOUR total alleged contact or exposure to asbestos or materials containing asbestos do YOU attribute to each individual or entity which YOU claim was a manufacturer or supplier of asbestos or materials containing asbestos?

    (a)  Please indicate the manner and factors relied upon in making each such percentage calculation;

    (b)  Please state the identity, capacities and job titles of all individuals assisting YOU or otherwise involved in calculating the above percentages,

    (c)  Please IDENTIFY all DOCUMENTS, WRITINGS or other records, if any relied upon calculating the percentages referred to above and further, state the present location and the identity of the present custodian of each such document or writing;

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

(d)  If YOU are unable to attribute such percentages, please state all efforts YOU have made to ascertain such percentages.

**RESPONSE TO INTERROGATORY NO. 35:**

Plaintiff objects to this interrogatory to the extent it violates the attorney-client privilege, attorney work-product doctrine, and calls for speculation.  Plaintiff further objects that the interrogatory is irrelevant in that it seeks information which is not calculated to lead to the discovery of admissible evidence as mathematical rationing is unrelated to scientific disease causation. Plaintiff also objects to this interrogatory on the grounds that it seeks information in the possession of plaintiff's retained consultants who may later be disclosed as expert witnesses under C.C.P. §2034.010 *et seq.*  Plaintiff further objects that the question of attribution of fault is up to the jury and Plaintiff will not speculate as such.

**INTERROGATORY NO. 36:**

For each person that YOU worked with during any time in which YOU claim exposure to asbestos please state:

(a)  That person's name;

(b)  That person's place of employment where said asbestos exposure occurred;

(c)  The inclusive dates during which YOU worked with that person;

(d)  The current address of that person; and

(e)  The current telephone number of that person.

**RESPONSE TO INTERROGATORY NO. 36:**

Plaintiff objects on the grounds and to the extent that this interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine , and is overbroad and not reasonably calculated as Plaintiff cannot possibly know all his coworkers. Subject to and without waiving these objections, and  based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), Plaintiff refers to and incorporates his Response to Interrogatory No. 29, 30  and 31.

**INTERROGATORY NO. 37:**

Please IDENTIFY those individuals who worked at any location where YOU may have

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   been exposed to asbestos, whether or not their employment coincided with yours, and list:

2       (a)  The person's place of employment where the asbestos exposure allegedly occurred;

3       (b)  The inclusive dates of that person's employment;

4       (c)  The current address of that person; and

5       (d)  The current telephone number of that person.

6   **RESPONSE TO INTERROGATORY NO. 37:**

7       Plaintiff objects to the extent that the inclusion of the phrase "whether or not their

8   employment coincided with yours" renders this interrogatory grossly overbroad, burdensome and

9   oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the

10  discovery of admissible evidence. Plaintiff objects on the grounds and to the extent that this

11  interrogatory seeks information protected by the attorney-client privilege and/or the attorney

12  work-product doctrine.  Subject to and without waiving these objections, and  based on a

13  reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), Plaintiff refers

14  to and incorporates his objections and response to Interrogatory No. 36

15  **INTERROGATORY NO. 38:**

16      For any person that YOU are aware of that has any information whatsoever regarding the

17  supply, use or distribution of products containing asbestos to which YOU may have been exposed;

18  please state:

19      (a)  That person's name;

20      (b)  That person's place of employment;

21      (c)  The dates of said employment;

22      (d)  The address of said person; and

23      (e)  The telephone number.

24  **RESPONSE TO INTERROGATORY NO. 38:**

25      Plaintiff objects on the grounds and to the extent that this interrogatory seeks information

26  protected by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to

27  and without waiving these objections, and  based on a reasonable and good faith effort to obtain

28  information under C.C.P. § 2030.220(c), Plaintiff incorporates Plaintiff's objections and response

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  to Interrogatory No. 36.

2  **INTERROGATORY NO. 39:**

3       Please IDENTIFY by date, purchaser, seller and product each and every invoice, bill or

4  statement in YOUR possession, custody or control, including any in YOUR attorneys' possession

5  or control, which YOU contend demonstrate the sale of asbestos-containing products to any

6  location at which YOU were employed.

7  **RESPONSE TO INTERROGATORY NO. 39:**

8       Plaintiff objects to the extent that this Interrogatory seeks information protected by the

9  attorney work-product doctrine and prematurely seeks expert opinion. Based on a reasonable and

10  good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any

11  objection, plaintiff responds that Plaintiff to date has not located any responsive invoice, bill or

12  statement in his possession.

13  **INTERROGATORY NO. 40:**

14       Did YOU at any time receive, have knowledge or possess any advice, publication,

15  warning, order, directive, requirement or recommendation, whether oral or written, which

16  purported to advise or warn YOU of the possible harmful effects of exposure to, or inhalation of,

17  asbestos or asbestos-containing products?   If so, please state:

18       (a)     The nature and exact wording of such advice, warning, recommendation, etc.;

19       (b)     The complete identity of each source of such advice, warning; recommendation,

20  etc.;

21       (c)     The date; time, place, manner and circumstances when each such advice, warning,

22  recommendation, etc., was given; and

23       (d)     The name, address, telephone number and job title of each and every witness to the

24  reception of such advice, warning, recommendation, etc.

25  **RESPONSE TO INTERROGATORY NO. 40:**

26       laintiff objects to the extent that this Interrogatory seeks information protected by the

27  attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects that this

28  request is overbroad, vague, and ambiguous and burdensome in that it asks the "exact wording" of

information Plaintiff may have received decades past.  Plaintiff objects to this interrogatory on the grounds that it is compound. Without waiving these objections, and based on reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), plaintiff does not presently recall receiving any such responsive warnings.

**INTERROGATORY NO. 41:**

Did anyone ever suggest or recommend that YOU should use any device to reduce YOUR possible exposure to, or inhalation of, asbestos dust or fibers?  If YOUR answer is in the affirmative, please state for each and every such person:

(a)      The name, address and telephone number of such person;

(b)      The date, time and place when such suggestion or recommendation was made;

(c)      The name, address and telephone number of each person present when such suggestion or recommendation was made to or received by YOU;

(d)      The exact wording and content of such suggestion or recommendation;

(e)      Whether such suggestion or recommendation was written or oral; and

(1)      If written, please IDENTIFY in detail each such writing; and

(2)      If oral, please set forth all persons involved and the details as to the manner in which such suggestion or recommendation was presented.

(f)      The type, make and model of each device referred to in each suggestion or recommendation;

(g)      The nature of any action, if any taken by YOU in response to such suggestion or recommendation; and

(h)      Describe in detail YOUR reasons for any response to such suggestion or recommendation, short or complete conformance thereto.

**RESPONSE TO INTERROGATORY NO. 41:**

Plaintiff objects to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects that this request is overbroad, vague, and ambiguous and burdensome in that it asks the "exact wording" of

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**Kazan, McClain, Satterley & Greenwood**

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  information Plaintiff may have received decades past.  Based on a reasonable and good faith effort

2  to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objections,

3  plaintiff responds:  Plaintiff does not presently recall such recommendations.

4  **INTERROGATORY NO. 42:**

5        Have YOU ever seen any warning labels on packages or containers of asbestos products?

6  If so, please state:  The type of product; the name of the manufacturer; where YOU saw the labels;

7  on what occasions; and the nature of the warnings

8  **RESPONSE TO INTERROGATORY NO. 42:**

9        Plaintiff objects to the extent that this Interrogatory seeks information protected by the

10  attorney-client privilege and/or the attorney work-product doctrine. Based on a reasonable and

11  good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without

12  waiving any objections, plaintiff does not recall seeing any warning labels.

13  **INTERROGATORY NO. 43:**

14        Please state whether any of YOUR employers have either required or make available

15  physical examination for their employees.  If such physical examinations have either been required

16  or made available to YOU, please state:

17        (a)      The nature and extent of examinations;

18        (b)      The frequency of examinations;

19        (c)      Whether they were required or optional;

20        (d)      Whether X-ray examination was included;

21        (e)      The frequency, including specific dates and times with which YOU submitted to

22  such examinations;

23        (f)      Whether YOU received the results of any such examinations; the date that they

24  were given to YOU, and the nature of the results;

25        (g)      The name, address and telephone number of the examining physician, nurse or

26  technician; and

27        (h)      YOUR detailed reasons for failing to submit to such examination when required or

28  made available, if YOU did so fail to submit.

**RESPONSE TO INTERROGATORY NO. 43:**

Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c): Not to plaintiff's recollection.

**INTERROGATORY NO. 44:**

Are YOU or have YOU been a member of any labor union, including, but not limited, the Heat, Frost, Insulation and Asbestos Workers Union?  If YOUR answer is "yes," please state for each such union membership:

(a)     The name, address and telephone number of each such international union and its number, along with the local number of each union;

(b)     The date and time periods during which YOU maintained membership in such union; and

(c)     The offices YOU have held or committees on which YOU have served, including places and dates when such offices were held and such committees served; and

(d)     Any health or safety work-related factors that influenced YOUR decision to withdraw from any union.

**RESPONSE TO INTERROGATORY NO. 44:**

Plaintiff objects as overbroad and not reasonably calculated and compound and without waiving these objections counsel responds that Plaintiff may have been in a union and investigation and discovery is ongoing and plaintiff is amenable to amending these responses if further information is sought.

**INTERROGATORY NO. 45:**

Did YOU ever receive any issue of "The Asbestos Worker"?  If so, please IDENTIFY:

(a)     The manner of receipt, i.e., subscription, provided by union or employer, purchased, etc.;

(b)     Frequency of receipt, i.e., regularly, occasionally, rarely, etc.;

(c)     Every person or entity which provided this publication to YOU;

(d)     The pertinent time periods during which YOU received said publication;

(e)     The publication date, issue and volume number of each issue received by YOU in

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   any fashion; and

2        (f)     Whether YOU read the publication.

3   **RESPONSE TO INTERROGATORY NO. 45:**

4        Based on a reasonable and good faith effort to obtain information under C.C.P. §

5   2030.220(c), No.

6   **INTERROGATORY NO. 46:**

7        Other than "The Asbestos Worker," did YOU ever receive any newspapers, newsletters, or

8   other publications from any labor union of which YOU were a member?   If so, please state:

9        (a)     The name and type of publication received;

10       (b)     The frequency with which YOU received such publication;

11       (c)     Whether YOU read such publication; and

12       (d)     If such publications ever discussed asbestos, the nature of said discussion, and the

13   date or dates thereof.

14   **RESPONSE TO INTERROGATORY NO. 46:**

15       Based on a reasonable and good faith effort to obtain information under C.C.P. §

16   2030.220(c), Plaintiff does not presently recall.

17   **INTERROGATORY NO. 47:**

18       Have YOU ever attended any international or local union meetings, seminars, conferences

19   or conventions which discussed (in whole or in part) occupational exposure to asbestos?   If so,

20   please IDENTIFY:

21       (a)     The date and place;

22       (b)     YOUR reason and/or official capacity for attending;

23       (c)     The information presented concerning asbestos;

24       (d)     Each speaker on the said topic; and

25       (e)     Any other persons with whom YOU discussed the information presented.

26   **RESPONSE TO INTERROGATORY NO. 47:**

27       Objection overbroad and not reasonably calculated.  Based on a reasonable and good faith

28   effort to obtain responsive information under C.C.P. § 2030.220(c), plaintiff responds:  Not to

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

plaintiff's recollection.

**INTERROGATORY NO. 48:**

Are YOU presently employed?  If so, please state:

(a)      The name and address of YOUR present employer;

(b)      The name and address of YOUR immediate superior, boss, or foreman;

(c)      YOUR job title;

(d)      The nature of work YOU do;

(e)      The date YOUR employment began;

(f)      YOUR starting position if different from YOUR current position; and

(g)      YOUR present rate of pay.

**RESPONSE TO INTERROGATORY NO. 48:**

Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), No.

**INTERROGATORY NO. 49:**

If YOUR answer to Interrogatory No. 48 is "no," please state the last date worked and the reason that YOU are not currently employed.  Are YOU receiving any form of disability pension? If so, please state:

(a)      From whom;

(b)      The amounts received each month; and

(c)      The anticipated duration of the disability pension.

**RESPONSE TO INTERROGATORY NO. 49:**

Plaintiff objects to this interrogatory on the grounds and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and violates the collateral source rule. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, Plaintiff responds: Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous as to the term "disability pension" and is irrelevant to the subject matter of this lawsuit and not reasonably calculated to lead to the

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   discovery of admissible evidence and violates the collateral source rule. Based on a reasonable and

2   good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without

3   waiving any objection, Plaintiff responds: Plaintiff retired in 1997.

4   **INTERROGATORY NO. 50:**

5       State fully and in detail your annual earnings for the past ten years:

6       Year            Amount $

7   **RESPONSE TO INTERROGATORY NO. 50:**

8       Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome, and

9   irrelevant beyond the last five years, and not reasonably calculated to lead to the discovery of

10  admissible evidence. Plaintiff objects that "earnings" is vague and ambiguous.  Based on a

11  reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c),

12  without waiving any objections, and assuming "earnings" refers to wages and/or salary earned

13  through employment, it is alleges that Plaintiff receives social security income and retirement

14  benefits or pension from his time as a fireman, and Plaintiffs will amend these responses if further

15  information is sought.

16  **INTERROGATORY NO. 51:**

17      State the total hospital expenses, if any, that YOU have incurred to date as a result of the

18  injuries, complaints, etc., which YOU attribute to YOUR alleged exposure to asbestos.  Please

19  itemize each charge, if more than one hospital is involved.

20  **RESPONSE TO INTERROGATORY NO. 51:**

21      Plaintiff objects that this interrogatory seeks information that is equally available to

22  defendants through plaintiff's medical records provided to coordinating medical defense counsel

23  by Plaintiff's counsel and obtained by coordinating medical defense counsel pursuant to

24  authorization and/or subpoena.  Without waiving any objection, plaintiff refers defendant to

25  plaintiff's medical records and bills, which are equally available to defendants. Plaintiff's medical

26  treatment and medical bills are ongoing.  All of these documents are in the possession of or

27  equally available to defendants. Plaintiff has prepared no compilation, abstract, audit, or summary

28

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  of or from these documents, and as the burden or expense of preparing such would be substantially

2  the same for plaintiff as for defendants, and the documents are equally available, plaintiff refers

3  defendants to C.C.P. § 2030.230.

4  **INTERROGATORY NO. 52:**

5      State the total medical expenses (other than hospitalization) which YOU have incurred, or

6  which has been incurred on YOUR behalf, to date as a result of the injuries, complaints, etc.,

7  which YOU attribute to YOUR alleged exposure to asbestos, itemizing each such charge.

8  **RESPONSE TO INTERROGATORY NO. 52:**

9      Plaintiff objects that this interrogatory seeks information that is equally available to

10  defendants through plaintiff's medical records provided to Designated Defense Counsel by

11  plaintiff's counsel and obtained by Designated Defense Counsel pursuant to authorization and/or

12  subpoena. Based on a reasonable and good faith effort to obtain responsive information under

13  C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Plaintiff refers

14  defendants to plaintiff's medical records and bills, which are equally available to defendants. All

15  of these documents are in the possession of or equally available to defendants. Plaintiff has

16  prepared no compilation, abstract, audit, or summary of or from these documents, and as the

17  burden or expense of preparing such would be substantially the same for plaintiff as for

18  defendants, and the documents are equally available, plaintiff refers defendants to C.C.P. §

19  2030.230.

20  **INTERROGATORY NO. 53:**

21      Has any insurance company, union or any other person, firm or corporation paid for or

22  reimbursed YOU for, or become obligated to pay for, any medical or hospital expenses incurred

23  by the alleged exposure to asbestos?  If so, please list such expenses, itemizing  dates incurred, the

24  nature of such expenses and the name and address of the insurance company, union, person, firm

25  or corporation who or which has paid, or is obligated to pay for, the payment of, or reimbursement

26  for, said expenses.

27  **RESPONSE TO INTERROGATORY NO. 53:**

28      Plaintiff objects that this interrogatory seeks information that is equally available to

1  defendants through plaintiff's medical records provided to Designated Defense Counsel by

2  plaintiff's counsel and obtained by Designated Defense Counsel pursuant to authorization and/or

3  subpoena. Plaintiff objects to this interrogatory on the grounds that it violates the collateral source

4  rule, is an invasion of privacy, and is irrelevant to the subject matter of this lawsuit and is not

5  reasonably calculated to lead to the discovery of admissible evidence. *Helfend v. Southern Cal.*

6  *Rapid Transit District* (1970) 2 Cal.3d 1; *Arambula v. Wells* (1999) 72 Cal.App.4th 1006. Based

7  on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c),

8  and without waiving any objection, plaintiff responds:  Plaintiff refers defendants to plaintiff's

9  medical records and bills, which are equally available to defendants. All of these documents are in

10  the possession of or equally available to defendants. Plaintiff has prepared no compilation,

11  abstract, audit, or summary of or from these documents, and as the burden or expense of preparing

12  such would be substantially the same for plaintiff as for defendants, and the documents are equally

13  available, plaintiff refers defendants to C.C.P. § 2030.230.

14  **INTERROGATORY NO. 54:**

15       As a result of YOUR alleged exposure to asbestos, have YOU lost, or do YOU claim of,

16  any wages or earnings?  If so, please state:

17       (a)     How much time was lost from work or employment, listing the dates involved and

18  the name and address of the employer;

19       (b)     The gross amount of salary or earnings which YOU received each payday, stating

20  the intervals of such paydays (e.g., weekly, bi-monthly, monthly);

21       (c)     State the gross amount of salary or earnings actually lost due to the exposure;

22       (d)     Of the total sum stated in response to subpart (c) of this interrogatory, state YOUR

23  net take-home pay after deduction of taxes and all other authorized deductions;

24       (e)     If self-employed, state the total time lost from business, listing the dates involved

25  and the gross financial loss to YOU, stating the nature of such loss and how incurred; and

26       (f)     Of the sum stated in YOUR response to subpart 9(e) of this interrogatory, state

27  YOUR net loss after deduction of taxes.

28

**Kazan, McClain, Satterley & Greenwood**

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**RESPONSE TO INTERROGATORY NO. 54:**

Based on reasonable and good faith effort to obtain responsive information under C.C.P. §2030.220(c), plaintiff responds: Not applicable.  Plaintiff retired in 1997.

**INTERROGATORY NO. 55:**

Have YOU incurred any expense or financial loss, including property damage, other than as listed above, which YOU attribute in any degree to YOUR asbestos products?  If so, please state such financial losses, expenses and property damage, giving the dates incurred and the amounts involved and the nature of each such expense or loss.

**RESPONSE TO INTERROGATORY NO. 55:**

Plaintiff objects to this interrogatory on the grounds that it seeks premature discovery of expert information (C.C.P. § 2034.010 et seq.) and an expert opinion from a lay witness (Evid. Code § 800).  Plaintiff further objects to the extent the answer to this interrogatory necessitates the preparation of a compilation, abstract, audit or summary from plaintiff's medical records and bills, which plaintiff's attorneys will provide to defendants' coordinating counsel and/or make equally available through executed authorizations, and the burden of preparing it is substantially the same for propounding party (C.C.P. § 2030.230).  Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Plaintiff  has incurred and will incur financial loss as a result of his exposure to asbestos and asbestos-containing products, including, but not limited to, loss of Social Security benefits, loss of pension, loss of household services, and costs of hospital care and medical treatment and monitoring, and non-economic damages. Plaintiff's economic losses are still being determined and will be presented at the appropriate time by Plaintiff's designated expert witnesses.

**INTERROGATORY NO. 56:**

Has any insurance company, union or other person, firm or corporation paid for, or reimbursed YOU for, or become obligated to pay for, or reimburse, YOU or anyone on YOUR behalf for any sums of money (excluding medical or hospital expenses) to provide any of the following:  disability or other benefits, loss of earnings, property damage or any other item resulting from the alleged exposure to asbestos?

**RESPONSE TO INTERROGATORY NO. 56:**

Plaintiff objects on the grounds and to the extent that this interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it violates the collateral source rule, is an invasion of plaintiff's rights of privacy, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this interrogatory violates Plaintiff's financial and medical privacy.  Without waiving any objection, plaintiff refers defendants to plaintiff's medical records and bills, which are equally available to defendant. All of these documents are in the possession of or equally available to defendants. Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendants, and the documents are equally available, plaintiff refers defendants to C.C.P. § 2030.230.

**INTERROGATORY NO. 57:**

If YOUR answer to the preceding interrogatory is "yes," please state:

(a)    The sum or sums of money expended, itemizing the dates incurred;

(b)    The nature of the obligation giving rise to the payment or reimbursement; and

(c)    The name and address of the insurance company, union or other person, firm or corporation who or which has paid for, or is obligated for, payment of or reimbursement for such sums of money.

Please .attach copies of the documentation of this information to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 57:**

Plaintiff objects on the grounds and to the extent that this interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this interrogatory on the grounds that it violates the collateral source rule, is an invasion of plaintiff's rights of privacy, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, plaintiff responds:  Plaintiff refers defendant to plaintiff's medical records and bills, which are equally available to defendant. All of these documents are in the possession of or equally available to defendants. Plaintiff has prepared no

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  compilation, abstract, audit, or summary of or from these documents, and as the burden or expense

2  of preparing such would be substantially the same for plaintiff as for defendants, and the

3  documents are equally available, plaintiff refers defendants to C.C.P. § 2030.230.

4  **INTERROGATORY NO. 58:**

5          Have YOU at any time made a claim for, or received, any health or accident insurance

6  benefits, Workers Compensation payments, disability benefits, pension, accident compensation

7  payments or veteran's disability compensation.  (This interrogatory is limited to <u>any</u> asbestos-

8  related claim, or any non-asbestos-related claim in which the claims made or monies received for

9  such claims is or was <u>in excess of $500.00</u> and/or disability/accident claims involving more than

10  four (4) weeks off work.)  If so, please state:  (If more than one, please attach a list.)

11          (a)      The illness, injury or injuries for which YOU made the claim;

12          (b)      The date when such injury or injuries were sustained; the place of occurrence and

13  the nature of the accident or incident causing such injury;

14          (c)      The names and addresses of YOUR employer(s) at the time of each injury or

15  illness;

16          (d)      The names and addresses of the examining doctors for each injury or illness;

17          (e)      The name of the board, tribunal or superior officer before which or to whom the

18  claim or claims were made or filed;

19          (f)      The date the claim was made or filed;

20          (g)      The claim, file or other number by which YOUR claim was identified;

21          (h)      The present status of such claims (pending settlement, dismissal, etc.);

22          (i)      The amounts of the benefits, awards or payments;

23          (j)      The  dates covering the times during which YOU received the benefits, awards or

24  payments; and

25          (k)      The identity of the agencies or insurance companies from whom YOU received the

26  awards, benefits or payments.

27  **RESPONSE TO INTERROGATORY NO. 58:**

28          Plaintiff objects that this interrogatory seeks information that is equally available to

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1    defendants through plaintiff's medical records provided to Designated Defense Counsel by

2    plaintiff's counsel and obtained by Designated Defense Counsel pursuant to authorization and/or

3    subpoena. Plaintiff objects to this interrogatory on the grounds that it is overly broad, violates the

4    collateral source rule, is an invasion of privacy, and is irrelevant to the subject matter of this

5    lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. *Helfend*

6    *v. Southern Cal. Rapid Transit District* (1970) 2 Cal.3d 1; *Arambula v. Wells* (1999) 72

7    Cal.App.4th 1006. Based on a reasonable and good faith effort to obtain responsive information

8    under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:  Plaintiff has

9    not made a claim for or received any accident insurance benefits, workers' compensation

10   payments, disability benefits, pension benefits or veteran's disability compensation for any

11   asbestos-related claim. Concerning health insurance benefits, plaintiff refers defendants to

12   plaintiff's medical records and bills, which are equally available to defendants. All of these

13   documents are in the possession of or equally available to defendants. Plaintiff has prepared no

14   compilation, abstract, audit, or summary of or from these documents, and as the burden or expense

15   of preparing such would be substantially the same for plaintiff as for defendants, and the

16   documents are equally available, plaintiff refers defendants to C.C.P. § 2030.230.

17   **INTERROGATORY NO. 59:**

18         If YOU ever had an application for life, health, accident, medical, hospital or disability

19   insurance rejected, please state:

20         (a)      The date of application(s);

21         (b)      The date of rejection(s);

22         (c)      The type of insurance for which YOU applied;

23         (d)      The identity of the insurance company with which each application was filed; and

24         (e)      The reason for the rejection(s).

25   **RESPONSE TO INTERROGATORY NO. 59:**

26         Plaintiff objects to this interrogatory on the grounds that is an invasion of privacy, is over

27   broad, and is irrelevant to the subject matter of this lawsuit, and is not reasonably calculated to

28   lead to the discovery of admissible evidence. Based on a reasonable and good faith effort to obtain

1  responsive information under C.C.P. § 2030.220(c), and without waiving any objection, Plaintiff

2  does not presently recall ever having an application for life, health, accident, medical, hospital, or

3  disability insurance rejected.

4  **INTERROGATORY NO. 60:**

5      If YOU have ever been a party to an action for damages for any personal injury YOU

6  suffered, please state:

7      (a)    The identity of all parties to the action(s) and their attorneys;

8      (b)    The court and place where each such action was filed and the date(s) of the filing;

9      (c) The nature and extent of the injuries claimed whether any permanent disability

10  remains; and

11      (d)    The present status of each action, and if concluded, the final result thereof,

12  including the amount of any settlement or judgment.

13  **RESPONSE TO INTERROGATORY NO. 60:**

14      Plaintiff objects to this interrogatory on the grounds and to the extent that it is overbroad,

15  burdensome and oppressive, an invasion of privacy, and irrelevant and not reasonably calculated

16  to lead to the discovery of admissible evidence. Based on a reasonable and good faith effort to

17  obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection,

18  plaintiffs counsel is not aware that plaintiff was ever a party to another personal injury action.

19  **INTERROGATORY NO. 61:**

20      Have YOU ever made claim for personal injury other than against this defendant, or other

21  defendants named in this lawsuit, for the same injuries which YOU now claim are related to

22  YOUR alleged exposure to asbestos?  If so, please state:

23      (a)    The nature of such injury or injuries;

24      (b)    The date when such injury or injuries were sustained in each instance, the place of

25  occurrence and the nature of the incident or accident causing this injury;

26      (c)    The names and addresses of all persons and companies to whom said claims were

27  made; and

28      (d)    The present status of such claims (pending settlement, dismissal, etc.)

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**RESPONSE TO INTERROGATORY NO. 61:**

Objection overbroad. Based on a reasonable and good faith effort to obtain information under C.C.P. § 2030.220(c), plaintiff responds: No.

**INTERROGATORY NO. 62:**

Have YOU received any payment or reimbursements, or have any payments been made on YOUR behalf, from any source as a result of YOUR alleged exposure to asbestos, including settlements with either a party or potential defendant? If so, for each payment, please state:

(a)     The name of the party making such payment;

(b)     The total amount of said payment;

(c)     The year of payment.

**RESPONSE TO INTERROGATORY NO. 62:**

Plaintiff objects to the extent that this interrogatory seeks information that is not relevant to the subject matter of this lawsuit and is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. It is therefore not discoverable under C.C.P. § 2017 and Evidence Code § 1152. Settlements are discoverable only after verdict for purposes of set off, or from settling defendants in a C.C.P. § 877.5 good faith determination hearing. Any such disclosure will violate plaintiff's and settling defendants' privacy rights. Plaintiff's confidential settlements with companies unrelated to defendant are protected from disclosure by the settling companies' and plaintiff's "inalienable" and constitutional right of privacy. *Hinshaw, Winkler, et al. v. Sup. Ct.* (1996) 51 Cal.App.4th 233, 241, and authorities cited therein. A "confidential" or "private settlement agreement is entitled to at least as much privacy protection as a bank account or tax information," which are also encompassed within the constitutional right of privacy. [*Id.* at 241, 239.] See, *Greathouse v. Amcord* (1995) 35 Cal.App.4th 831; *Helfend v. Southern Cal. Rapid Transit District* (1970) 2 Cal.3d 1. Plaintiff further objects that this interrogatory seeks documents which would require plaintiff to breach confidentiality with settling defendants. See*, Hinshaw v. Superior Court* (Santa Clara) (1996) 51 Cal.App.4th 233, 242.

**INTERROGATORY NO. 63:**

Please IDENTIFY, by name, address and phone number each person known to YOU or

1  YOUR attorneys, who can IDENTIFY the manufacturer or distributor of any of the asbestos-

2  containing products YOU allege as having been in YOUR general vicinity during any period in

3  which YOU allege exposure to asbestos-containing products.

4  **RESPONSE TO INTERROGATORY NO. 63:**

5      Plaintiff objects to this interrogatory on the grounds and to the extent that it violates the

6  attorney-client privilege or the attorney work-product doctrine and prematurely calls for expert

7  opinion and is overbroad and burdensome. Subject to and without waiving, Plaintiff identifies

8  James Sarjeant, c/o Kazan McClain

9  **INTERROGATORY NO. 64:**

10     Please IDENTIFY each and every tangible item (not already identified above) including

11  photographs, diagrams, correspondence or objects, which YOU contend evidences YOUR

12  exposure to asbestos-containing products.

13  **RESPONSE TO INTERROGATORY NO. 64:**

14     Plaintiff objects to this interrogatory on the grounds and to the extent that it violates the

15  attorney-client privilege or the attorney work-product doctrine or seeks premature expert opinion

16  and is overbroad.

17  **INTERROGATORY NO. 65:**

18     Please IDENTIFY any work diaries, photographs, calendars, company brochures, medical

19  bills, invoices, business cards and physical objects (e.g., asbestos pipe), which are in YOUR

20  personal care, custody and control, relevant to the subject matter of this lawsuit.

21  **RESPONSE TO INTERROGATORY NO. 65:**

22     Plaintiff objects to this interrogatory to the extent that it violates the attorney-client

23  privilege and/or the attorney work-product doctrine . Without waiving these objections, plaintiff is

24  not aware of possessing any such items other than relevant medical and employment records

25  which have been produced to defendants or made available to through executed authorizations

26  provided to Designated Defense Counsel.

27  **INTERROGATORY NO. 66:**

28     Have YOU or anyone on YOUR behalf requested from the Social Security office a listing

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1    of all past employers and dates of employment?  If so, please either attach a copy or give the

2    employer's name, address, date and quarterly Social Security credit for each employer listed.

3    **RESPONSE TO INTERROGATORY NO. 66:**

4            Based on a reasonable and good faith effort to obtain information under C.C.P. §

5    2030.220(c), yes.  Plaintiff refers defendants to plaintiff's Social Security records attached hereto

6    as **Exhibit A.**

7    **INTERROGATORY NO. 67:**

8            Please state the name, address and telephone number of every person who assisted YOU in

9    any way in answering these interrogatories.

10   **RESPONSE TO INTERROGATORY NO. 67:**

11           KAZAN, McCLAIN, SATTERLEY & GREENWOOD, a Professional Law Corporation,

12   Jack London Market, 55 Harrison Street, Suite 400, Oakland, California 94607, telephone: (510)

13   302-1000.

14

15   DATED:  January 5, 2024                    KAZAN, McCLAIN, SATTERLEY & GREENWOOD
                                                A Professional Law Corporation
16

17                                              By: _____

18                                              Henry A. Steinberg

19                                              Attorneys for Plaintiffs

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

# PROOF OF SERVICE

*James Sarjeant and Lucretia Sarjeant v. City of Long Beach, et al.*
**Alameda County Superior Court Case No. jlan**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On January 5, 2024, I served true copies of the following document(s) described as:

**PLAINTIFFS' RESPONSES TO JOINT DEFENSE STANDARD INTERROGATORIES**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:**  I electronically served the document(s) by using the File & ServeXpress system.  Participants in the case who are registered users will be served by the File & ServeXpress system.  Participants in the case who are not registered users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 5, 2024, at Oakland, California.

_____
Rosa Cervantes

47
PLAINTIFFS' RESPONSES TO JOINT DEFENSE STANDARD INTERROGATORIES

1

**SERVICE LIST**

2

COUNSEL UNKNOWN
FOR: AMELCO CORP sii/pae/jv/eq/AMELCO
CORP, AMELCO INDUST and SMITH-
AMELCO, AMELCO CORPORATION,
AMELCO INDUSTRIES, AMERICAN
PRESIDENT LINES, LLC, AMERICAN
PRESIDENT LINES, LLC sii/pae/et
AMERICAN PRESIDENT LINES, LTD,
AMERICAN PRESIDENT LINES, LLC.
sii/pae/et of AMERICAN MAIL LINE,
BASCO DRYWALL & PAINTING CO. ,
CITY OF LONG BEACH, DAP, INC k/n/a LA
MIRADA PRODUCTS CO., INC., DINERS
CLUB INTL LTD. fka THE DINERS
CLUB,INC. (sued ind sii DQM CORP),
GENERAL ELECTRIC COMPANY,
HERRICK STEEL, INC., HERRICK STEEL,
INC. sii/pae/et/jv TECHNI-BUILDERS, INC. ,
KAISER GYPSUM COMPANY, INC., OWL
COMPANIES, OWL COMPANIES
pae/et/jv/sii SMITH-AMELCO, OWL CONST
fka HC SMITH CONST, PARAMOUNT
GLOBAL fka VIACOMCBS Inc fka CBS Corp
a Penn Corp, etc, VANDERBILT MINERALS,
LLC, VANDERBILT MINERALS, LLC sii
INTERNATIONAL TALC COMPANY, INC.,
VANDERBILT MINERALS, LLC sii R.T.
VANDERBILT COMPANY, INC.

HUGO PARKER LLP
240 Stockton Street, 8th Floor
San Francisco CA 94108
Telephone: (415)808-0300
Facsimile: (415)808-0333
FOR: FOSTER WHEELER LLC

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

HUSCH BLACKWELL LLP
1999 Harrison St.
Suite 700
Oakland CA 94612
Telephone: (510)768-0650
Facsimile: (510)768-0651
FOR: METALCLAD INSULATION CORP.,
METALCLAD INSULATION LLC sii/pae/et
METALCLAD INSULATION
CORPORATION

IMAI, TADLOCK, KEENEY & CORDERY
LLP
1660 S. Amphlett Blvd., Suite 300
San Mateo CA 94402
Telephone: (415) 260-4595
Facsimile: (415) 329-2244
FOR: ALLIED FLUID PRODUCTS CORP.
fka  ALLIED PACKING & SUPPLY, INC.

18

19

20

21

22

LEADER BERKON COLAO &
SILVERSTEIN LLP
660 South Figueroa Street
Suite 1150
Los Angeles CA 90017
Telephone: (213) 234-1750
Facsimile: (213) 234-1747
FOR: IMO INDUSTRIES, INC., IMO
INDUSTRIES, INC. sii/pae/et of DELAVAL
STEAM TURBINE

MORGAN, LEWIS & BOCKIUS
Spear Street Tower
One Market Plaza
San Francisco CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
FOR: GRINNELL LLC, HILL BROTHERS
CHEMICAL COMPANY, KELLY-MOORE
PAINT COMPANY, INC., KM INDUSTRIES
HOLDING CO., INC. fka KELLY-MOORE
PAINT COMPANY, INC.

23

24

25

26

27

28

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

3295309.2

48

1  MORGAN, LEWIS & BOCKIUS
   300 South Grand Avenue
2  Twenty-Second Floor
   Los Angeles CA 90071-3132
3  Telephone: (213) 612-2500
   Facsimile: (213) 612-2501
4  FOR: GRINNELL LLC, HILL BROTHERS
   CHEMICAL COMPANY, KELLY-MOORE
5  PAINT COMPANY, INC., KM INDUSTRIES
   HOLDING CO., INC. fka KELLY-MOORE
6  PAINT COMPANY, INC.

PRINDLE, GOETZ, BARNES &
REINHOLTZ LLP
One World Trade Center
Suite 1100
Long Beach CA 90831
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
FOR: SYD CARPENTER MARINE
CONTRACTOR, INC.

7  SPANOS PRZETAK
   555 12th Street
8  Suite 2060
   Oakland CA 94607
9  Telephone: (510) 250-0200
   Facsimile: (510) 380-6354
10 FOR: DESIGNATED DEFENSE COUNSEL

TUCKER ELLIS LLP
201 Mission Street, Suite 2310
San Francisco CA 94105
Telephone: (415)617-2400
Facsimile: (415)617-2409
FOR: DAP, INC k/n/a LA MIRADA
PRODUCTS CO., INC., PFIZER, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

E-SERVICE
71818356
Jan 17 2024
10:25AM
File & ServeXpress

1

# VERIFICATION

2

***James Sarjeant and Lucretia Sarjeant v. City of Long Beach, et al.***
**Alameda County Superior Court Case No. 23CV052439**

3

I have read the following and know its contents.

4

**PLAINTIFFS' RESPONSES TO JOINT DEFENSE STANDARD**

5

**INTERROGATORIES**

6

I am a party to this action. The matters stated in the foregoing document are true of my

own knowledge except as to those matters which are stated on information and belief, and as to

7

those matters I believe them to be true.

8

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

9

Executed on January 15 , 2024, at San Clemente, CA.

10

11

12

James Sarjeant

DocuSigned by:

*James Sarjeant*

Print Name of Signatory

Signature

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com