

E-SERVICE
72169813
Feb 26 2024
09:26PM
File & ServeXpress

John L. Langdoc, Esq. (C.S.B. #235509)
jlangdoc@kazanlaw.com
Henry A. Steinberg, Esq. (C.S.B. #284998)
hsteinberg@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

Attorneys for Plaintiffs

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JAMES SARJEANT and LUCRETIA SARJEANT,<br>Plaintiffs,<br>vs.<br>CITY OF LONG BEACH,<br>Defendant. | Case No. 23CV052439<br><br>ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO:<br>HON. PATRICK MCKINNEY<br>DEPARTMENT 18<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR ADMISSION, SET ONE**<br><br>Action Filed: November 20, 2023 |

PROPOUNDING PARTY: DEFENDANTS, DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.

RESPONDING PARTY: PLAINTIFFS, JAMES SARJEANT AND LUCRETIA SARJEANT

SET NO.: ONE (1)

**REQUEST FOR ADMISSION NO. 1:**

Admit that Plaintiff **JAMES SARJEANT** did not inhale asbestos fibers released from any **ASBESTOS-CONTAINING PRODUCTS** for which DAP is liable.

(For purposes of these requests, "**ASBESTOS-CONTAINING PRODUCTS**" shall mean any goods or materials allegedly containing asbestos fibers that were manufactured, supplied, sold or distributed by any **PERSON**.)

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

(For purposes of these requests, "**PERSON**" or "**PERSONS**" shall any natural person, firm, association, organization, partnership, business, trust, corporation or public or private entity.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to the extent this Request requires the premature disclosure of expert opinion. Plaintiff objects that this request is beyond the permissible scope of admissions under CCP § 2033.010, et seq. because it improperly seeks to put to rest a fact that will be disputed at trial between Plaintiff and one or more defendants. Requests for admissions are designed to set undisputed issues to rest issues so that they need not be tried. [*Cembrook v. Superior Court* (1961) 56 Cal.2d 423, 429.] The plain language of C.C.P. § 2033.010 et seq. makes it apparent that they were enacted to eliminate the necessity of putting on formal proof of essentially uncontroverted facts, not as a substitute for trial of genuinely disputed facts. [*Hillman v. Stults* (1968) 263 Cal.App.2d 848, 885.] Further, requests for admission are "designed to uncover undisputed factual issues, not to compel an election of . . . remedies." [*Shepard & Morgan v. Lee & Daniel, Inc.* (1982) 31 Cal. 3d 256, 261.] Plaintiff objects that this Request improperly seeks to put to rest controverted facts that may be disputed at trial. The purpose behind a request for admission is to "compel admissions of things that cannot be reasonably controverted." [*Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1578.] By definition, a triable issue is a contested issue. Here, there will be "a serious and real contest as to the subject matter of [this] requested admission." [*Chodos v. Superior Court* (1963) 215 Cal.App.2d 318, 324.] This Request is thus outside of the scope of the purposes of the procedure for seeking admissions. Plaintiff objects that this Request is improper, burdensome and oppressive. Plaintiff is not required to prepare defendant's case. [C.C.P. § 2030.230; *Bunnell v. Superior Court* (1967), 254 Cal.App.2d 720, 723-724; *Holquin v. Superior Court* (1972) 22 Cal.App.3d 812; *Ryan v. Superior Court* (1960) 186 Cal.App.2d 813, 818; *Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1325.] When material to be discovered consists solely of information available to both parties, it defeats the purpose of the Discovery Act to compel one party to perform another party's research. [*Bunnell v. Superior Court* (1967) 254 Cal.App.2d 720, 724.] Defendant, not Plaintiff, bears the

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

burden of proving whether any other party or entity was a legal cause of Plaintiff's injuries at trial, and Plaintiff objects that this is an improper attempt to shift that burden. [Code Civ. Proc. § 1431, et seq.; *Sparks v. Owens-Illinois* (1995) 32 Cal.App.4th 461.]

**<u>REQUEST FOR ADMISSION NO. 2</u>:**

Admit that YOU cannot identify any **DOCUMENTS** which support **YOUR** contention that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers released from any **ASBESTOS-CONTAINING PRODUCTS** for which DAP is liable.

(For purposes of these requests, "**YOU**" and "**YOUR**" shall mean the party(ies) responding to these requests for admissions, their agents, attorneys or anyone else acting on their behalf or at their request.)

(For purposes of these requests, "**DOCUMENT**" shall mean a writing, as defined in Evidence Code § 250, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of record upon any tangible thing and form of communicating or representation, including letters, words or pictures.)

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 2</u>:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**<u>REQUEST FOR ADMISSION NO. 3</u>:**

Admit that **YOU** cannot identify any **PERSONS** with knowledge of any facts to support **YOUR** contention that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers released from any **ASBESTOS-CONTAINING PRODUCTS** for which DAP is liable.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** allege DAP is liable were not present at any of Plaintiff **JAMES SARJEANT'S JOBSITES**.

(For purposes of these requests, "**JOBSITE**" shall mean any land-based facility or ship, boat, barge, submarine, maritime vessel, or aircraft, whether military or commercial, on which Plaintiff **JAMES SARJEANT** worked or was present.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to the extent this Request requires the premature disclosure of expert opinion. Plaintiff objects that this request is beyond the permissible scope of admissions under CCP § 2033.010, et seq. because it improperly seeks to put to rest a fact that will be disputed at trial between Plaintiff and one or more defendants. Requests for admissions are designed to set undisputed issues to rest issues so that they need not be tried. [*Cembrook v. Superior Court* (1961) 56 Cal.2d 423, 429.] The plain language of C.C.P. § 2033.010 et seq. makes it apparent that they were enacted to eliminate the necessity of putting on formal proof of essentially uncontroverted facts, not as a substitute for trial of genuinely disputed facts. [*Hillman v. Stults* (1968) 263 Cal.App.2d 848, 885.] Further, requests for admission are "designed to uncover undisputed factual issues, not to compel an election of . . . remedies." [*Shepard &*

3324384.1
4
PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR ADMISSION, SET ONE

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

*Morgan v. Lee & Daniel, Inc.* (1982) 31 Cal. 3d 256, 261.] Plaintiff objects that this Request improperly seeks to put to rest controverted facts that may be disputed at trial. The purpose behind a request for admission is to "compel admissions of things that cannot be reasonably controverted." [*Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1578.] By definition, a triable issue is a contested issue. Here, there will be "a serious and real contest as to the subject matter of [this] requested admission." [*Chodos v. Superior Court* (1963) 215 Cal.App.2d 318, 324.] This Request is thus outside of the scope of the purposes of the procedure for seeking admissions. Plaintiff objects that this Request is improper, burdensome and oppressive. Plaintiff is not required to prepare defendant's case. [C.C.P. § 2030.230; *Bunnell v. Superior Court* (1967), 254 Cal.App.2d 720, 723-724; *Holquin v. Superior Court* (1972) 22 Cal.App.3d 812; *Ryan v. Superior Court* (1960) 186 Cal.App.2d 813, 818; *Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1325.] When material to be discovered consists solely of information available to both parties, it defeats the purpose of the Discovery Act to compel one party to perform another party's research. [*Bunnell v. Superior Court* (1967) 254 Cal.App.2d 720, 724.] Defendant, not Plaintiff, bears the burden of proving whether any other party or entity was a legal cause of Plaintiff's injuries at trial, and Plaintiff objects that this is an improper attempt to shift that burden. [Code Civ. Proc. § 1431, et seq.; *Sparks v. Owens-Illinois* (1995) 32 Cal.App.4th 461.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 5:**

Admit that **YOU** cannot identify any **DOCUMENTS** which support **YOUR** contention that the **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** allege DAP is liable were present at any of Plaintiff **JAMES SARJEANT'S JOBSITES**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See,

*City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 6:**

Admit that **YOU** cannot identify any **PERSONS** with knowledge of any facts to support **YOUR** contention that the **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** allege DAP is liable were present at any of Plaintiff **JAMES SARJEANT'S JOBSITES**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 7:**

Admit that **YOU** cannot identify any facts or information which support **YOUR** claim that DAP made false representations to Plaintiff **JAMES SARJEANT** or his employers regarding the safety of **ASBESTOS-CONTAINING PRODUCTS** in use at any **JOBSITE** location where he worked or was present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 8:**

Admit that **YOU** cannot identify any **DOCUMENTS** with information supporting **YOUR** claim that DAP made false representations to Plaintiff **JAMES SARJEANT** or his employers regarding the safety of **ASBESTOS-CONTAINING PRODUCTS** in use at any **JOBSITE** location where he worked.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 9:**

Admit that **YOU** cannot identify any **PERSONS** who have knowledge or information supporting **YOUR** claim that DAP made false representations to Plaintiff **JAMES SARJEANT** or his employers regarding the safety of **ASBESTOS-CONTAINING PRODUCTS** in use at any **JOBSITE** location where he worked.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 10:**

Admit that **YOU** cannot set forth any facts or information which support **YOUR** claim that DAP ever actively concealed information concerning the alleged health hazards as a result of inhalation of asbestos fibers from **ASBESTOS-CONTAINING PRODUCTS**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 11:**

Admit that **YOU** cannot identify any **DOCUMENTS** with information supporting **YOUR** claim that DAP ever actively concealed information concerning the alleged health hazards as a result of inhalation of asbestos fibers from **ASBESTOS-CONTAINING PRODUCTS**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ.

Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 12:**

Admit that **YOU** cannot identify any **PERSONS** who have knowledge or information to support **YOUR** claim that DAP ever actively concealed information concerning the alleged health hazards as a result of inhalation of asbestos fibers from **ASBESTOS-CONTAINING PRODUCTS**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 13:**

Admit that **YOU** cannot identify any facts or information which support **YOUR** contention that DAP performed any act to further a conspiracy which resulted in harm to Plaintiff **JAMES SARJEANT**.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 14:**

Admit that **YOU** cannot identify any **DOCUMENTS** with information supporting **YOUR** contention that DAP performed any act to further a conspiracy which resulted in harm to Plaintiff **JAMES SARJEANT**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 15:**

Admit that **YOU** cannot identify any **PERSONS** who have knowledge or information supporting **YOUR** contention that DAP performed any act to further a conspiracy which resulted in harm to Plaintiff **JAMES SARJEANT**.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 16:**

Admit that **YOU** cannot identify any facts or information which support **YOUR** contention that DAP performed any fraudulent act which resulted in harm to Plaintiff **JAMES SARJEANT**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 17:**

Admit that **YOU** cannot identify any **DOCUMENTS** with information supporting **YOUR** contention that DAP performed any fraudulent act which resulted in harm to Plaintiff **JAMES SARJEANT**.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 17</u>:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**<u>REQUEST FOR ADMISSION NO. 18</u>:**

Admit that **YOU** cannot identify any **PERSONS** who have knowledge or information supporting **YOUR** contention that DAP performed any fraudulent act which resulted in harm to Plaintiff **JAMES SARJEANT**.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 18</u>:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**<u>REQUEST FOR ADMISSION NO. 19</u>:**

Admit that **YOU** cannot identify any facts or information which support **YOUR** contention that Plaintiff **JAMES SARJEANT** is entitled to recover punitive damages from DAP.

3324384.1
12
PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR ADMISSION, SET ONE

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 20:**

Admit that **YOU** cannot identify any **DOCUMENTS** with information supporting **YOUR** contention that Plaintiff **JAMES SARJEANT** is entitled to recover punitive damages from DAP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 21:**

Admit that **YOU** cannot identify any **PERSONS** who have knowledge or information supporting **YOUR** contention that Plaintiff **JAMES SARJEANT** is entitled to recover punitive damages from DAP.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to this request on the grounds that it does not comply with C.C.P. § 2033.010 in that it improperly seeks discovery of information rather than an admission of fact, and improperly seeks to uncover information rather than eliminate the need for proof. [See, *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 337-38; *International Harvester Co. v. Sup. Ct.* (1969) 273 Cal.App.2d 652, 654-655; *Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1577–1578.] Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers from **ASBESTOS-CONTAINING PRODUCTS** for which DAP is not liable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to the extent this Request requires the premature disclosure of expert opinion. Plaintiff objects that this request is beyond the permissible scope of admissions under CCP § 2033.010, et seq. because it improperly seeks to put to rest a fact that will be disputed at trial between Plaintiff and one or more defendants. Requests for admissions are designed to set undisputed issues to rest issues so that they need not be tried. [*Cembrook v. Superior Court* (1961) 56 Cal.2d 423, 429.] The plain language of C.C.P. § 2033.010 et seq. makes it apparent that they were enacted to eliminate the necessity of putting on formal proof of essentially uncontroverted facts, not as a substitute for trial of genuinely disputed facts. [*Hillman v. Stults* (1968) 263 Cal.App.2d 848, 885.] Further, requests for admission are "designed to uncover undisputed factual issues, not to compel an election of . . . remedies." [*Shepard & Morgan v. Lee & Daniel, Inc.* (1982) 31 Cal. 3d 256, 261.] Plaintiff objects that this Request improperly seeks to put to rest controverted facts that may be disputed at trial. The purpose behind a request for admission is to "compel admissions of things that cannot be reasonably

controverted." [*Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1578.] By definition, a triable issue is a contested issue. Here, there will be "a serious and real contest as to the subject matter of [this] requested admission." [*Chodos v. Superior Court* (1963) 215 Cal.App.2d 318, 324.] This Request is thus outside of the scope of the purposes of the procedure for seeking admissions. Plaintiff objects that this Request is improper, burdensome and oppressive. Plaintiff is not required to prepare defendant's case. [C.C.P. § 2030.230; *Bunnell v. Superior Court* (1967), 254 Cal.App.2d 720, 723-724; *Holquin v. Superior Court* (1972) 22 Cal.App.3d 812; *Ryan v. Superior Court* (1960) 186 Cal.App.2d 813, 818; *Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1325.] When material to be discovered consists solely of information available to both parties, it defeats the purpose of the Discovery Act to compel one party to perform another party's research. [*Bunnell v. Superior Court* (1967) 254 Cal.App.2d 720, 724.] Defendant, not Plaintiff, bears the burden of proving whether any other party or entity was a legal cause of Plaintiff's injuries at trial, and Plaintiff objects that this is an improper attempt to shift that burden. [Code Civ. Proc. § 1431, et seq.; *Sparks v. Owens-Illinois* (1995) 32 Cal.App.4th 461.]

**REQUEST FOR ADMISSION NO. 23:**

Admit that each time Plaintiff **JAMES SARJEANT** inhaled asbestos fibers released from a product it was a substantial factor in causing his alleged asbestos-related disease at issue in this case.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Plaintiff objects that this Request is compound and disjunctive, in violation of Code Civ. Proc. §2033.060(f). Plaintiff objects to the extent this Request requires the premature disclosure of expert opinion. Plaintiff objects that this request is beyond the permissible scope of admissions under CCP § 2033.010, et seq. because it improperly seeks to put to rest a fact that will be disputed at trial between Plaintiff and one or more defendants. Requests for admissions are designed to set undisputed issues to rest issues so that they need not be tried. [Cembrook v. Superior Court (1961) 56 Cal.2d 423, 429.] The plain language of C.C.P. § 2033.010 et seq. makes it apparent that they were enacted to eliminate the necessity of putting on formal proof of essentially uncontroverted facts, not as a substitute for trial of genuinely disputed facts. [*Hillman*

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

3324384.1
15
PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR ADMISSION, SET ONE

*v. Stults* (1968) 263 Cal.App.2d 848, 885.] Further, requests for admission are "designed to uncover undisputed factual issues, not to compel an election of . . . remedies." [*Shepard & Morgan v. Lee & Daniel, Inc.* (1982) 31 Cal. 3d 256, 261.] Plaintiff objects that this Request improperly seeks to put to rest controverted facts that may be disputed at trial. The purpose behind a request for admission is to "compel admissions of things that cannot be reasonably controverted." [*Brigante v. Huang* (1993) 20 Cal.App.4th 1569, 1578.] By definition, a triable issue is a contested issue. Here, there will be "a serious and real contest as to the subject matter of [this] requested admission." [*Chodos v. Superior Court* (1963) 215 Cal.App.2d 318, 324.] This Request is thus outside of the scope of the purposes of the procedure for seeking admissions. Plaintiff objects that this Request is improper, burdensome and oppressive. Plaintiff is not required to prepare defendant's case. [C.C.P. § 2030.230; *Bunnell v. Superior Court* (1967), 254 Cal.App.2d 720, 723-724; *Holquin v. Superior Court* (1972) 22 Cal.App.3d 812; *Ryan v. Superior Court* (1960) 186 Cal.App.2d 813, 818; *Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1325.] When material to be discovered consists solely of information available to both parties, it defeats the purpose of the Discovery Act to compel one party to perform another party's research. [*Bunnell v. Superior Court* (1967) 254 Cal.App.2d 720, 724.] Defendant, not Plaintiff, bears the burden of proving whether any other party or entity was a legal cause of Plaintiff's injuries at trial, and Plaintiff objects that this is an improper attempt to shift that burden. [Code Civ. Proc. § 1431, et seq.; *Sparks v. Owens-Illinois* (1995) 32 Cal.App.4th 461.]

DATED: February 26, 2024

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: ______________________
Henry A. Steinberg

Attorneys for Plaintiffs

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

3324384.1

16

PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR ADMISSION, SET ONE

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**PROOF OF SERVICE**

***James Sarjeant and Lucretia Sarjeant v. City of Long Beach, et al.***
**Alameda County Superior Court Case No. 23CV052439**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On February 23, 2024, I served true copies of the following document(s) described as:

**PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR ADMISSION, SET ONE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:** I electronically served the document(s) by using the File & ServeXpress system. Participants in the case who are registered users will be served by the File & ServeXpress system. Participants in the case who are not registered users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 23, 2024, at Oakland, California.

______________________________
Rosa Cervantes

3324384.1
17
PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR ADMISSION, SET ONE

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**SERVICE LIST**

BERKES, CRANE, SANTANA & SPANGLER llP
515 S. Figueroa Street, Suite 1500
Los Angeles CA 90071
Telephone: (213) 955-1150
Facsimile: (213) 955-1155
FOR: OWL COMPANIES, OWL COMPANIES pae/et/jv/sii SMITH-AMELCO, OWL CONST fka HC SMITH CONST

COUNSEL UNKNOWN
FOR: AMERICAN PRESIDENT LINES, LLC, AMERICAN PRESIDENT LINES, LLC sii/pae/et AMERICAN PRESIDENT LINES, LTD, AMERICAN PRESIDENT LINES, LLC. sii/pae/et of AMERICAN MAIL LINE, BASCO DRYWALL & PAINTING CO. , CITY OF LONG BEACH, HERRICK STEEL, INC., HERRICK STEEL, INC. sii/pae/et/jv TECHNI-BUILDERS, INC. , HONEYWELL INTERNATIONAL INC. fka ALLIED SIGNAL INC., HONEYWELL INTERNATIONAL INC. fka ALLIED SIGNAL/sii/pae/et BENDIX

DeHAY & ELLISTON, LLP
100 Pringle Avenue
Suite 700
Walnut Creek CA 94596
Telephone: 510-433-1830
Facsimile: (866) 611-8690
FOR: VANDERBILT MINERALS, LLC, VANDERBILT MINERALS, LLC sii INTERNATIONAL TALC COMPANY, INC., VANDERBILT MINERALS, LLC sii R.T. VANDERBILT COMPANY, INC.

FOLEY & MANSFIELD PLLP
2185 N. California Boulevard, Suite 575
Walnut Creek CA 94596
Telephone: (510)590-9500
Facsimile: (510)590-9595
FOR: KAISER GYPSUM COMPANY, INC.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine CA 92614
Telephone: (949)255-6950
Facsimile: (949)474-2060
FOR: AMELCO CORP sii/pae/jv/eq/AMELCO CORP, AMELCO INDUST and SMITH-AMELCO, AMELCO CORPORATION, AMELCO INDUSTRIES

HUGO PARKER LLP
240 Stockton Street, 8th Floor
San Francisco CA 94108
Telephone: (415)808-0300
Facsimile: (415)808-0333
FOR: FOSTER WHEELER LLC

HUSCH BLACKWELL LLP
1999 Harrison St.
Suite 700
Oakland CA 94612
Telephone: (510)768-0650
Facsimile: (510)768-0651
FOR: METALCLAD INSULATION CORP., METALCLAD INSULATION LLC sii/pae/et METALCLAD INSULATION CORPORATION

IMAI, TADLOCK, KEENEY & CORDERY LLP
1660 S. Amphlett Blvd., Suite 300
San Mateo CA 94402
Telephone: (415) 260-4595
Facsimile: (415) 329-2244
FOR: ALLIED FLUID PRODUCTS CORP. fka ALLIED PACKING & SUPPLY, INC.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

KEVIN JAMISON LAW, PC
825 East 4th Street, Suite 204
Los Angeles CA 90013
Telephone: (213)246-2732
Facsimile: (626)314-1833
FOR: PARAMOUNT GLOBAL fka VIACOMCBS Inc fka CBS Corp a Penn Corp, etc

LEADER BERKON COLAO & SILVERSTEIN LLP
660 South Figueroa Street
Suite 1150
Los Angeles CA 90017
Telephone: (213) 234-1750
Facsimile: (213) 234-1747
FOR: IMO INDUSTRIES, INC., IMO INDUSTRIES, INC. sii/pae/et of DELAVAL STEAM TURBINE

MORGAN, LEWIS & BOCKIUS
Spear Street Tower
One Market Plaza
San Francisco CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
FOR: GRINNELL LLC, HILL BROTHERS CHEMICAL COMPANY, KELLY-MOORE PAINT COMPANY, INC., KM INDUSTRIES HOLDING CO., INC. fka KELLY-MOORE PAINT COMPANY, INC.

MORGAN, LEWIS & BOCKIUS
300 South Grand Avenue
Twenty-Second Floor
Los Angeles CA 90071-3132
Telephone: (213) 612-2500
Facsimile: (213) 612-2501
FOR: GRINNELL LLC, HILL BROTHERS CHEMICAL COMPANY, KELLY-MOORE PAINT COMPANY, INC., KM INDUSTRIES HOLDING CO., INC. fka KELLY-MOORE PAINT COMPANY, INC.

PRINDLE, GOETZ, BARNES & REINHOLTZ LLP
One World Trade Center
Suite 1100
Long Beach CA 90831
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
FOR: SYD CARPENTER MARINE CONTRACTOR, INC.

SPANOS PRZETAK
555 12th Street
Suite 2060
Oakland CA 94607
Telephone: (510) 250-0200
Facsimile: (510) 380-6354
FOR: DESIGNATED DEFENSE COUNSEL

TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles CA 90071-2223
Telephone: (213) 430-3574
Facsimile: (213) 430-3409
FOR: DINERS CLUB INTL LTD. fka THE DINERS CLUB,INC. (sued ind sii DQM CORP)

TUCKER ELLIS LLP
201 Mission Street, Suite 2310
San Francisco CA 94105
Telephone: (415)617-2400
Facsimile: (415)617-2409
FOR: DAP, INC k/n/a LA MIRADA PRODUCTS CO., INC., DINERS CLUB INTL LTD. fka THE DINERS CLUB,INC. (sued ind sii DQM CORP), PFIZER, INC.

WFBM, LLP
255 California Street, Suite 525
San Francisco CA 94111
Telephone: (415) 781-7072
Facsimile: (415) 391-6258
FOR: GENERAL ELECTRIC COMPANY

INTENTIONALLY BLANK



E-SERVICE
72169813
Feb 26 2024
09:26PM
File & ServeXpress

John L. Langdoc, Esq. (C.S.B. #235509)
jlangdoc@kazanlaw.com
Henry A. Steinberg, Esq. (C.S.B. #284998)
hsteinberg@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

Attorneys for Plaintiffs

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JAMES SARJEANT and LUCRETIA SARJEANT,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH,<br><br>Defendant. | Case No. 23CV052439<br><br>ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO:<br>HON. PATRICK MCKINNEY<br>DEPARTMENT 18<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Action Filed: November 20, 2023 |

PROPOUNDING PARTY: DEFENDANT, DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.

RESPONDING PARTY: PLAINTIFFS, JAMES SARJEANT AND LUCRETIA SARJEANT

SET NO.: ONE (1)

**REQUEST FOR PRODUCTION NO. 1:**

All **DOCUMENTS** which support **YOUR** allegations that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers from **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** contend **DAP** is liable.

(For purposes of these requests, "**DOCUMENT**" shall mean a writing, as defined in

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

Evidence Code § 250, and includes the original or a copy of handwriting, typewriting, printing, photostatting, photographing, and every other means of record upon any tangible thing and form of communicating or representation, including letters, words or pictures.

For purposes of these requests, "**YOU**" and "**YOUR**" shall mean the party (ies) responding to these document requests, their agents, attorneys or anyone else, acting on their behalf or at their request.

For purposes of these interrogatories, "**DAP**" shall mean and refer to Defendant DAP, and any affiliates, subsidiaries, brands, or "alternate entities" for which YOU seek to hold DAP liable.

For purposes of these requests, "**ASBESTOS-CONTAINING PRODUCTS**" shall mean any goods or materials allegedly containing asbestos fibers that were manufactured, supplied, sold or distributed by any **PERSON**.

For purposes of these requests, "**PERSON**" or "**PERSONS**" shall any natural person, firm, association, organization, partnership, business, trust, corporation or public or private entity.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects on the grounds and to the extent that this request seeks the production of documents protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff object to this request to the extent it seeks the production of documents already in the possession or equally available to Defendant, as it is oppressive and burdensome. Plaintiff object to the extent this inquiry seeks to usurp the court reporter's economic advantage by seeking copies of transcripts equally available to Defendant through the identified court reporters. [*See* Gov. Code § 69954(d).] Plaintiff object that this violates the attorney work-product doctrine as it would include all written or recorded statements without reservation. C.C.P. § 2018.030; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536-1537; *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217; *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiff further object that this request seeks premature discovery of expert opinion. Plaintiff further object that this request is so vaguely worded as to be unintelligible and ambiguous. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's

3324696.1
2
PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

attorney or others. Based on diligent search and reasonable inquiry under C.C.P. §2031.230, identifying all of the following documents as being already in the possession of or equally available to Defendant, and without waiving objections, Plaintiff responds: Plaintiff James Sarjeant's responses to Joint Defense Interrogatories, employment records, medical records, and medical billing records, produced to Defendants and/or made equally available by means of executed authorizations.

Plaintiff further identifies the following documents: Defendant's responses to written discovery, including Standard Interrogatories, and document production in *Duncan v. Advocate Mines, et al.*, Alameda County Superior Court Case No. RG04142570; *Fenstermaker v. Ace Hardware, et al.,* Alameda County Superior Court No. RG11580128; *.Martin v. Ace Hardware Company*, et al., Alameda County Superior Court Case No. RG06253890; *Ricker v. Allied Packing Supply, Inc., et al.*, Alameda County Superior Court Case No. RG10496251; *Weston v. Asbestos Corporation Limited, et al.*, Alameda County Superior Court Case No. RG08426405; *Zampa v. Georgia-Pacific LLC, et al.,* Alameda County Superior Court Case No. RG16836998. and *Patterson v. Kelley Moore Paint Company, et al.,* Alameda County Superior Court Case No. RG18918267; Defendant's responses to Plaintiff's Master General Interrogatories, Requests for Production to Defendants,, Responses to Plaintiffs' Specific Interrogatories, and Requests for Production in *Daly v. A.W. Chesterton, et al.,* In the District Court for Harris County, Texas, 11th Judicial District, Cause No. 2005-3530. Defendant's responses to Plaintiff's Interrogatories in *In Re: All Asbestos Litigation Filed by Wise & Julian, P.C.*, In the Circuit Court, Third Judicial Circuit, Madison County, Illinois, December 7, 2000. Defendant's Answers and Objections to Plaintiffs' Master Interrogatories for Manufacturer/Distributor in *Koontz v. ACandS, Inc., et al.*, In the Marion County Superior Court, Civil Division, Cause No. 49D02-9601-MX-0001-688 Testimony and all exhibits thereto of Defendant's officers, managers, directors, employees, agents, and corporate designees, including: James Blackburn, April 28, 1992 in *Harris v. Carey Canada, et al.*, Napa County Superior Court Case No. 913855, reported by Chris De George: William Gooch, May 12, 1992 in *Harris v. Carey Canada, et al.*, San Francisco Superior Court Case No. 913555, reported by Daniel, Dillinger, Dominski, Richberger, Weatherford & Parker Court

3324696.1 3
PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

Reporters, (901) 529-1999: Harry Solmson, May 13, 1992 in *Harris v. Carey Canada, et al.*, San Francisco Superior Court Case No. 913555, reported Accredited Court Reporting, (813) 364-8400; Ward Treat taken February 5, 2009 and following in *Dixon v. A.W. Chesterton Company, et al.,* San Francisco Superior Court Case No. 429770, reported by Tooker & Antz; taken January 13, 2010 in *Johnson v. 3M Company, et al.*, Superior Court of New Jersey, Law Division - Middlesex County, Docket No. MID-L-2994-09 AS, reported by Brody Deposition Services (908) 789-2000; taken April 20, 2011 in *Adamkovic Estate v. 3M Company, et al.*, Court of Common Pleas, Philadelphia County, Pennsylvania, No. 0239, reported by Magna Legal Services (866) 624-6221. Defendants' business records. Plaintiff further identifies the following documents: Formulas and other documents Bates numbered TX-DALY-0249-0405; Documents Bates numbered DAP/NABORS0000063-0000180; January 30, 1961 DAP White Caulking Compound Formula No. 1230-228, Alternate Formula with Carey Asbestos; April 22, 1971 DAP, Inc. Asbestos Fiber-in-Air Survey by McNamara, Houston, Dodge, McClure & Ney; January 28, 1972 letter from H.M. May, Technical Sales Manager, Canadian Johns Manville Asbestos to D.H. Montgomery, Manager of Purchasing, DAP, Inc., concerning the labeling of asbestos fiber provided to Defendant; July 19, 1972 National Paint & Coatings Association Safety & Health Bulletin; June 6, 1973 letter from Carey-Canadian Mines, Ltd. to L.H. Poorman; July 17, 1973 letter from Marvin W. Sage, Assistant Technical Director, Research Division, DAP, Inc. to James F. Reis, Product Manager, Asbestos Fiber Sales, Johns-Manville Sales Corporation regarding the companies' "mutual problem with government regulation"; December 7, 1973 Johns-Manville memorandum re "Asbestos & Health Presentations"; 1975 OSHA inspection and sampling of DAP, Inc.'s Dallas, Texas plant; June 6, 1975 DAP White Caulking Compound Temporary Formula No. 1230-531; June 6, 1975 DAP White Caulking Compound Temporary Formula No. 1230-532; June 9, 1975 DAP White Caulking Compound Temporary Formula No. 1230-530; June 9, 1975 DAP White Caulking Compound Temporary Formula No. 1230-533; June 30, 1975 internal formulas #1552, #1553, #1538, #1540 from Ward Treat to Bill Williams re DAP Caulking Compound, White; December 28, 1976 departmental correspondence dated December 28, 1976 regarding "Status of Asbestos Reformulation Projects"; March 28, 1977 letter from James F. Reis, Market

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

Manager, Asbestos Fiber Sales, Johns-Manville Sales Corporation to J.D. Bonfiglio, DAP Inc,, enclosing a Material Safety Data Sheet for Johns-Manville chrysotile asbestos fiber; June 1977 citation by the California Division of Industrial Safety to Defendant's San Jose plant for asbestos fiber in excess of allowable limits; February 28, 1979 Formula Information sheet, DAP Architectural Caulk, No. 1837; July 26, 1983 Temporary DAP Product Formula No. 1230-0567; August 12, 1983 Industrial Commission of Ohio correspondence and industrial hygiene survey, and associated correspondence from Defendant ; July 20, 1989 Industrial Commission of Ohio investigation of occupational disease at Defendant's facility; April 13, 1992 letter from Ohio Bureau of Workers' Compensation regarding asbestosis claim of Defendant's former employee; Undated letter from Dap president P.J. Davis to Dap distributors regarding spackling compound; February 1, 1978 from K.M. Frawley, General Sales Manager to Dap customers regarding spackling compound; September 1, 1977 letter from Dap to Consumer Product Safety Division re spackling compound; defendant's April 22, 1971 "Asbestos Fiber-In-Air Study; Written communication between defendant and Johns-Manville, including Johns-Manville's May 21, 1973 call report; Johns-Manville Research and Engineer Center October 28, 1974 memorandum re Visit to Dap; Johns-Manville's April 6, 1973 memorandum re Dap, Inc.; July 11, 1973 correspondence from Johns-Manville to Dap, July 17, 1973 from Dap to Johns-Manville; "Analysis for Asbestos Content in Commonly Available Products," dated November 15, 2007; "Analysis for Asbestos Content in Commonly Available Dap Brand Products," dated November 17, 2005; November 28, 2007 ADAO Press Release, "Asbestos Disease Awareness Organization Releases Findings that Reveal Evidence of Asbestos in Everyday Products"; November 27, 2007 Seattle Post-Intelligencer article "Asbestos turns up in toys, children's clay"; "Analysis for Asbestos in Commonly Available DAP Brand Products," dated September 17, 2010. Plaintiff further identifies all documents, including product formula specifications and formula cards, produced by Defendant produced in *Weston v. Asbestos Corporation Limited, et al.,* Alameda County Superior Court Case No. RG08426405. Plaintiff believes Defendant is in possession of these documents.

**REQUEST FOR PRODUCTION NO. 2:**

All **DOCUMENTS** which support **YOUR** allegations that Plaintiff **JAMES SARJEANT**

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

alleged injuries were the result of inhaled asbestos fibers from **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** contend **DAP** is liable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

For each **JOBSITE** for which **YOU** allege that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers from **ASBESTOS**, all **DOCUMENTS** which support **YOUR** allegations that **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** contend **DAP** is liable were present or in any way used at each such **JOBSITE**.

(For purposes of these requests, "**JOBSITE**" shall mean any land-based facility or ship, boat, barge, submarine, maritime vessel, or aircraft, whether military or commercial, on which Plaintiff James Sarjeant, worked or were present.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 4:**

All **DOCUMENTS** which support **YOUR** allegations that **DAP** was negligent with respect to the **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** allege **DAP** is liable and to which **YOU** contend that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 5:**

All **DOCUMENTS** which support **YOUR** allegations that **DAP** breached an express or implied warranty with respect to the **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** allege **DAP** is liable and to which **YOU** contend that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

All **DOCUMENTS** which support **YOUR** allegations that **DAP** was strictly liable, whether by design defect, manufacturing defect, or failure to warn with respect to the **ASBESTOS-CONTAINING PRODUCTS** for which **YOU** allege **DAP** is liable and to which **YOU** contend that that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 6</u>:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

All **DOCUMENTS** which support **YOUR** allegations that **DAP** had actual knowledge that working with any of its products could cause asbestosis or cancer.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7</u>:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

All **DOCUMENTS** which support **YOUR** allegations that Plaintiff **JAMES SARJEANT** is entitled to punitive damages from **DAP**.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 8</u>:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

All **DOCUMENTS** which support **YOUR** allegations that Plaintiff **JAMES SARJEANT** incurred medical expenses as a result of inhaled asbestos fibers from **ASBESTOS** from **ASBESTOS-CONTAINING PRODUCTS**.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

All **DOCUMENTS** relating to any and all claims submitted by, or on behalf of, Plaintiff **JAMES SARJEANT** to any bankruptcy trust at any time seeking compensation for any asbestos-related injury.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Plaintiff objects that this request is overbroad, grossly and impermissibly compound, and seeks information that is not relevant to the subject matter of this lawsuit and is neither admissible evidence nor reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought seeks to uncover information regarding the action or inaction of plaintiff's attorneys which is not itself admissible nor likely to lead to the discovery of any admissible evidence; seeks information protected from disclosure by the work product-doctrine and attorney-client privileges, and Federal and State constitutional and statutory law; seeks disclosure of information that may constitute a violation of various section 362(a) stay orders of the Federal Bankruptcy Courts; and violates the collateral source rule. The information sought is therefore not discoverable under C.C.P. § 2017.010 and Evidence Code sections 1152 and 1154. Settlements are discoverable only after verdict for purposes of set off, or from settling defendants in a C.C.P. § 877.6 good faith determination hearing. Any such disclosure will violate plaintiffs' and settling defendants' privacy rights. Plaintiff's confidential settlements with companies unrelated to defendant are protected from disclosure by the settling companies' and plaintiffs' "inalienable" and constitutional right of privacy. [*Hinshaw v. Sup. Ct.* (1996) 51 Cal.App.4th 233, 241.] A "confidential" or "private settlement agreement is entitled to at least as much privacy protection as a bank account or tax information," which are also encompassed within the constitutional right of privacy. [Id. at 241, 239; *Greathouse v. Amcord* (1995) 35 Cal.App.4th 831; *Helfend v. Southern Cal. Rapid Transit District* (1970) 2 Cal.3d 1.] Plaintiff further objects that this interrogatory seeks information and documents which would require plaintiff to breach confidentiality with settling defendants. [*Hinshaw*, 51 Cal.App.4th at 242.] Based on a reasonable and good faith effort to obtain responsive information under C.C.P. §2030.220(c), and without waiving any objection, plaintiff responds: No responsive documents exist because no such claims have been made.

**REQUEST FOR PRODUCTION NO. 11**:

All **DOCUMENTS** identified in Plaintiff **JAMES SARJEANT** responses to DAP's Form Interrogatories, Set One.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 12:**

All **DOCUMENTS** identified in Plaintiff **JAMES SARJEANT** responses to DAP's Special Interrogatories, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff incorporates plaintiff's objections and response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 13:**

All **DOCUMENTS** which support each of Plaintiff **JAMES SARJEANT** responses to DAP's Requests for Admission, Set One, that was not an unqualified admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection, overbroad. Burdensome, Not reasonably calculated to lead to discovery of admissible evidence. Plaintiff incorporates plaintiff's objections and response to Request No. 1.

DATED: February 26, 2024

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: ______________________
Henry A. Steinberg

Attorneys for Plaintiffs

3324696.1

9

PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**PROOF OF SERVICE**

***James Sarjeant and Lucretia Sarjeant v. City of Long Beach, et al.***
**Alameda County Superior Court Case No. 23CV052439**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On February 23, 2024, I served true copies of the following document(s) described as:

**PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:** I electronically served the document(s) by using the File & ServeXpress system. Participants in the case who are registered users will be served by the File & ServeXpress system. Participants in the case who are not registered users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 23, 2024, at Oakland, California.

______________________________
Rosa Cervantes

3324696.1
10
PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**SERVICE LIST**

BERKES, CRANE, SANTANA & SPANGLER llP
515 S. Figueroa Street, Suite 1500
Los Angeles CA 90071
Telephone: (213) 955-1150
Facsimile: (213) 955-1155
FOR: OWL COMPANIES, OWL COMPANIES pae/et/jv/sii SMITH-AMELCO, OWL CONST fka HC SMITH CONST

COUNSEL UNKNOWN
FOR: AMERICAN PRESIDENT LINES, LLC, AMERICAN PRESIDENT LINES, LLC sii/pae/et AMERICAN PRESIDENT LINES, LTD, AMERICAN PRESIDENT LINES, LLC. sii/pae/et of AMERICAN MAIL LINE, BASCO DRYWALL & PAINTING CO. , CITY OF LONG BEACH, HERRICK STEEL, INC., HERRICK STEEL, INC. sii/pae/et/jv TECHNI-BUILDERS, INC. , HONEYWELL INTERNATIONAL INC. fka ALLIED SIGNAL INC., HONEYWELL INTERNATIONAL INC. fka ALLIED SIGNAL/sii/pae/et BENDIX

DeHAY & ELLISTON, LLP
100 Pringle Avenue
Suite 700
Walnut Creek CA 94596
Telephone: 510-433-1830
Facsimile: (866) 611-8690
FOR: VANDERBILT MINERALS, LLC, VANDERBILT MINERALS, LLC sii INTERNATIONAL TALC COMPANY, INC., VANDERBILT MINERALS, LLC sii R.T. VANDERBILT COMPANY, INC.

FOLEY & MANSFIELD PLLP
2185 N. California Boulevard, Suite 575
Walnut Creek CA 94596
Telephone: (510)590-9500
Facsimile: (510)590-9595
FOR: KAISER GYPSUM COMPANY, INC.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine CA 92614
Telephone: (949)255-6950
Facsimile: (949)474-2060
FOR: AMELCO CORP sii/pae/jv/eq/AMELCO CORP, AMELCO INDUST and SMITH-AMELCO, AMELCO CORPORATION, AMELCO INDUSTRIES

HUGO PARKER LLP
240 Stockton Street, 8th Floor
San Francisco CA 94108
Telephone: (415)808-0300
Facsimile: (415)808-0333
FOR: FOSTER WHEELER LLC

HUSCH BLACKWELL LLP
1999 Harrison St.
Suite 700
Oakland CA 94612
Telephone: (510)768-0650
Facsimile: (510)768-0651
FOR: METALCLAD INSULATION CORP., METALCLAD INSULATION LLC sii/pae/et METALCLAD INSULATION CORPORATION

IMAI, TADLOCK, KEENEY & CORDERY LLP
1660 S. Amphlett Blvd., Suite 300
San Mateo CA 94402
Telephone: (415) 260-4595
Facsimile: (415) 329-2244
FOR: ALLIED FLUID PRODUCTS CORP. fka ALLIED PACKING & SUPPLY, INC.

KEVIN JAMISON LAW, PC
825 East 4th Street, Suite 204
Los Angeles CA 90013
Telephone: (213)246-2732
Facsimile: (626)314-1833
FOR: PARAMOUNT GLOBAL fka VIACOMCBS Inc fka CBS Corp a Penn Corp, etc

LEADER BERKON COLAO & SILVERSTEIN LLP
660 South Figueroa Street
Suite 1150
Los Angeles CA 90017
Telephone: (213) 234-1750
Facsimile: (213) 234-1747
FOR: IMO INDUSTRIES, INC., IMO INDUSTRIES, INC. sii/pae/et of DELAVAL STEAM TURBINE

MORGAN, LEWIS & BOCKIUS
Spear Street Tower
One Market Plaza
San Francisco CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
FOR: GRINNELL LLC, HILL BROTHERS CHEMICAL COMPANY, KELLY-MOORE PAINT COMPANY, INC., KM INDUSTRIES HOLDING CO., INC. fka KELLY-MOORE PAINT COMPANY, INC.

MORGAN, LEWIS & BOCKIUS
300 South Grand Avenue
Twenty-Second Floor
Los Angeles CA 90071-3132
Telephone: (213) 612-2500
Facsimile: (213) 612-2501
FOR: GRINNELL LLC, HILL BROTHERS CHEMICAL COMPANY, KELLY-MOORE PAINT COMPANY, INC., KM INDUSTRIES HOLDING CO., INC. fka KELLY-MOORE PAINT COMPANY, INC.

PRINDLE, GOETZ, BARNES & REINHOLTZ LLP
One World Trade Center
Suite 1100
Long Beach CA 90831
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
FOR: SYD CARPENTER MARINE CONTRACTOR, INC.

SPANOS PRZETAK
555 12th Street
Suite 2060
Oakland CA 94607
Telephone: (510) 250-0200
Facsimile: (510) 380-6354
FOR: DESIGNATED DEFENSE COUNSEL

TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles CA 90071-2223
Telephone: (213) 430-3574
Facsimile: (213) 430-3409
FOR: DINERS CLUB INTL LTD. fka THE DINERS CLUB,INC. (sued ind sii DQM CORP)

TUCKER ELLIS LLP
201 Mission Street, Suite 2310
San Francisco CA 94105
Telephone: (415)617-2400
Facsimile: (415)617-2409
FOR: DAP, INC k/n/a LA MIRADA PRODUCTS CO., INC., DINERS CLUB INTL LTD. fka THE DINERS CLUB,INC. (sued ind sii DQM CORP), PFIZER, INC.

WFBM, LLP
255 California Street, Suite 525
San Francisco CA 94111
Telephone: (415) 781-7072
Facsimile: (415) 391-6258
FOR: GENERAL ELECTRIC COMPANY

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

3324696.1
12
PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

INTENTIONALLY BLANK

E-SERVICE
72169813
Feb 26 2024
09:26PM
File & ServeXpress

John L. Langdoc, Esq. (C.S.B. #235509)
jlangdoc@kazanlaw.com
Henry A. Steinberg, Esq. (C.S.B. #284998)
hsteinberg@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JAMES SARJEANT and LUCRETIA SARJEANT,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH,<br><br>Defendant. | Case No. 23CV052439<br><br>ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO:<br>HON. PATRICK MCKINNEY<br>DEPARTMENT 18<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S SPECIAL INTERROGATORIES, SET ONE**<br><br>Action Filed: November 20, 2023 |

PROPOUNDING PARTY: DEFENDANT, DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.

RESPONDING PARTY: PLAINTIFFS, JAMES SARJEANT AND LUCRETIA SARJEANT

SET NO.: ONE (1)

**SPECIAL INTERROGATORY NO. 1:**

Identify all **DAP** products by name, as set forth on the label of the product, that **YOU** allege released asbestos fibers that were subsequently inhaled by Plaintiff **JAMES SARJEANT**.

(For purposes of these interrogatories, "**YOU**" and "**YOUR**" shall mean the party(ies) responding to these interrogatories, their agents, attorneys, or anyone else acting on their behalf or

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

at their request.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1**:

Plaintiff objects that this interrogatory is grossly overbroad and compound, may prematurely seek expert opinion, is not reasonably calculated to lead to the discovery of admissible evidence, may seek to invade attorney work product and or the attorney client privilege, and is therefore harassing. Plaintiff further objects to the extent this interrogatory seeks protected attorney work product such as the identification of or opinions of consultant expert witnesses, the premature disclosure of trial witnesses, or the anticipated testimony of witnesses. C.C.P. § 2018.030; *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, Plaintiff responds: Plaintiff's attorneys' investigation has revealed that Mr. Sarjeant may have been exposed to asbestos through various types of work, including Mr. Sarjeant's work at the Todd Shipyard from about 1960 through 1964, his own work on vehicles from the 1960s through the 1990s, his work on the Queen Mary in 1968 and 1969, and his own home remodel work, at several locations, which included work with Kaiser Gypsum joint compound and textures, and DAP caulking and window glazing. In San Clemente in about 1969 and continuing through the 1970s and 1980s, Plaintiff performed work with DAP caulking, for corners and seams, and with DAP '33' glazing for windows. Plaintiff used several different types of DAP caulking, and recalls using DAP painters caulk when performing work on his homes in San Clemente, including in the early 1970s. When Plaintiff used DAP Painters Caulk, some of the caulk would get on his clothes and on rags, and it dried out and created some dust. When Plaintiff used DAP 33 glaze to repair windows, Plaintiff sanded the glaze after it dried, to ensure it was smooth before painting it. This too created dust. The DAP products contained intentionally added asbestos, and then contained asbestos containing talc, and Plaintiff breathed the dust from this glaze and caulk.

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

At all relevant times, DAP manufactured and sold asbestos-containing glazing and caulking compounds used in construction. While DAP's products were generally applied 'wet', once they dried in place or on a workers' hands, tools, and clothing, any scraping, trimming, or cleanup of these products would cause the release of respirable asbestos. DAP concedes that until 1978, its products containing Carey Canadian, Johns Manville and/or Cailgrey/Union Carbide asbestos fiber included RELY-ON Caulk R, Bedding Compound, '33' Glazing Compound, '1012' Glazing Compound, Metal Sash Putty, Annglaze Type M, '1012 A' Glazing Compound, Architectural Caulk, Gun Grade, Glastik, One Part Acrylic, Painter's Caulk, Butyl-Flex, '1231' Glazing, Rope Caulk, Mill Glaze Glazing Compound, PrimeJess Putty, Bowl Setting Compound, Butyl Gutter and Lap Sealer, Blacktite, Architectural Caulk, Knife Grade, Twin-T-Tape, Pacer Butyl Caulk, Panel & Drywall Adhesive, Acoustical Sealant, Twin T Slugs (Rubber Seal), and White Caulking Compound, Knife Grade. After 1978, DAP continued to incorporate asbestos-containing talc in larger and larger percentages and so DAP's products continued to contain asbestos into the 1980s and 1990s. DAP knew and should have known of the dangers of asbestos generally and of asbestos in its products, yet and failed to take reasonable measures to protect foreseeably exposed persons and continue to place asbestos-containing products into the stream of commerce after DAP knew of those severe hazards. Such failure to disclose the harmful nature of its products is intentional, and Plaintiff was exposed to asbestos dust and debris generated by the use of DAP's asbestos-containing products. DAP never warned plaintiff or any user of its products that its asbestos-containing products could cause cancer and mesothelioma and that there is no safe level of exposure to asbestos to avoid contracting mesothelioma and failed to warn plaintiff and the users of its products of the risks and harm that can result from exposure to its asbestos-containing products. It failed to instruct users of its asbestos-containing products to employ safeguards to minimize the risks associated with asbestos exposure and never warned that its products increased the risk of developing mesothelioma.  DAP's actual knowledge is reflected in its own documents, including its April 22, 1971 "Asbestos Fiber-In-Air Survey". DAP attempted to obtain "dust free" asbestos fiber and temporary use of solvent wetting of the asbestos used in its manufacturing process to eliminate dust. By 1973 DAP had "bad OSHA problems – lots of dust",

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

and OSHA continued to cite DAP through at least 1978 for maintaining asbestos air concentrations above then-permissible limits in its manufacturing plants. Despite all of this knowledge and information, DAP waited until 1978 to remove asbestos as an added ingredient to its products, and even then used asbestos-containing talc as the substitute for asbestos, rendering its removal of asbestos as an ingredient meaningless. DAP falsely informed its wholesalers, customers and the United States government that it had completely eliminated the use of asbestos from the formulation of all of its products. Further, by 1983, DAP was aware that despite the removal of asbestos as an added ingredient in its product formulations, industrial hygiene surveys of DAP's manufacturing plants showed the presence of asbestos, due to its use of asbestos-contaminated talc, and that because of the presence of tremolite asbestos in collected bulk samples, DAP would have to conduct asbestos monitoring in accordance with OSHA regulations.

In 1983, DAP contested a report by the Industrial Commission of Ohio; the Commission declined DAP's demands that the report be amended. In 1989, DAP was again put on notice that the talc it used in its products was contaminated with asbestos when the Industrial Commission of Ohio investigated an occupational disease claim made by one of DAP's plant employees. In response, DAP continued to use asbestos-contaminated talc, as evidence by further testing of DAP's allegedly asbestos-free products in 2007 and 2010, which revealed that DAP's products still contain asbestos. Despite this knowledge, DAP failed to take reasonable steps to protect or warn users of its products, or to correct misleading statements DAP made about those products, well after the hazards of asbestos were actually known to DAP. DAP attempted to persuade the United States Consumer Products Safety Commission to narrow its definition of "patching compounds", commenting, "While we agree with the Commission on the ban of certain consumer patching compounds as stated above, we must point out that the Commission has recognized that asbestos is found in the air, water and land in minute concentrations. The zero tolerance level inferred in the Commission's proposal is in direct contrast to such knowledge." DAP attempted to persuade the Commission to limit its definition of "patching compounds" in order to exempt its own asbestos-containing non-patching compound products that contained rom any warning requirements. DAP was aware of the dangerous and defective nature of its asbestos-containing

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

products, when said products were used in their intended and reasonably foreseeable manner, and was aware that persons who foreseeably would be exposed to its asbestos-containing products were not aware of the dangerous nature of the products. But DAP took no action to appropriately warn users and delayed changing its formulas to eliminate asbestos. Indeed, the product DAP used to "replace" the asbestos used in the manufacture of its products was asbestos-contaminated talc. For additional information regarding DAP's knowledge and products, Plaintiff refers DAP to its own business records, of which Plaintiff has prepared no compilation, abstract, or summary, and thus refers DAP to CCP 2030.230. For additional information regarding Mr. Sarjeant's work history and exposure, Plaintiff refers Defendant to Plaintiff's Responses to Joint Defense Interrogatories, Social Security records, Plaintiff's forthcoming deposition transcript and exhibits thereto, and medical records. All of these documents are in the possession or equally available to Defendant. Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for Plaintiff as for Defendant, and the documents are equally available, Plaintiff refers Defendant to C.C.P. § 2030.230.

**SPECIAL INTERROGATORY NO. 2:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, please set forth the date and location where the asbestos fibers were released that were subsequently inhaled by Plaintiff **JAMES SARJEANT**.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff incorporates Plaintiff's objections and response to Interrogatory No. 1.

**SPECIAL INTERROGATORY NO. 3:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, please set forth the activities performed that caused asbestos fibers to be released from that product that were subsequently inhaled by Plaintiff **JAMES SARJEANT**.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff incorporates Plaintiff's objections and response to Interrogatory No. 1.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**SPECIAL INTERROGATORY NO. 4:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, please identify the person(s) performing the activities in connection with that product that caused fibers to be released that were subsequently inhaled by Plaintiff **JAMES SARJEANT**.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of Plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; Snyder v. Sup. Ct. (2007) 157 Cal.App.4th 1530, 1536. Plaintiff further objects that rather than properly seeking the facts underlying Plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5*; Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiff objects to this interrogatory as violative of the attorney work-product doctrine. C.C.P. §§ 2018.020(b) and 2018.030(b). Plaintiff also objects that this interrogatory seeks information equally if not more readily available to defendant than to Plaintiff. *Bunnell v. Sup. Ct.* (1967) 254 Cal.App.2d 720, 723. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others. Based on a diligent search and reasonable inquiry under Code Civ. Proc. §2030.220, and without waiving any objections, Plaintiff identifies: James Sarjeant. Investigation and discovery is ongoing as to whether there may be additional witnesses to any of Mr. Sarjeant's work with DAP. Plaintiffs' counsel notes that Mrs. Sarjeant has severe Alzheimer's and therefore is not a witness.

**SPECIAL INTERROGATORY NO. 5:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, please

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

identify by name, last known address, and last known telephone number all persons who were present or witnessed the activities that caused asbestos fibers to be released that were subsequently inhaled by Plaintiff **JAMES SARJEANT**.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff incorporates Plaintiff's objections and response to Interrogatory No. 4.

**SPECIAL INTERROGATORY NO. 6:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, please **IDENTIFY** all **DOCUMENTS** that support **YOUR** claim that Plaintiff **JAMES SARJEANT** inhaled asbestos fibers released from that product.

(For purposes of these interrogatories, "**IDENTIFY**," when used in reference to a **DOCUMENT**, shall mean to describe the **DOCUMENT**, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and last known address of the present custodian of such **DOCUMENT**. If any such **DOCUMENT** is no longer in **YOUR** possession or subject to **YOUR** control, state what disposition was made and the time and date of such disposition, identifying the person having knowledge of its content.)

For purposes of these interrogatories, "**DOCUMENT**" shall mean any writing, as defined in Evidence Code § 250, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of record upon any tangible thing and form of communicating or representation, including letters, words or pictures.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff objects to the extent this interrogatory seeks protected attorney work product such as the identification of consultant expert witnesses, the premature disclosure of trial witnesses, or the anticipated testimony of witnesses. C.C.P. § 2018.030; *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiff objects that this interrogatory is grossly overbroad, may prematurely seek expert opinion, is not reasonably calculated to lead to the discovery of admissible evidence, may seek to invade attorney work product and or the attorney client privilege, and is therefore harassing. Plaintiff further objects that this request is a violation of the

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. §2030.220(c), and without waiving any objection, Plaintiff identifies: Plaintiff James Sarjeant's responses to Joint Defense Interrogatories, employment records, medical records, and medical billing records, produced to Defendants and/or made equally available by means of executed authorizations.

Plaintiff further identifies the following documents: Defendant's responses to written discovery, including Standard Interrogatories, and document production in *Duncan v. Advocate Mines, et al.*, Alameda County Superior Court Case No. RG04142570; *Fenstermaker v. Ace Hardware, et al.,* Alameda County Superior Court No. RG11580128; .*Martin v. Ace Hardware Company*, et al., Alameda County Superior Court Case No. RG06253890; *Ricker v. Allied Packing Supply, Inc., et al.*, Alameda County Superior Court Case No. RG10496251; *Weston v. Asbestos Corporation Limited, et al.*, Alameda County Superior Court Case No. RG08426405; *Zampa v. Georgia-Pacific LLC, et al.,* Alameda County Superior Court Case No. RG16836998. and *Patterson v. Kelley Moore Paint Company, et al.,* Alameda County Superior Court Case No. RG18918267; Defendant's responses to Plaintiff's Master General Interrogatories, Requests for Production to Defendants,, Responses to Plaintiff's Specific Interrogatories, and Requests for Production in *Daly v. A.W. Chesterton, et al.,* In the District Court for Harris County, Texas, 11th Judicial District, Cause No. 2005-3530. Defendant's responses to Plaintiff's Interrogatories in *In Re: All Asbestos Litigation Filed by Wise & Julian, P.C.*, In the Circuit Court, Third Judicial Circuit, Madison County, Illinois, December 7, 2000. Defendant's Answers and Objectsions to Plaintiff's Master Interrogatories for Manufacturer/Distributor in *Koontz v. ACandS, Inc., et al.*, In the Marion County Superior Court, Civil Division, Cause No. 49D02-9601-MX-0001-688 Testimony and all exhibits thereto of Defendant's officers, managers, directors, employees, agents, and corporate designees, including: James Blackburn, April 28, 1992 in *Harris v. Carey Canada, et al.*, Napa County Superior Court Case No. 913855, reported by Chris De George: William Gooch, May 12, 1992 in *Harris v. Carey Canada, et al.*, San Francisco Superior Court Case No. 913555, reported by Daniel, Dillinger, Dominski, Richberger, Weatherford & Parker Court

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

Reporters, (901) 529-1999: Harry Solmson, May 13, 1992 in *Harris v. Carey Canada, et al.*, San Francisco Superior Court Case No. 913555, reported Accredited Court Reporting, (813) 364-8400; Ward Treat taken February 5, 2009 and following in *Dixon v. A.W. Chesterton Company, et al.,* San Francisco Superior Court Case No. 429770, reported by Tooker & Antz; taken January 13, 2010 in *Johnson v. 3M Company, et al.*, Superior Court of New Jersey, Law Division - Middlesex County, Docket No. MID-L-2994-09 AS, reported by Brody Deposition Services (908) 789-2000; taken April 20, 2011 in *Adamkovic Estate v. 3M Company, et al.*, Court of Common Pleas, Philadelphia County, Pennsylvania, No. 0239, reported by Magna Legal Services (866) 624-6221. Defendants' business records. Plaintiff further identifies the following documents: Formulas and other documents Bates numbered TX-DALY-0249-0405; Documents Bates numbered DAP/NABORS0000063-0000180; January 30, 1961 DAP White Caulking Compound Formula No. 1230-228, Alternate Formula with Carey Asbestos; April 22, 1971 DAP, Inc. Asbestos Fiber-in-Air Survey by McNamara, Houston, Dodge, McClure & Ney; January 28, 1972 letter from H.M. May, Technical Sales Manager, Canadian Johns Manville Asbestos to D.H. Montgomery, Manager of Purchasing, DAP, Inc., concerning the labeling of asbestos fiber provided to Defendant; July 19, 1972 National Paint & Coatings Association Safety & Health Bulletin; June 6, 1973 letter from Carey-Canadian Mines, Ltd. to L.H. Poorman; July 17, 1973 letter from Marvin W. Sage, Assistant Technical Director, Research Division, DAP, Inc. to James F. Reis, Product Manager, Asbestos Fiber Sales, Johns-Manville Sales Corporation regarding the companies' "mutual problem with government regulation"; December 7, 1973 Johns-Manville memorandum re "Asbestos & Health Presentations"; 1975 OSHA inspection and sampling of DAP, Inc.'s Dallas, Texas plant; June 6, 1975 DAP White Caulking Compound Temporary Formula No. 1230-531; June 6, 1975 DAP White Caulking Compound Temporary Formula No. 1230-532; June 9, 1975 DAP White Caulking Compound Temporary Formula No. 1230-530; June 9, 1975 DAP White Caulking Compound Temporary Formula No. 1230-533; June 30, 1975 internal formulas #1552, #1553, #1538, #1540 from Ward Treat to Bill Williams re DAP Caulking Compound, White; December 28, 1976 departmental correspondence dated December 28, 1976 regarding "Status of Asbestos Reformulation Projects"; March 28, 1977 letter from James F. Reis, Market

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

Manager, Asbestos Fiber Sales, Johns-Manville Sales Corporation to J.D. Bonfiglio, DAP Inc,, enclosing a Material Safety Data Sheet for Johns-Manville chrysotile asbestos fiber; June 1977 citation by the California Division of Industrial Safety to Defendant's San Jose plant for asbestos fiber in excess of allowable limits; February 28, 1979 Formula Information sheet, DAP Architectural Caulk, No. 1837; July 26, 1983 Temporary DAP Product Formula No. 1230-0567; August 12, 1983 Industrial Commission of Ohio correspondence and industrial hygiene survey, and associated correspondence from Defendant ; July 20, 1989 Industrial Commission of Ohio investigation of occupational disease at Defendant's facility; April 13, 1992 letter from Ohio Bureau of Workers' Compensation regarding asbestosis claim of Defendant's former employee; Undated letter from Dap president P.J. Davis to Dap distributors regarding spackling compound; February 1, 1978 from K.M. Frawley, General Sales Manager to Dap customers regarding spackling compound; September 1, 1977 letter from Dap to Consumer Product Safety Division re spackling compound; defendant's April 22, 1971 "Asbestos Fiber-In-Air Study; Written communication between defendant and Johns-Manville, including Johns-Manville's May 21, 1973 call report; Johns-Manville Research and Engineer Center October 28, 1974 memorandum re Visit to Dap; Johns-Manville's April 6, 1973 memorandum re Dap, Inc.; July 11, 1973 correspondence from JohnsManville to Dap, July 17, 1973 from Dap to Johns-Manville; "Analysis for Asbestos Content in Commonly Available Products," dated November 15, 2007; "Analysis for Asbestos Content in Commonly Available Dap Brand Products," dated November 17, 2005; November 28, 2007 ADAO Press Release, "Asbestos Disease Awareness Organization Releases Findings that Reveal Evidence of Asbestos in Everyday Products"; November 27, 2007 Seattle Post-Intelligencer article "Asbestos turns up in toys, children's clay"; "Analysis for Asbestos in Commonly Available DAP Brand Products," dated September 17, 2010. Plaintiff further identifies all documents, including product formula specifications and formula cards, produced by Defendant produced in *Weston v. Asbestos Corporation Limited, et al.,* Alameda County Superior Court Case No. RG08426405. Plaintiff believes Defendant is in possession of these documents.

**SPECIAL INTERROGATORY NO. 7:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, do **YOU**

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

allege that asbestos fibers were included in that product as an intentional ingredient listed as such on the formula card when the product was manufactured by DAP?

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff objects that this Interrogatory is overly broad and impermissibly compound. Plaintiff additionally objects to the extent this interrogatory calls for premature expert opinion. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also the "party(ies) responding to these interrogatories, their agents, attorneys, or anyone else acting on their behalf or at their request." Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, Plaintiff responds: Yes.

**SPECIAL INTERROGATORY NO. 8:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, do you allege that the asbestos fibers that were released from that product and subsequently inhaled by Plaintiff **JAMES SARJEANT** were included in that product as part of talc that was included as a component in the original manufacture of that product by DAP?

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Plaintiff objects that this Interrogatory is overly broad and impermissibly compound. Plaintiff additionally objects to the extent this interrogatory calls for premature expert opinion. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also the "party(ies) responding to these interrogatories, their agents, attorneys, or anyone else acting on their behalf or at their request." Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, Plaintiff responds: Yes.

**SPECIAL INTERROGATORY NO. 9:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, are you aware of any work practice simulation studies performed to study that product.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Plaintiff objects that this interrogatory is impermissibly compound. Plaintiff objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff additionally objects to the extent this interrogatory calls for premature expert opinion. Plaintiff also objects to the phrase "work practice simulation studies" as undefined and unintelligible. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also the "party(ies) responding to these interrogatories, their agents, attorneys, or anyone else acting on their behalf or at their request." Subject to and without waiving those objections, Plaintiff Mr. Sarjeant is unaware of responsive studies, and Plaintiffs' counsel is aware of Dr. Compton's studies.

**SPECIAL INTERROGATORY NO. 10:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, are you aware of any studies or testing that evaluate fiber release from that product.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Plaintiff objects that this interrogatory is impermissibly compound. Plaintiff objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff additionally objects to the extent this interrogatory calls for premature expert opinion. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also the "party(ies) responding to these interrogatories, their agents, attorneys, or anyone else acting on their behalf or at their request." Subject to and without waiving those objections, Plaintiff Mr. Sarjeant is unaware of responsive studies, and Plaintiffs' counsel is aware of Dr. Compton's studies.

**SPECIAL INTERROGATORY NO. 11:**

If your response to Special Interrogatory Nos. 9 or 10 is in the affirmative, please set forth the study by title, names(s) of author(s), and year that the study was performed.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Plaintiff objects that this interrogatory is impermissibly compound. Plaintiff objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff additionally objects to the extent this interrogatory calls for premature expert opinion. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also the "party(ies) responding to these interrogatories, their agents, attorneys, or anyone else acting on their behalf or at their request." Subject to and without waiving those objections, Plaintiff Mr. Sarjeant is unaware of responsive studies, and Plaintiffs' counsel is aware of Dr. Compton's studies. Any further response would invade attorney work product doctrine by forcing Plaintiffs' counsel to undertake investigation relating to testimony by expert witnesses who have not been disclosed in this matter at the time of drafting this response.

**SPECIAL INTERROGATORY NO. 12:**

For each product listed in **YOUR** response to Special Interrogatory No. 1, above, are you aware of any bulk sampling or testing performed on that product to determine the presence of asbestos?

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Plaintiff objects that this interrogatory is impermissibly compound. Plaintiff objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also the "party(ies) responding to these interrogatories, their agents, attorneys, or anyone else acting on their behalf or at their request." Plaintiff additionally objects to the extent this interrogatory calls for premature expert opinion.

**SPECIAL INTERROGATORY NO. 13:**

If **YOUR** response to Special Interrogatory No. 12 is in the affirmative, please set forth the names(s) of people who performed the test, the date the testing was performed, and the result of

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

the testing.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Not applicable.

**SPECIAL INTERROGATORY NO. 14:**

Set forth all facts upon which **YOU** base **YOUR** claim for punitive damages against **DAP**.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Plaintiff incorporates Plaintiff's objections and response to Interrogatory No. 1.

**SPECIAL INTERROGATORY NO. 15:**

For each fact listed in **YOUR** response to Special Interrogatory No. 14, above, please identify by name, last known address, and last known telephone number, all persons who have knowledge of that fact.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Plaintiff objects on the grounds and to the extent that this Interrogatory seeks information protected from disclosure by attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to the extent this interrogatory seeks protected attorney work product such as the identification of or opinions of consultant expert witnesses, the premature disclosure of trial witnesses, or the anticipated testimony of witnesses. C.C.P. § 2018.030; *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "YOU" and/or "YOUR" includes not only Plaintiff, but also plaintiff's attorney or others. Based on a diligent search and reasonable inquiry under Code Civ. Proc. §2030.220, and without waiving any objections, Plaintiff identifies: Plaintiff James Sarjeant, and physicians identified in Plaintiff's response to Joint Defense Interrogatory No. 11, previously served, and those persons and entities identified in defendant's and co-defendants' responses to Standard Interrogatories to Defendants (GO 29 and 129) in In re San Francisco County Complex Asbestos Litigation; Alameda County Dieden Interrogatories; Los Angeles Superior Court General Order 17 Interrogatories; Orange County Superior Court Standard Interrogatories; and responses to discovery and documents produced by defendant in litigation throughout the United States. Plaintiff further identifies Defendant through its officers, directors,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

managers, agents, employees, and/or corporate designees, including but not limited to Ward Treat, James Blackburn, William Gooch, and Harry Solmson, presumably c/o Defendant's counsel of record.

**SPECIAL INTERROGATORY NO. 16:**

For each fact listed in **YOUR** response to Special Interrogatory No. 14, above, please **IDENTIFY** all **DOCUMENTS** that support that fact.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Plaintiff incorporates Plaintiff's objections and response to Interrogatory No. 6.

**SPECIAL INTERROGATORY NO. 17:**

Set forth each fact, not stated in your response to the Special Interrogatories above, that supports any cause of action that **YOU** have alleged against **DAP** in this case.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Plaintiff objects on the grounds and to the extent that this Interrogatory is vague, overly broad, unintelligible, not reasonably calculated, invades attorney work product as to what type of additional facts may support, unduly burdensome, and calls for premature expert opinion.

**SPECIAL INTERROGATORY NO. 18:**

For each fact listed in your response to Special Interrogatory No. 17, identify all persons, by name, last known address and last known telephone number, who have knowledge of that fact.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Plaintiff objects on the grounds and to the extent that this Interrogatory is vague, overly broad, unintelligible, not reasonably calculated, invades attorney work product as to what type of additional facts may support, unduly burdensome, and calls for premature expert opinion.

**SPECIAL INTERROGATORY NO. 19:**

For each fact listed in your response to Special Interrogatory No. 17, **IDENTIFY** all **DOCUMENTS** that support that fact.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Plaintiff objects on the grounds and to the extent that this Interrogatory is vague, overly broad, unintelligible, not reasonably calculated, invades attorney work product as to what type of

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

additional facts may support, unduly burdensome, and calls for premature expert opinion.

DATED: February 26, 2024

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: ______________________
Henry A. Steinberg

Attorneys for Plaintiffs

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**PROOF OF SERVICE**

***James Sarjeant and Lucretia Sarjeant v. City of Long Beach, et al.***
**Alameda County Superior Court Case No. 23CV052439**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On February 23, 2024, I served true copies of the following document(s) described as:

**PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. K/N/A LA MIRADA PRODUCTS CO., INC.'S SPECIAL INTERROGATORIES, SET ONE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:** I electronically served the document(s) by using the File & ServeXpress system. Participants in the case who are registered users will be served by the File & ServeXpress system. Participants in the case who are not registered users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 23, 2024, at Oakland, California.

____________________________
Rosa Cervantes

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**SERVICE LIST**

BERKES, CRANE, SANTANA & SPANGLER llP
515 S. Figueroa Street, Suite 1500
Los Angeles CA 90071
Telephone: (213) 955-1150
Facsimile: (213) 955-1155
FOR: OWL COMPANIES, OWL COMPANIES pae/et/jv/sii SMITH-AMELCO, OWL CONST fka HC SMITH CONST

COUNSEL UNKNOWN
FOR: AMERICAN PRESIDENT LINES, LLC, AMERICAN PRESIDENT LINES, LLC sii/pae/et AMERICAN PRESIDENT LINES, LTD, AMERICAN PRESIDENT LINES, LLC. sii/pae/et of AMERICAN MAIL LINE, BASCO DRYWALL & PAINTING CO. , CITY OF LONG BEACH, HERRICK STEEL, INC., HERRICK STEEL, INC. sii/pae/et/jv TECHNI-BUILDERS, INC. , HONEYWELL INTERNATIONAL INC. fka ALLIED SIGNAL INC., HONEYWELL INTERNATIONAL INC. fka ALLIED SIGNAL/sii/pae/et BENDIX

DeHAY & ELLISTON, LLP
100 Pringle Avenue
Suite 700
Walnut Creek CA 94596
Telephone: 510-433-1830
Facsimile: (866) 611-8690
FOR: VANDERBILT MINERALS, LLC, VANDERBILT MINERALS, LLC sii INTERNATIONAL TALC COMPANY, INC., VANDERBILT MINERALS, LLC sii R.T. VANDERBILT COMPANY, INC.

FOLEY & MANSFIELD PLLP
2185 N. California Boulevard, Suite 575
Walnut Creek CA 94596
Telephone: (510)590-9500
Facsimile: (510)590-9595
FOR: KAISER GYPSUM COMPANY, INC.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine CA 92614
Telephone: (949)255-6950
Facsimile: (949)474-2060
FOR: AMELCO CORP sii/pae/jv/eq/AMELCO CORP, AMELCO INDUST and SMITH-AMELCO, AMELCO CORPORATION, AMELCO INDUSTRIES

HUGO PARKER LLP
240 Stockton Street, 8th Floor
San Francisco CA 94108
Telephone: (415)808-0300
Facsimile: (415)808-0333
FOR: FOSTER WHEELER LLC

HUSCH BLACKWELL LLP
1999 Harrison St.
Suite 700
Oakland CA 94612
Telephone: (510)768-0650
Facsimile: (510)768-0651
FOR: METALCLAD INSULATION CORP., METALCLAD INSULATION LLC sii/pae/et METALCLAD INSULATION CORPORATION

IMAI, TADLOCK, KEENEY & CORDERY LLP
1660 S. Amphlett Blvd., Suite 300
San Mateo CA 94402
Telephone: (415) 260-4595
Facsimile: (415) 329-2244
FOR: ALLIED FLUID PRODUCTS CORP. fka ALLIED PACKING & SUPPLY, INC.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

KEVIN JAMISON LAW, PC
825 East 4th Street, Suite 204
Los Angeles CA 90013
Telephone: (213)246-2732
Facsimile: (626)314-1833
FOR: PARAMOUNT GLOBAL fka VIACOMCBS Inc fka CBS Corp a Penn Corp, etc

LEADER BERKON COLAO & SILVERSTEIN LLP
660 South Figueroa Street
Suite 1150
Los Angeles CA 90017
Telephone: (213) 234-1750
Facsimile: (213) 234-1747
FOR: IMO INDUSTRIES, INC., IMO INDUSTRIES, INC. sii/pae/et of DELAVAL STEAM TURBINE

MORGAN, LEWIS & BOCKIUS
Spear Street Tower
One Market Plaza
San Francisco CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
FOR: GRINNELL LLC, HILL BROTHERS CHEMICAL COMPANY, KELLY-MOORE PAINT COMPANY, INC., KM INDUSTRIES HOLDING CO., INC. fka KELLY-MOORE PAINT COMPANY, INC.

MORGAN, LEWIS & BOCKIUS
300 South Grand Avenue
Twenty-Second Floor
Los Angeles CA 90071-3132
Telephone: (213) 612-2500
Facsimile: (213) 612-2501
FOR: GRINNELL LLC, HILL BROTHERS CHEMICAL COMPANY, KELLY-MOORE PAINT COMPANY, INC., KM INDUSTRIES HOLDING CO., INC. fka KELLY-MOORE PAINT COMPANY, INC.

PRINDLE, GOETZ, BARNES & REINHOLTZ LLP
One World Trade Center
Suite 1100
Long Beach CA 90831
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
FOR: SYD CARPENTER MARINE CONTRACTOR, INC.

SPANOS PRZETAK
555 12th Street
Suite 2060
Oakland CA 94607
Telephone: (510) 250-0200
Facsimile: (510) 380-6354
FOR: DESIGNATED DEFENSE COUNSEL

TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles CA 90071-2223
Telephone: (213) 430-3574
Facsimile: (213) 430-3409
FOR: DINERS CLUB INTL LTD. fka THE DINERS CLUB,INC. (sued ind sii DQM CORP)

TUCKER ELLIS LLP
201 Mission Street, Suite 2310
San Francisco CA 94105
Telephone: (415)617-2400
Facsimile: (415)617-2409
FOR: DAP, INC k/n/a LA MIRADA PRODUCTS CO., INC., DINERS CLUB INTL LTD. fka THE DINERS CLUB,INC. (sued ind sii DQM CORP), PFIZER, INC.

WFBM, LLP
255 California Street, Suite 525
San Francisco CA 94111
Telephone: (415) 781-7072
Facsimile: (415) 391-6258
FOR: GENERAL ELECTRIC COMPANY

INTENTIONALLY BLANK

E-SERVICE 72169813 Feb 26 2024 09:26PM File & ServeXpress

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

John L. Langdoc, Esq. (C.S.B. #235509)
jlangdoc@kazanlaw.com
Henry A. Steinberg, Esq. (C.S.B. #284998)
hsteinberg@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

JAMES SARJEANT and LUCRETIA SARJEANT,

Plaintiffs,

vs.

CITY OF LONG BEACH,

Defendant.

Case No. 23CV052439

ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO:
HON. PATRICK MCKINNEY
DEPARTMENT 18

**PLAINTIFFS' RESPONSES TO DEFENDANT DAP, INC. k/n/a LA MIRADA PRODUCTS CO., INC.'S FORM INTERROGATORIES, SET ONE**

Action Filed: November 20, 2023

PROPOUNDING PARTY: DEFENDANT, DAP INC. K/N/A LA MIRADA PRODUCTS CO., INC.

RESPONDING PARTY: PLAINTIFFS, JAMES SARJEANT AND LUCRETIA SARJEANT

SET NO.: ONE (1)

**FORM INTERROGATORY NO. 8.3:**

State the last date before the **INCIDENT** that you worked for compensation.

**RESPONSE TO FORM INTERROGATORY NO. 8.3:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

confusing. Mr. Ochoa has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects to this Interrogatory to the extent it has already been propounded and responded to by Plaintiff in Plaintiff's Response to Joint Defense Interrogatory Nos. 48-50, rendering the instant Interrogatory harassing, burdensome, oppressive, and seeking information that is equally available to and in the possession of Defendant. Plaintiff further objects that this Interrogatory seeks information that has already been provided in response to the Joint Defense Interrogatories. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving these objections, Plaintiff responds: 1997 (exact date unknown).

**FORM INTERROGATORY NO. 8.4:**

State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.4:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing as Mr. Sarjeant was exposed over decades. Plaintiff also objects to this Interrogatory to the extent it has already been propounded and responded to by Plaintiff in Plaintiff's Response to Joint Defense Interrogatories, rendering the instant Interrogatory harassing, burdensome, oppressive, and seeking information that is equally available to and in the possession of Defendant. Plaintiff further objects that this Interrogatory seeks information that has already been provided in response to the Joint Defense Interrogatories.

**FORM INTERROGATORY NO. 8.7:**

State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.7:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

occurrence or breach of contract giving rise to this action or proceeding”] as unintelligible and confusing as Mr. Sarjeant was exposed over decades. Plaintiff objects to this Interrogatory on the grounds and to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine, and seeks premature discovery of expert information (Code Civ. Proc. § 2034.010 et seq.) and an expert opinion from a lay witness (Evid. Code § 800). Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving these objections, Plaintiff responds: Plaintiff's economic losses are still being determined and will be presented at the appropriate time by Plaintiff's designated expert witnesses.

**FORM INTERROGATORY NO. 8.8:**

Will you lose income in the future as a result of the **INCIDENT**? If so, state:

(a) the facts upon which you base this contention;

(b) an estimate of the amount;

(c) an estimate of how long you will be unable to work; and

(d) how the claim for future income is calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.8:**

Plaintiff objects to the phrase “at the time of the incident” and defendants definition of “incident” [“the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding”] as unintelligible and confusing as Mr. Sarjeant was exposed over decades. Plaintiff objects to this Interrogatory on the grounds and to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine, and seeks premature discovery of expert information (Code Civ. Proc. § 2034.010 et seq.) and an expert opinion from a lay witness (Evid. Code § 800). Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving these objections, Plaintiff responds: Plaintiff's economic losses are still being determined and will be presented at the appropriate time by Plaintiff's designated expert witnesses. Plaintiff will lose social security income, pension, and household services.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**FORM INTERROGATORY NO. 9.1:**

Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of damage state:

(a) the nature;

(b) the date it occurred;

(c) the amount; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

Plaintiff objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff also objects to this Requests as it seeks information already disclosed to defendants and thus equally available. When material to be discovered consists solely of documents available to both parties, it defeats the purpose of the Discovery Act to compel one party to perform another party's research. [*Bunnell*, 254 Cal.App.2d at 724.] Based upon a reasonable and good faith effort to obtain information pursuant to C.C.P. § 2030.220(c), and without waiving any objection, Plaintiff responds: Yes, Plaintiff refers defendant to Plaintiff's Responses to Joint Defense Interrogatories, medical records and medical bills. All of these documents are equally available to Defendant, and Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for Plaintiff as for Defendant, and the documents are equally available, Plaintiff refers Defendant to C.C.P. § 2030.230.

**FORM INTERROGATORY NO. 9.2:**

Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

Plaintiff objects to the extent this Interrogatory seeks information protected by the

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

attorney-client privilege and/or the attorney work-product doctrine. Plaintiff also objects to this Requests as it seeks information already disclosed to defendants and thus equally available. When material to be discovered consists solely of documents available to both parties, it defeats the purpose of the Discovery Act to compel one party to perform another party's research. [*Bunnell*, 254 Cal.App.2d at 724.] Based upon a reasonable and good faith effort to obtain information pursuant to C.C.P. § 2030.220(c), and without waiving any objection, Plaintiff responds: Yes, Plaintiff refers defendant to Plaintiff's Responses to Joint Defense Interrogatories, medical records and medical bills. All of these documents are equally available to Defendant, and Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for Plaintiff as for Defendant, and the documents are equally available, Plaintiff refers Defendant to C.C.P. § 2030.230.

**FORM INTERROGATORY NO. 11.1:**

Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;

(b) the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;

(d) the name, **ADDRESS**, and telephone number of any attorney representing you;

(e) whether the claim or action has been resolved or is pending; and

(f) a description of the injury.

**RESPONSE TO FORM INTERROGATORY NO. 11.1:**

Not applicable.

**FORM INTERROGATORY NO. 11.2:**

In the past 10 years have you made a written claim or demand for workers' compensation

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

benefits? If so, for each claim or demand state:

(a) the date, time, and place of the **INCIDENT** giving rise to the claim;

(b) the name, **ADDRESS**, and telephone number of your employer at the time of the injury;

(c) the name, **ADDRESS**, and telephone number of the workers' compensation insurer and the claim number;

(d) the period of time during which you received workers' compensation benefits;

(e) a description of the injury;

(f) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who provided services; and

(g) the case number at the Workers' Compensation Appeals Board.

**RESPONSE TO FORM INTERROGATORY NO. 11.2:**

Not applicable.

**FORM INTERROGATORY NO. 12.1:**

State the name, **ADDRESS**, and telephone number of each individual:

(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;

(b) who made any statement at the scene of the **INCIDENT**;

(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and

(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

and for decades thereafter. Plaintiff also objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks information equally available to defendants, seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiffs also object that this interrogatory seeks information equally if not more readily available to defendant than to plaintiffs. *Bunnell v. Sup. Ct.* (1967) 254 Cal.App.2d 720, 723. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "you and anyone acting on your behalf" includes not only Plaintiff, but also, "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf." Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving objections, Plaintiff responds: Plaintiff identifies himself; the medical professionals identified in Plaintiff's Response to Joint Defense Interrogatory No. 11 for treatment of his mesothelioma.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

**<u>FORM INTERROGATORY NO. 12.2</u>:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:

(a) the name, **ADDRESS**, and telephone number of the individual interviewed;

(b) the date of the interview; and

(c) the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

**<u>RESPONSE TO FORM INTERROGATORY NO. 12.2</u>:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks information equally available to defendants, seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

§ 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiffs also object that this interrogatory seeks information equally if not more readily available to defendant than to plaintiffs. *Bunnell v. Sup. Ct*. (1967) 254 Cal.App.2d 720, 723. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "you and anyone acting on your behalf" includes not only Plaintiff, but also, "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf."

**FORM INTERROGATORY NO. 12.3:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:

(a) the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

(b) the name, **ADDRESS**, and telephone number of the individual who obtained the statement;

(c) the date the statement was obtained; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 12.3:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks information equally available to defendants,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiffs also object that this interrogatory seeks information equally if not more readily available to defendant than to plaintiffs. *Bunnell v. Sup. Ct.* (1967) 254 Cal.App.2d 720, 723. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "you and anyone acting on your behalf" includes not only Plaintiff, but also, "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf."

**FORM INTERROGATORY NO. 12.4:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

films, or videotapes; and

(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

**RESPONSE TO FORM INTERROGATORY NO. 12.4:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks information equally available to defendants, seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiffs also object that this interrogatory seeks information equally if not more readily available to defendant than to plaintiffs. *Bunnell v. Sup. Ct.* (1967) 254 Cal.App.2d 720, 723. Plaintiff

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "you and anyone acting on your behalf" includes not only Plaintiff, but also, "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf."

**FORM INTERROGATORY NO. 12.5:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT**? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks information equally available to defendants, seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiffs also object that this interrogatory seeks information equally if not more readily available to defendant than to plaintiffs. *Bunnell v. Sup. Ct.* (1967) 254 Cal.App.2d 720, 723. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "you and anyone acting on your behalf" includes not only Plaintiff, but also, "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf."

**FORM INTERROGATORY NO. 12.6:**

Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects on the grounds and to the extent that this

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks information equally available to defendants, seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiffs also object that this interrogatory seeks information equally if not more readily available to defendant than to plaintiffs. *Bunnell v. Sup. Ct.* (1967) 254 Cal.App.2d 720, 723. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "you and anyone acting on your behalf" includes not only Plaintiff, but also, "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf."

**FORM INTERROGATORY NO. 12.7:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

2034.310); and

(b) the date of the inspection.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct*. (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct*., (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct*. (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "you and anyone acting on your behalf" includes not only Plaintiff, but also, "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

anyone else acting on your behalf."

**<u>FORM INTERROGATORY NO. 14.1</u>:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

**<u>RESPONSE TO FORM INTERROGATORY NO. 14.1</u>:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965)

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

234 Cal.App.2d 767, 781-782. Plaintiff further objects that this request is a violation of the attorney work-product doctrine, as Defendant's definition of "you and anyone acting on your behalf" includes not only Plaintiff, but also, "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf." Subject to and without waiving any objections, Plaintiff responds: Yes, Plaintiff believes and therefore alleges that defendants in this matter, including DAP Inc., and its agents, alternate entities, and predecessors-in-interest may have violated statutes and regulations pertaining to the asbestos content of their products and appropriate notifications concerning those products, as well as OSHA regarding the safety of workers involved in the manufacture and packaging of asbestos-containing products.

**FORM INTERROGATORY NO. 14.2:**

Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a) the name, **ADDRESS**, and telephone number of the **PERSON**;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**RESPONSE TO FORM INTERROGATORY NO. 14.2:**

Plaintiff objects to the phrase "at the time of the incident" and defendants definition of "incident" ["the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding"] as unintelligible and confusing. Mr. Sarjeant has been exposed to asbestos containing products beginning in the 1960s, continuing for decades. Plaintiff also objects on the grounds and to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Plaintiff objects that this interrogatory is overly broad and compound. Plaintiff further objects that this interrogatory violates the attorney work-product doctrine, seeks information equally available to defendants,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

seeks to ascertain the identification of consultant expert witnesses, seeks the premature disclosure of trial witnesses, or the anticipated testimony of said witnesses, and as such violates the attorney work-product doctrine. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 80-81. Plaintiffs object that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Plaintiffs further object that this interrogatory violates the attorney work-product doctrine as it essentially seeks what testimony these witnesses will provide at trial in support of plaintiff's contention plaintiff may have been exposed to asbestos from defendant's asbestos-containing products. *City of Long Beach v. Sup. Ct.* (1976) 64 Cal.App.3d 65, 73, 80; *Snyder v. Sup. Ct.* (2007) 157 Cal.App.4th 1530, 1536. Plaintiffs further object that rather than properly seeking the facts underlying plaintiff's contention, the interrogatory requires disclosure of counsels' evaluation and interpretation. C.C.P. § 2018.030; *Coito v. Sup. Ct.* (2012) 142 Cal.Rptr.3d 607, 619-620; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 5; *Flora Crane Service, Inc. v. Sup. Ct.* (1965) 234 Cal.App.2d 767, 781-782. Plaintiffs also object that this interrogatory seeks information equally if not more readily available to defendant than to plaintiffs. *Bunnell v. Sup. Ct.* (1967) 254 Cal.App.2d 720, 723. Subject to and without waiving any objections, Plaintiff responds: Plaintiff is unaware whether any person was cited or charged with a violation of any statute, ordinance, or regulation.

**FORM INTERROGATORY NO. 17.1:**

Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts upon which you base your response;

(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland,

**RESPONSE TO FORM INTERROGATORY NO. 17.1:**

Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), Plaintiff responds:

Request for Admission Nos 1-23

(a) Request for Admission Nos. 1-23;

(b)-(d) Not applicable. Plaintiff responded to these requests by objection only.

DATED: February 26, 2024

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: ______________________
Henry A. Steinberg

Attorneys for Plaintiffs