|   |   |
|---|---|
| 1 | Edward R. Hugo [Bar No. 124839] |
| 2 | Bina Ghanaat [Bar No. 264826]<br>Robert J. Bugatto [Bar No. 209418] |
| 3 | HUGO PARKER, LLP<br>240 Stockton Street, 8th Floor |
| 4 | San Francisco, CA 94108<br>Telephone: (415) 808-0300 |
| 5 | Facsimile: (415) 808-0333<br>Email: service@hugoparker.com |
| 6 | Attorneys for Defendant |
| 7 | FOSTER WHEELER LLC |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| JAMES SARJEANT and<br>LUCRETIA SARJEANT,<br><br>                      Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH, et al.,<br><br>                      Defendants. | Case No. 23CV052439<br><br>(Removed to federal court:<br>Case No. 4:24-cv-01216-KAW)<br><br>NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL<br><br>Action Filed:   November 20, 2023<br>Removal Filed:  February 28, 2024 |
|---|---|

TO THE HONORABLE JUDGE OF THE SUPERIOR COURT:

PLEASE TAKE NOTICE that Defendant Foster Wheeler LLC's Notice of Removal of this action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California (a copy of which Notice [without exhibits] is attached as **Exhibit A**) was duly filed in the United States District Court for the Northern District of California on February 28, 2024.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of this Notice, results in the removal of this action to federal court and deprives this Court of jurisdiction to proceed any further in this action.

1 | Dated: February 29, 2024        HUGO PARKER, LLP

By:  /s/ *Edward R. Hugo*
     Edward R. Hugo
     Bina Ghanaat
     Robert J. Bugatto
     Attorneys for Defendant
     FOSTER WHEELER LLC

# EXHIBIT A

| | |
|---|---|
| 1 | Edward R. Hugo [Bar No. 124839] |
| 2 | Bina Ghanaat [Bar No. 264826]<br>Robert Bugatto [Bar No. 209418] |
| 3 | HUGO PARKER, LLP<br>240 Stockton Street, 8th Floor |
| 4 | San Francisco, CA 94108<br>Telephone: (415) 808-0300 |
| 5 | Facsimile: (415) 808-0333<br>Email: service@HUGOPARKER.com |
| 6 | Attorneys for Defendant |
| 7 | FOSTER WHEELER LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT and<br>LUCRETIA SARJEANT,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CITY OF LONG BEACH;<br>ALLIED FLUID PRODUCTS CORP.; f/k/a Allied Packing & Supply, Inc.;<br>AMELCO CORPORATION, individually and as parent, alter-ego, equitable trustee, joint venture, and as successor-in-interest to Amelco Corporation, Amelco Industries, and Smith-Amelco;<br>AMELCO INDUSTRIES;<br>AMERICAN PRESIDENT LINES, LLC, individually, and as parent, alter-ego, equitable trustee, and as successor-in-interest to American President Lines, Ltd., and American Mail Line, Ltd.;<br>BASCO DRYWALL & PAINTING CO.;<br>DAP, INC., n/k/a La Mirada Products Co., Inc.;<br>DAP PRODUCTS INC.;<br>DINERS CLUB INTERNATIONAL LTD., formerly known as The Diners Club, Inc., sued individually and as alter-ego, parent, equitable | Case No.:<br><br>Alameda County Superior Court Case No. 23cv052439<br><br>**DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446** |

HUGO PARKER, LLP
240 STOCKTON STREET,
8TH FLOOR
San Francisco, CA 94108

1

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

| | |
|---|---|
| 1 | trustee, and successor-in-interest to DQM Corporation; |
| 2 | FLACKSGROUP LLC, sued individually, as alter-ego of, and as successor-in-interest to Kelly-Moore Paint Company, Inc.; |
| 3 | |
| 4 | |
| 5 | FOSTER WHEELER LLC; |
|   | GENERAL ELECTRIC COMPANY; |
| 6 | GRINNELL LLC; |
| 7 | HERRICK STEEL, INC., sued individually and as alter-ego, parent, equitable trustee, and joint venture with Techni-Builders, Inc.; |
| 8 | |
| 9 | HILL BROTHERS CHEMICAL COMPANY; IMO INDUSTRIES INC., individually and as successor-in-interest, parent, alter ego, and equitable trustee of DeLaval Steam Turbine Co.; |
| 10 | |
| 11 | |
| 12 | KAISER GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; |
| 13 | KM INDUSTRIES HOLDING CO., INC., formerly known as Kelly-Moore Paint Company, Inc.; |
| 14 | |
| 15 | Metalclad Insulation LLC, individually and as successor-in-interest, parent, alter ego and equitable trustee of Metalclad Insulation Corporation; |
| 16 | |
| 17 | |
| 18 | OWL COMPANIES, individually and as parent, alter-ego, equitable trustee, joint venture, and as successor-in-interest to Smith-Amelco and Owl Constructors, formerly known as H.C. Smith Construction Co.; |
| 19 | |
| 20 | |
| 21 | PARAMOUNT GLOBAL, formerly known as ViacomCBS, Inc., formerly known as CBS Corporation, a Delaware Corporation, formerly known as Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, formerly known as Westinghouse Electric Corporation; |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | PFIZER INC.; SYD CARPENTER, MARINE CONTRACTOR, INC.; |
| 27 | |
| 28 | |

2

Hugo Parker, LLP
240 Stockton Street,
8th Floor
San Francisco, CA 94108

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

VANDERBILT MINERALS, LLC, sued individually, as alter-ego of, and as successor-in-interest to R.T. Vanderbilt Company, Inc. and International Talc Company, Inc.;
FIRST DOE through HUNDREDTH DOE,

Defendants.

TO THE HONORABLE JUDGE OF THIS UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§ 1331, 1442(a)(1), and 1446, Defendant Foster Wheeler LLC ("Foster Wheeler"), by and through its undersigned attorney of record, hereby gives Notice of Removal of an action filed against it in the Superior Court of the State of California, County of Alameda. In support, Foster Wheeler respectfully offers the following:

**Preliminary Matters**

1. On November 20, 2023, Plaintiffs James Sarjeant and Lucretia Sarjeant ("Plaintiffs") filed a lawsuit in the Superior Court of the State of California, County of Alameda against Foster Wheeler and several other defendants. *See* Plaintiffs' Complaint, attached hereto as Exhibit A. Plaintiffs' allegations arise out of Plaintiff James Sarjeant's ("Mr. Sarjeant") development of mesothelioma resulting from his alleged exposure to various asbestos-containing products during his work in the 1960s, 1970s, 1980s, and 1990s. *See* Ex. A at 7-8.

2. In their Complaint, Plaintiffs generally alleged that Mr. Sarjeant was exposed to asbestos from home remodeling work between the 1960s and 1990s, work at the Todd Shipyard around "ship parts" in the 1950s and 1960s, and aboard the *Queen Mary* during its demolition and removal of "ship parts" during the 1960s and 1970s. *Id.*

3. Though Plaintiffs' Complaint alleged that Mr. Sarjeant was exposed to asbestos from his work at Todd Shipyard sometime in the 1950s and 1960s, Plaintiffs' Complaint did not provide any specificity as to what vessels he worked aboard or on what products or equipment he performed work on or near in connection with his duties. *See id.* Because Plaintiffs' Complaint did not specify the specific vessels Mr. Sarjeant worked on or around at Todd Shipyard in connection with his

3

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

Hugo Parker, LLP
240 Stockton Street,
8th Floor
San Francisco, CA 94108

duties, Foster Wheeler was unable to perform research necessary to determine whether this matter was removable.

4. Plaintiffs' Complaint also included allegations that Mr. Sarjeant was exposed to asbestos during his employment or work during home remodeling projects in California between the 1960s to 1990s and aboard the *Queen Mary* when it was being converted to a "tourist attraction and hotel" in Long Beach, California. Ex. A at 7-8.

5. Plaintiffs served their Complaint on Foster Wheeler on December 5, 2023. *See id*.

6. On February 1, 2024, Plaintiffs' counsel sent an email correspondence to Foster Wheeler's attorneys regarding specific allegations of asbestos exposure that Plaintiffs would be making as they relate to Todd Shipyard, the vessels Mr. Sarjeant worked aboard at Todd Shipyard, including the *USS England*, and the details of Mr. Sarjeant's purported work on or around equipment allegedly manufactured by Foster Weeler aboard the *USS England*. *See* Email Correspondence, dated February 1, 2024, attached hereto as Exhibit B.

7. Plaintiffs' counsel indicated in his email correspondence that the details regarding where Mr. Sarjeant worked, the type of work he performed, the equipment he performed work on or around, and the trades that he worked around would be information that Mr. Sarjeant "will testify" to. Ex. B.

8. Plaintiffs' counsel alleged that Mr. Sarjeant was exposed to and inhaled asbestos dust and fibers from work on and around equipment at the Todd Shipyard and aboard the *USS England* and other vessels at the shipyard which allegedly caused him to develop mesothelioma. *See* Ex. A at 7-8, Ex. B.

9. Therefore, it was not until February 1, 2024, that Foster Wheeler, for the first time, was notified of a specific vessel that Mr. Sarjeant purportedly worked aboard while at Todd Shipyard and was thus able to conduct the research necessary to determine whether this matter was removable. *See id.*

10. This Notice of Removal is timely in that it is filed within thirty (30) days of receipt of Plaintiffs' counsel's February 1, 2024, email correspondence from which Foster Wheeler first ascertained that this case is removable. 28 U.S.C. § 1446(b). *See Kuxhausen v. BMW Financial*

4

Hugo Parker, LLP
240 Stockton Street,
8th Floor
San Francisco, CA 94108

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

*Services NA LLC*, 707 F.3d 1136, 1141-42 (9th Cir. 2013) (quoting *Carvalho*, 629 F.3d at 885) ("A state court demand letter generally can qualify as " 'other paper' within the meaning of section 1446(b)." "). *See also Barbasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (the definition of an "other paper" for purposes of section 1446 is broad); *Hurst v. First Student, Inc.*, 2015 WL 2250462 at *3 (D. Ore. May 13, 2015); 14C Wright & Miller, *Federal Practice & Procedure* § 3731 (4th ed.).

## Nature of the Case

11. This case is based on Plaintiffs' allegation that Mr. Sarjeant's asbestos-related disease, specifically mesothelioma, was caused by his exposure to asbestos.

12. Plaintiffs assert failure to warn claims, along with negligence and strict liability claims against Defendants based on various theories.

## Jurisdiction, Venue, and Intradistrict Assignment

13. Jurisdiction is based on 28 U.S.C. §§ 1331, 1442(a)(1), and 1446 as set forth below under "Grounds for Removal."

14. Venue is proper in the Northern District of California as the state court action, which is subject to this removal petition, was filed in the Superior Court of California for the County of Alameda.

## Grounds For Removal

15. Plaintiffs' claims stem from Mr. Sarjeant's alleged exposure to asbestos through his work at the Todd Shipyard aboard the *USS England* and numerous other vessels at the shipyard. Foster Wheeler manufactured boilers and associated equipment for use on Navy ships and at Navy installations pursuant to contracts and specifications executed by the Navy. Foster Wheeler has confirmed that it manufactured steam generating boilers, economizers, and associated equipment onboard the *USS England*. Thus, the basis for this removal is that in the manufacture and sale of such equipment for the Navy, including all aspects of warnings associated with that equipment, Foster Wheeler was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). *See generally* Affidavit of J. Thomas Schroppe dated December 18, 2009 ("Schroppe Aff."), attached hereto as Exhibit C.

Hugo Parker, LLP
240 Stockton Street,
8ᵀᴴ Floor
San Francisco, CA 94108

5

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

16. Should Plaintiffs file a motion to remand this case, Foster Wheeler respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

**Federal Officer Removal**

17. As recognized in a landmark decision by the United States District Court for the Eastern District of Pennsylvania (MDL-875) in *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010), Foster Wheeler has a federal defense to this action. In examining virtually identical evidence submitted in the case at bar, Judge Eduardo C. Robreno found that the defendant, Foster Wheeler, raised a colorable defense to plaintiff's failure to warn claims, *i.e.*, government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers and auxiliary equipment aboard Navy vessels, insofar as they were designed and manufactured by Foster Wheeler according to strict Navy specifications. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *see also e.g. Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *National Audubon Society v. Dept. of Water & Power for the City of Los Angeles*, 496 F. Supp. 499, 509 (C.D. Cal. 1980).

18. In reaching his conclusion, Judge Robreno discussed in detail the three elements necessary for removal under this statute. First, a defendant must demonstrate that it is a "person" within the meaning of the statute. *Hagen,* 739 F.Supp.2d at 776. The definition of a "person" includes a corporation. *Id.* Second, defendants must raise a colorable claim to a federal law defense. *Id.* As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense. *Id.* Third, the defendant must establish that the suit is for any act under color of federal office, *i.e.*, there is a causal connection between the charged conduct and asserted official authority. *Id.* Causation exists if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office. *Id.*

6

Hugo Parker, LLP
240 Stockton Street,
8th Floor
San Francisco, CA 94108

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

19. The second and third elements require a substantial degree of federal control over defendant's work and a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Hagen*, 739 F.Supp.2d at 776. Although set forth in the statute as two separate requirements, Judge Robreno recognized that the evidentiary similarities between the "acting under" and "causal nexus" prongs have often prompted courts to collapse them into one single requirement. *Id.* at 784 (citing *Good v. Armstrong World Indus., Inc.*, 914 F. Supp. 1125, 1128 (E.D. Pa 1996) ("The 'acting under' language in the statute forces [the defendant] to show a causal nexus between the plaintiff's claims and the conduct taken pursuant to direction from a federal officer.")).

20. What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case. Like the *Hagen* court, federal courts across the country, including the Third Circuit, have upheld removal because defendants were sued as a result of designing and manufacturing products pursuant to detailed and strict government specifications. *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 815 (3d Cir. 2016) (reversing lower court's grant of remand and finding government contractor defense "colorable," meaning that the defense was legitimate and could reasonably be asserted, given the facts presented and the current law); *see also Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017) (reversing lower court's grant of remand and finding Foster Wheeler satisfied federal officer removal statutory requirements); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207 (4th Cir. 2017) (reversing lower court's grant of remand and ruling Foster Wheeler's evidence established colorable government contract defense to plaintiff's failure to warn claims); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014) (Crane Co. provided sufficient evidence that easily cleared the low threshold for asserting a federal contractor defense); *Zeringue v. Crane Co.*, 846 F.3d 785, 789-90 (5th Cir. 2017) (section 1442(a)(1) is a "pure jurisdictional statute" that permits a federal defense "to serve as the federal question that endues the court with jurisdiction"); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) (plaintiff's failure to warn claims and defendant's government contractor defense is one for the federal and not state court to decide); *Ruppel v. CBS Corporation,* 701 F.3d 1176 (7th Cir. 2012) (reversing lower court decision to

7

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

Hugo Parker, LLP
240 Stockton Street,
8th Floor
San Francisco, CA 94108

remand and finding removal proper where Westinghouse established through affidavits that it had a colorable government contractor defense to plaintiff's claims).

21. The predominant view holds that "a colorable federal defense need only be plausible." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1089 (6th Cir. 2010); *see also Ruppel*, 701 F.3d at 1182. In the context of a "failure to warn" case, the defendant need not show that the government expressly barred or broadly preempted the inclusion of asbestos warnings on its products. *See Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.), *cert. denied*, 531 U.S. 919 (2000) (government contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government).

22. As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "'continuous back and forth' between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.* Once again, applying these general principles to "failure to warn" claims, the fact that governmental specifications or regulations did not specifically preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.*

Hugo Parker, LLP
240 Stockton Street,
8ᵀᴴ Floor
San Francisco, CA 94108

8

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

23. The present case is substantially similar, if not identical, to *Kerstetter* and *Hagen*. As explained by J. Thomas Schroppe, Foster Wheeler's manufacture of steam generators, boilers, economizers, and associated equipment for the Navy was subject to close supervision, control, and inspection by the Navy personnel:

> 5. The Navy was responsible for all phases of the design of a vessel, which was accomplished by the Naval architect. Specifically, the Naval architect would prepare the ship design which involved the entire vessel, including the machinery space, and all performance requirements. In general, the ship design for any given class of ship would be contained in the Ship Specification ("Ship Spec") which covers all aspects of the vessel including the machinery space. As it relates to the boiler, the Ship Spec would cover all boiler operating criteria, performance requirements, and maximum physical dimension of the boiler(s). In general, the Ship Spec was written and prepared by the naval architect and approved by the Navy and, in the course of its projects with the Navy, Foster Wheeler was required to design, fabricate and furnish equipment which complied strictly with the requirements in the Ship Spec.
>
> 6. In addition to the Ship Spec, Foster Wheeler was also obligated to comply with Military Specifications ("Mil Specs") which cover all specific components of the boiler, including accessories, subcomponents, and materials required to fabricate the boilers and its components.
>     . . . .
>
> 7. In addition to the above design, manufacture and testing there remains an obligation by Foster Wheeler to provide technical manuals for the boilers and economizers furnished in a given Navy contract. The Navy exercised intense direction and control over all written documentation to be delivered with its naval boilers such as engineering drawings, test reports and other technical data that could be used as needed by shipboard engineering officer during the life of the equipment. The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals. Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents. These manuals included safety information related to the operation of the naval boilers and economizers only to the extent directed by the Navy.
>
> 8. Furthermore, the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy. Foster Wheeler would not be permitted, under the specifications, associated regulations and procedures, and especially under actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation only a Navy vessel, beyond those required by the Navy.

*See* Ex. C at ¶¶ 5-22.

24. There was no information concerning any asbestos hazard or danger posed by any asbestos-containing product applied to any machinery on a Navy ship known by Foster Wheeler that was not known to the United States and the Navy.

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

25. Nowhere is it required that a Defendant produce physical contracts to prove the government's extensive direction and control over product specifications to satisfy the requirements of § 1442(a)(1). To promote judicial efficiency and consistency, the central purpose behind MDL-875, this Court should defer to the decision made by the MDL court in *Hagen* and uphold removal.

26. A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405 (1960); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("right of removal is absolute for conduct performed under color of federal office"); *Kolibash v. Comm. on Legal Ethics*, 872 F.2d 571, 576 (4th Cir.1989) ("right of removal conferred by § 1442(a)(1) is to be broadly construed."). The removing defendant "need not win his case before he can have it removed" nor even establish that the defense is "clearly sustainable". *See Ripley*, 841 F.3d at 210 (citing *Willingham*, 395 U.S. at 407).

27. Foster Wheeler is not required to notify and obtain the consent of any other defendant in this action in order to remove Plaintiffs' action as a whole under § 1442(a)(1). *See Torres v. CBS News*, 854 F.Supp. 245 (S.D.N.Y. 1994)

28. As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon defendant are being filed with this Notice of Removal.

WHEREFORE, Defendant Foster Wheeler LLC removes this action pursuant to 28 U.S.C. §1442(a) and in conformance with the requirements set forth in 28 U.S.C. § 1446.

Hugo Parker, LLP
240 Stockton Street,
8th Floor
San Francisco, CA 94108

10

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

| | | |
|---|---|---|
| Dated: February 28, 2024 | | HUGO PARKER, LLP |
| | By: | /s/ Edward R. Hugo |
| | | Edward R. Hugo |
| | | Bina Ghanaat |
| | | Robert Bugatto |
| | | Attorneys for Defendant |
| | | FOSTER WHEELER, LLC |

Hugo Parker, LLP
240 Stockton Street,
8th Floor
San Francisco, CA 94108

11

DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1442(A)(1), AND 28 U.S.C. § 1446

PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of 18 years, and not a party to the within action. My electronic notification address is service@HUGOPARKER.com and my business address is 240 Stockton Street, 8th Floor, San Francisco, California 94108. On the date below, I served the following:

NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL

on the following:

ALL COUNSEL OF RECORD<br>(via File & ServeXpress Electronic Service List)

( X )   **BY ELECTRONIC TRANSMISSION**: Pursuant to CCP 1010.6 and CRC 2.251, or pursuant to the Stipulation and Order Authorizing Electronic Service, or by an agreement of the parties. I electronically e-served through File & Serve*Xpress* and caused the document(s) to be sent to the person(s) at the email addresses designated on the Transaction Receipt located on the File & Serve*Xpress* website. To the best of my knowledge, at the time of the transmission, the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 29, 2024, at Las Vegas, Nevada.

_____
Phyllis L. Thomas