UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOSTER WHEELER LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-01216-VC<br><br>**ORDER DENYING VANDERBILT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 83 |

    Vanderbilt's motion to dismiss for lack of personal jurisdiction is denied. This ruling assumes the reader is familiar with the facts, the applicable legal standards, and the arguments made by both parties.

    Sarjeant alleges the following: that Vanderbilt did extensive business in California including mining and selling talc, that Vanderbilt marketed and sold talc through a California sales office to the California manufacturing facilities of two entities from which Sarjeant alleges that he purchased products that caused his injury, that Sarjeant purchased those products in California, and that Vanderbilt talc was present in multiple places where Sarjeant was exposed.

    Vanderbilt contests only the "relatedness" prong of the personal jurisdiction inquiry. Vanderbilt argues that Sarjeant must provide evidence, at this stage of the proceeding, that it was actually Vanderbilt-manufactured talc that Sarjeant was exposed to. In other words, Sarjeant must prove that Vanderbilt caused his injuries. Otherwise, Vanderbilt says, Sarjeant cannot show that Vanderbilt's California contacts were "related" to Sarjeant's case.

    The Supreme Court recently held the personal jurisdiction inquiry does not "always require[e] proof of causation—*i.e.*, proof that the plaintiff's claim came about because of the defendant's in-state conduct." *Ford Motor Company v. Montana Eighth Judicial District Court*,

592 U.S. 351, 363 (2021). And the relatedness requirement can be met "where a company. . . serves a market for a product in the forum State and the product malfunctions there." *Id; see also Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 505 (9th Cir. 2023). The allegations here are similar: that Vanderbilt mined, marketed, and sold talc in California, and that its talc caused Sarjeant's's injury in California. And that is enough for Vanderbilt to reasonably anticipate that it might be sued for talc-related injuries in California.

Vanderbilt responds by asking the Court to consider evidence adduced in other proceedings and in state court discovery and to decide now whether there is sufficient evidence to show that it was Vanderbilt talc in the products that caused Sarjeant's injury. But that view of personal jurisdiction would always require the plaintiff to prove their case at the outset. That would be equivalent to Ford in a case like *Ford Motor Company* arguing that there was no personal jurisdiction over Ford in the state because it could prove that the car that malfunctioned was really a Toyota, and not a Ford. That is fundamentally a merits question. Recasting "causation" as "relatedness" and calling it personal jurisdiction does enable Vanderbilt to have the merits of the claims against it adjudicated on a different schedule than other defendants.

**IT IS SO ORDERED.**

Dated: May 30, 2024

_____
VINCE CHHABRIA
United States District Judge