UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FOSTER WHEELER LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 24-cv-01216-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART HONEYWELL'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 105 |

　　　　Honeywell's motion to dismiss the first cause of action for products liability is denied. Honeywell's motion to dismiss the second cause of action for negligence is partially granted and partially denied. And Honeywell's motion to dismiss the fifth cause of action for fraud is granted. This ruling assumes the reader is familiar with the facts, the applicable legal standards, and the arguments made by both parties.

　　　　Sarjeant alleges two categories of asbestos exposure that he attributes to Honeywell. First, he alleges that he worked with "automotive friction products including Bendix-brand asbestos-containing brakes." Second, he alleges that he did work on the RMS Queen Mary in Long Beach alongside contractors from Honeywell "who were disturbing ship parts that contained asbestos." Honeywell argues that this is insufficiently specific to plead causation. But Sarjeant has done enough to plausibly allege that Honeywell caused his asbestos exposure. It is true that, for Sarjeant to recover, he will ultimately have to show that he was in fact exposed to Honeywell brakes and Honeywell contractors. But he has done enough at the pleadings stage. As failure to allege causation was the only basis asserted for dismissing the products liability claims, those claims may move forward. And to the extent that Honeywell argues the negligence claims should be dismissed for failure to allege causation, that argument is rejected as well.

However, some of the negligence claims asserted are insufficiently alleged. Negligent management of property, negligent failure to warn of unsafe concealed conditions, and negligent exercise of retained control over safety conditions all require the plaintiff to allege that the defendant had control over some property on which the plaintiff was injured. Sarjeant never alleges that regarding Honeywell. The closest he comes is with the allegations about the RMS Queen Mary. But he alleges only that Honeywell contractors were working alongside him on the ship and came into contact with him. Sarjeant does not allege that Honeywell exercised control over the ship, nor any portion of it, by virtue of this contracted work. Thus, those claims are dismissed.

Similarly, the claim for negligent hiring, supervision, and retention of employees is insufficiently alleged. The complaint contains no allegations about Honeywell's employees being unfit for the work they were performing on the RMS Queen Mary and no allegations that Honeywell should have known about such unfitness. If Sarjeant is referring to some other set of Honeywell employees whose incompetence he alleges caused his exposure and harm, then the complaint has not put Honeywell on notice of the conduct at issue. Thus, that claim is dismissed.

Finally, the fraud-based claims are not viable under California law and given Rule 9(b)'s particularity requirement. There is no allegation that Sarjeant ever saw, let alone relied on, any misrepresentation made by Honeywell. The two conspiracy claims are also insufficiently alleged.

The fraudulent concealment claim presents the most difficult question. The parties agree that, under California law, a claim for fraudulent concealment requires that the plaintiff be in some sort of transactional relationship with the defendant, as there is no duty to disclose information owed to the general public. *Los Angeles Memorial Coliseum Com. v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 831 (2015); *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 82, 112–15 (2017). The parties also agree that the relationship need not be direct seller and buyer. For example, it could be employer and prospective employee. *See Bigler-Engler*, 7 Cal. App. 5th at 311 (citing *Shin v. Kong*, 80 Cal. App. 4th 498, 509 (2000)). Or it could a more attenuated version of the buyer-seller relationship, like if the plaintiff's mother purchased the product from

the defendant and the plaintiff used the product as a minor while living in her parents' house. *See Bader v. Johnson & Johnson*, 86 Cal. App. 5th 1094, 1132 (2022). Or it could be that the defendant derived monetary benefit from the plaintiff's purchase or use of the product. *Id.* a 1131. But the complaint does not plead a sufficient relationship between Honeywell and Sarjeant to support Honeywell having had a duty to disclose information to him. The complaint alleges only that Sarjeant was around Honeywell contractors and brakes. And that is not enough.

There is another thread from the fraudulent concealment cases that Sarjeant attempts to pick up on. Some California courts, when finding a lack of a transaction between the parties, have commented that the defendant never advertised to consumers such as the plaintiff. *See, e.g.*, *id.* at 115. That is relevant because an advertisement can form the basis of a sufficient transactional relationship—sharing a "misleading half-truth" can generate a duty to disclose information to "clarify" the whole truth. *Id.* So if a defendant simply does not advertise to people like the plaintiff, then that kind of duty has not been created. Sarjeant does allege that Honeywell put out statements about its brakes being "safe." Perhaps it could argue that, given the alleged asbestos risk, that statement was the kind of misleading half-truth that triggers a duty to disclose. But Sarjeant has not done enough to connect that advertising with himself. He offers nothing that makes it likely that he would have seen the advertising, that he made any decisions about being around the brakes that he would have made differently had he not seen the advertising or had understood the full truth, or even statements tying the advertising to a period of time when he was exposed to the brakes. Although some leeway is appropriate for plaintiffs seeking relief in asbestos cases where the exposures were so many years ago, the federal rules' particularity standard applies to these fraud-based claims, and Sarjeant has not done enough to state a claim under that standard.

The dismissals are with leave to amend. Any amended complaint is due within 21 days. However, if Sarjeant wishes simply to proceed on the surviving claims, and if discovery on the surviving claims gives him a good-faith basis to reassert the dismissed claims, he is free to seek leave to amend the complaint at that time.

**IT IS SO ORDERED.**

Dated: May 30, 2024

VINCE CHHABRIA
United States District Judge