UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>FOSTER WHEELER LLC, et al.,<br><br>   Defendants. | Case No.  24-cv-01216-VC<br><br>**ORDER DENYING AMERICAN PRESIDENT LINE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 119 |

  American President Lines has not shown that it is entitled to the relief that it moves for—dismissal of the request for punitive damages and loss of consortium damages. American President Lines argues that the statute that provides the cause of action does not permit such damages, as a matter of law. The statute itself is silent about what damages are available. *See* 33 U.S.C. § 905. The parties both assert that the Court should look to federal maritime law to fill the gap.[1] And the parties agree that a core part of that inquiry is whether punitive and loss of consortium damages would have been available under general maritime law prior to the enactment of the statutory provision at issue. *See The Dutra Group v. Batterton*, 588 U.S. 358, 369 (2019). However, neither party has come close to providing the Court with sufficient legal analysis or historical context to answer the question. At this stage of the case, it's the defendant that has the burden to persuade the Court that, even if all factual allegations in the complaint are true, the plaintiff is not legally entitled to relief. So the motion by American President Lines to dismiss the damages claims is denied without prejudice to raising the issue again at summary judgment.

---

[1] *But see generally Smallwood v. American Trading and Transport Co.*, 839 F. Supp. 1377 (N.D. Cal. 1993).

It appears that at least one district court may have approached this burden issue differently, requiring the plaintiffs to show at the motion to dismiss stage "evidence that punitive damages were historically available for any of their claims asserted under general maritime law." *Elorreaga v. Rockwell Automation, Inc.*, No. 21-cv-05696-HSG, 2022 WL 2528600, *5 (N.D. Cal. July 7, 2022); *see also id.* ("In short, Plaintiffs have offered no evidence that punitive damages were historically available for their specific claims, or that there is any other reason why the Court should find them available under these circumstances."). To the extent this stands for the proposition that a defendant can obtain dismissal on the basis of a lack of historical evidence, without making an adequate showing of its own that the damages sought were not historically available, that seems to put the burden on the wrong party. At the motion to dismiss stage, while the burden is on the plaintiff to allege specific facts, the defendant has the burden to show that the plaintiff is not, even if the allegations are true, legally entitled to the relief sought. Thus, when both sides fail to adequately confront a legal issue on a motion to dismiss, the result is generally denial of the motion, not dismissal of the claims.

**IT IS SO ORDERED.**

Dated: June 4, 2024

_____
VINCE CHHABRIA
United States District Judge