1

2

3                        UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6    JAMES SARJEANT, et al.,                    Case No.  24-cv-01216-VC (DMR)

7                  Plaintiffs,

8           v.                                  **ORDER ON JOINT DISCOVERY
                                                LETTER**
9    FOSTER WHEELER LLC, et al.,
                                                Re: Dkt. No. 190
10                 Defendants.

11

12          The parties filed a joint discovery letter in which Plaintiff James Sarjeant moves to compel

13   Defendant Foster Wheeler LLC ("Foster Wheeler") to respond to certain requests for production

14   ("RFPs").  [Docket No. 190 (Jt. Letter).]  The matter is suitable for resolution without a hearing.

15   Civ. L.R. 7-1(b).  For the following reasons, Plaintiff's motion to compel is granted.

16   **I.      BACKGROUND**

17          This is a personal injury lawsuit.  Plaintiff was diagnosed with mesothelioma cancer he

18   contends was caused by exposure to airborne asbestos dust.  Plaintiff alleges that he was exposed

19   to asbestos from various sources, including from Foster Wheeler's asbestos-containing equipment,

20   such as marine boilers, on ships being constructed or undergoing repair at Todd Shipyards from

21   1960-1964.  Jt. Letter 2.

22          The parties dispute "whether Foster Wheeler must produce records regarding its equipment

23   aboard specific ships that were undergoing repair at Todd Shipyards during the time that Plaintiff

24   worked at that shipyard . . . or whether Foster Wheeler's document production may be limited to

25   only the ships that Plaintiff specifically recalled[.]"  *Id.*  Plaintiff's deposition is taking place in

26   phases.  In an early session, Plaintiff testified that he recalled working on new construction at

27   Todd Shipyards, including the *USS England*, but did not recall working on ships undergoing

28   repair.  Several weeks later, Plaintiff testified that he saw work performed on Foster Wheeler

United States District Court
Northern District of California

boilers on ships undergoing repair but did not remember their names.  *Id.*

Plaintiff propounded RFP No. 2, which seeks:

> Any and all documents and other tangible things of any diagram, reproduction, or model of any place or thing concerning the INCIDENT.
>
> For purposes of these requests, INCIDENT shall mean the circumstances and events surrounding and/or giving rise to the injuries that form the basis of this lawsuit, including the course of conduct and/or series of events giving rise to the injuries that form the basis of this lawsuit.

Jt. Letter Ex. 1 at ECF p. 9.  Foster Wheeler made numerous objections, including that it "cannot perform a meaningful search for documents based only on the name or location of a shipyard," and produced records for the *USS England* and one other ship that is not at issue in this dispute. *Id.* at ECF p. 13.

Following an investigation, Plaintiff's counsel obtained the names of nine ships that had Foster Wheeler boilers and were repaired at the Todd Shipyards from 1960-1964.  *Id.* at 3.[1] Plaintiff served a Federal Rule of Civil Procedure 30(b)(6) deposition notice on Foster Wheeler requesting records regarding its equipment or personnel aboard those particular ships.  Jt. Letter 3; Jt. Letter Ex. 2 (RFP Nos. 9-44).  Foster Wheeler responded with objections only.  Jt. Letter Ex. 2 at ECF pp. 10-20.  Plaintiff has since clarified that he was not employed at Todd Shipyards "for much of 1962" and accordingly withdrew his requests as to three of the nine ships.  Jt. Letter 3. Therefore, this dispute centers on six ships that contained Foster Wheeler boilers and that were under repair at Todd Shipyards when Plaintiff worked there in 1961 and 1963-1964.[2]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

---

[1] Plaintiff states that his investigators identified eight ships with Foster Wheeler boilers but listed nine in the joint letter.  *See* Jt. Letter 3.

[2] The six ships at issue are the *USS Bryce Cin AD 36*, the *SS Sonoma*, the *USS Paul Revere LPA 248*, the *USS Tolovana AO 64*, the *USS Wiseman DE 667*, and the *USS Henrico APA 45*.  *See* Jt. Letter 3.

United States District Court
Northern District of California

> needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).  "While the party seeking to compel discovery has the burden of establishing that its request satisfies relevancy requirements, the party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence."  *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015) (citing *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)).

## III.    DISCUSSION

The parties dispute the relevance of discovery regarding the six ships Plaintiff has identified as undergoing repair at Todd Shipyards in 1961 and 1963-1964.  Plaintiff argues that the information is relevant because he testified that he recalled seeing work performed on Foster Wheeler boilers on ships undergoing repair at Todd Shipyards.  Investigation by his legal team subsequently identified the six ships as having been repaired at Todd Shipyards during that time.  Plaintiff notes the possibility that he worked on those repairs; his deposition is "ongoing and he has not been asked specifically if he recalls the names of these ships, and he may [recall them]."  Jt. Letter 4.  Plaintiff also argues that the requested information is relevant to show "what Foster Wheeler asbestos-containing equipment was aboard ships under repair."  *Id.*

Foster Wheeler responds that it has produced "all documents it had on" the ships that Plaintiff identified by name at his deposition.  *Id.*  It argues that Plaintiff wants Foster Wheeler "to scour its records and produce all documentation" regarding "a list of ships with Foster Wheeler equipment that passed through Todd Shipyard," even though he "has no evidence that he was ever aboard any of those ships."  *Id.*  Foster Wheeler contends that the documents are not relevant to whether Plaintiff worked around its boilers on the ships and that there are less intrusive and more

3

proportional methods of discovery to confirm the presence of Foster Wheeler equipment on the ships. *Id*. at 4-5.

Considering the Rule 26 proportionality factors, the court concludes that the requested documents and information are relevant and discoverable. Plaintiff testified that he saw work performed on Foster Wheeler boilers on ships under repair at Todd Shipyards during the years he worked there. The discovery request has been narrowly tailored to the six ships that fit these facts. The discovery is relevant to whether Plaintiff was exposed to asbestos from Foster Wheeler boilers. The exposure could have happened through his direct work on the boilers, or through being in the area when repairs were made. The discovery could also corroborate that Foster Wheeler boilers contained asbestos during the relevant timeframe. Additionally, Plaintiff has not yet completed his deposition; discovery regarding ships under repair at Todd Shipyards may help Plaintiff identify the ships he worked on or that underwent boiler repair while he was in the area. The parties did not identify any other way for Plaintiff to obtain this information. Moreover, Foster Wheeler has not shown that the burden or expense of the discovery outweighs its likely benefit. Despite Foster Wheeler's reference to "scouring its records," it does not contend that the requested discovery is burdensome or offer any details about responding to the discovery. Asbestos litigation has been part of the American legal landscape for the better part of a century and has necessitated research about products and exposures over many decades. Given the absence of any specific burden identified by Foster Wheeler, the court suspects that responding to Plaintiff's discovery would not be unduly burdensome. Accordingly, Plaintiff's motion to compel is granted.

## IV.   CONCLUSION

Plaintiff's motion to compel is granted. Foster Wheeler shall produce the requested documents within 10 days of the days of this order.

**IT IS SO ORDERED.**

Dated: August 29, 2024



_____
Donna M. Ryu
Chief Magistrate Judge

4