UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FOSTER WHEELER LLC, et al.,<br><br>　　　　　Defendants. | Case No.  24-cv-01216-VC<br><br>**ORDER RE VANDERBILT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 205 |

　　　　The motion is granted with respect to Sarjeant's use of a DAP product and denied with respect to Sarjeant's use of several Kaiser Gypsum products. The motion is deferred with respect to the fraud and punitive damages claims.

　　　　There are genuine disputes of fact related to Sarjeant's exposure to Vanderbilt products and whether those products caused his mesothelioma. First, there's a dispute of fact whether Sarjeant used Kaiser Gypsum joint compounds and ceiling textures. Sarjeant filed a declaration stating he used Kaiser Gypsum premix joint compound and premix topping compound, Cover-Tex wall texture, and K-Spray ceiling texture. Vanderbilt argues that this declaration should be considered a sham affidavit because it contradicts Sarjeant's testimony in which he did not remember the specific names of Kaiser Gypsum products. However, the inconsistency is not "clear and unambiguous." *Van Asdale v. International Game Technology*, 577 F.3d 989, 998 (9th Cir. 2009). Contrary to Vanderbilt's assertion that Sarjeant testified that he only used joint compound, Sarjeant also mentioned using Kaiser Gypsum products that patch up walls and remembered Kaiser Gypsum in association with texture coating in his earlier deposition. Dkt. No. 205-4 at 5–7 (Sarjeant's June 3, 2024 Deposition). Sarjeant's declaration and testimony may

be questionable in terms of credibility, but that is up to the jury to decide.

Second, there's also a genuine dispute of fact as to whether Vanderbilt's talc was used to make the Kaiser Gypsum compounds and textures that Sarjeant says he worked with. Vanderbilt put forward an affidavit by a Kaiser Gypsum representative who said that Vanderbilt talc mined in New York would not be used by Kaiser Gypsum in California and that Kaiser's main West Coast supplier was Pfizer. But Sarjeant put forward evidence that Vanderbilt purchased Western Talc Company which mined talc in California and that Vanderbilt's Westal talc was used to produce Kaiser Gypsum premix compound, K-Spray ceiling texture, and Covertex in California plants, including at the Santa Ana plant which serviced the Southern California area. It's up to the jury to evaluate such evidence and decide whether Vanderbilt's talc was used in the Kaiser Gypsum products that Sarjeant used.

Finally, on the current record, there is no evidence from which a jury could find fraud or award punitive damages. But when the motion for summary judgment was filed, Sarjeant had not yet deposed Vanderbilt or Kaiser Gypsum's corporate representatives. Now those depositions should have been taken. Sarjeant may file a supplemental brief not to exceed 5 pages discussing anything from the deposition that would support their argument for fraud and punitive damages. Plaintiffs must include relevant portions of the deposition transcript plus enough pages on either side for the court to understand the context of the relevant portion. The supplemental brief is due Friday, October 4, 2024.

**IT IS SO ORDERED.**

Dated: October 2, 2024

VINCE CHHABRIA
United States District Judge