UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FOSTER WHEELER LLC, et al., <br><br> Defendants. | Case No.  24-cv-01216-VC <br><br> **ORDER GRANTING IN PART, DENYING IN PART HERRICK STEEL'S MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 212 |

The motion is granted in part and denied in part. This ruling assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

1. The motion is denied on the negligence claim. An essential fact in Sarjeant's claim is whether he was around Herrick workers, who indisputably performed bulkhead removal and deck installation on at least the upper decks. Whether there is a genuine dispute of material fact here depends on whether Sarjeant's September 9 deposition testimony is a sham because it contradicted his earlier May 2 deposition testimony. At his May 2 deposition, Sarjeant testified that he was "always" assigned to work in the engine room. Dkt. No. 211-3 at 91. When asked whether he was "assigned to do fire watch anywhere else on the ship," he answered, "No." *Id.* at 102. In his September 9 deposition, Sarjeant changed his testimony and stated that he also worked in other areas of the ship, including the upper decks. *See* Dkt. No. 231-2 at 974 ("Q. . . . were you only in the engine room or were you also in other areas of the ship? A. Other areas of the ship also."; *id.* at 975 ("Q. Did you, in fact have opportunity to work in other areas of the ship? A. Yes, I did."); *id.* ("Q. Did you only work on the lower decks of the ship or did you work on the upper decks also? A. Upper decks also.").

Although it's a very close question, the Court does not find Sarjeant's September 9 deposition testimony to meet the legal definition of a "sham" that can be thrown out at summary judgment. To be sure, it's difficult to imagine that Sarjeant's later deposition testimony was anything other than a product of his lawyers feeding him the right answers, especially considering the deposition happened after Herrick filed its motion and just before Sarjeant submitted his opposition. But the sham affidavit rule needs to be "applied with caution" because it "is in tension with the principle that a court's role in deciding a summary judgment motion is not to make credibility determinations or weigh conflicting evidence." *Van Asdale v. International Game Technology*, 577 F.3d 989, 998 (9th Cir. 2009). Caution is further warranted in a situation like this where the conflicting evidence arises out of two depositions, as opposed to a deposition and a written affidavit, because people easily get confused or flustered during depositions. *See id.* Sarjeant is in his eighties; he has been seriously ill during this litigation; he has had to deal with his wife's death in July; and he is being asked to recall events from nearly 60 years ago. Under these circumstances, despite the Court's strong skepticism, the Court does not find as a matter of fact that the September 9 deposition is a sham. The jury can decide the credibility of Sarjeant's testimony as the ultimate factfinder.

2. The motion is granted on fraud and punitive damages. As this Court explained in a prior order in this case, fraudulent concealment requires that the plaintiff be in some sort of transactional relationship with the defendant. *See* Dkt. No. 148 at 2–3. Sarjeant put forth no evidence of any sort of transactional relationship between himself and Herrick.

Sarjeant has also put forth no evidence of malice, oppression, or fraud sufficient for a jury to award punitive damages. Sarjeant merely cites a deposition of Herrick's corporate representative who says he doesn't know whether Herrick took any precautions with respect to asbestos inhalation for its workers and people around its workers on the Queen Mary. *See* Dkt. 231-11 at 131–34 (Heywood Deposition). That's not enough for a reasonable jury to find malice, oppression, or fraud.

3. The motion is also granted on the product liability claim, which Sarjeant concedes.

**IT IS SO ORDERED.**

Dated: October 4, 2024

_____
VINCE CHHABRIA
United States District Judge