UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOSTER WHEELER LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-01216-VC<br><br>**ORDER GRANTING CITY OF LONG BEACH'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 203 |

    The City of Long Beach's motion for summary judgment is granted. This ruling assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

    Under the *Privette* doctrine, the City of Long Beach as the hirer is typically not liable for injuries sustained by an independent contractor or its workers, such as Sarjeant. *Privette* would not apply, however, if the City exercised "retained control" over Lipsett's work in a manner that affirmatively contributed to Sarjeant's injuries, or if the City should have known of the concealed preexisting hazardous condition on the Queen Mary and the contractor Lipsett did not know or could not have reasonably discovered it. *See Gonzalez v. Mathis*, 12 Cal. 5th 29, 38 (Cal. 2021) (describing the *Privette* exceptions). Sarjeant failed to put forth evidence from which a reasonable jury could conclude that either exception applies.

    A hirer only exercises retained control "if the hirer's exercise of that authority would sufficiently limit the contractor's freedom to perform the contracted work in the contractor's own manner. *Sandoval v. Qualcomm Inc.*, 12 Cal. 5th 256, 275 (Cal. 2021). Here, there's no evidence that the City limited Lipsett's freedom to perform its contracted work in the manner it chose. At

most, the McAdams deposition proves that the City supervised the general daily operations for the Queen Mary project, but McAdams provided nothing to suggest that Lipsett was constrained by the City in how it chose to do its rip-out work or how it chose to warn or provide safety precautions for its workers like Sarjeant. *See* Dkt. No. 232-2 at 52; *see also Young v. ByteDance Inc.,* No. 22-CV-01883, 2023 WL 3484215, at *3 (N.D. Cal. May 15, 2023); *McDonald v. Shell Oil Co.*, 44 Cal. 2d 785, 790 (Cal. 1955)).

The concealed hazard exception only applies "when the landowner knew, or should have known, of a latent or concealed preexisting hazardous condition on its property, the contractor did not know and could not have reasonably discovered this hazardous condition, and the landowner failed to warn the contractor about this condition." *Kinsman v. Unocal Corp.*, 37 Cal. 4th 659, 664 (Cal. 2005), *as modified* (Mar. 1, 2006). Sarjeant put forth more than enough evidence that the City knew about the asbestos. The problem is that he put forth no evidence that the Lipsett did not know and could not have discovered the asbestos and its dangerousness.[1]

**IT IS SO ORDERED.**

Dated: October 15, 2024

VINCE CHHABRIA
United States District Judge

---

[1] The City asserts several alternative arguments in favor of summary judgment based on governmental immunity. Had the Court denied the City's motion based on *Privette*, it would have also rejected the City's immunity defenses, and would have granted summary judgment in favor of Sarjeant on those defenses.