UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>FOSTER WHEELER LLC, et al.,<br><br>   Defendants. | Case No. 24-cv-01216-VC<br><br>**ORDER RE MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325 |

  **Dkt. No. 314, Plaintiff's Motion in Limine #1 to exclude the complaint and answers is granted in part and denied in part.**

  Section V. of the First Amended Complaint ("The Asbestos Exposures") is admissible as a judicial admission and relevant to help the jury decide the extent of Kaiser Gypsum's liability for Sarjeant's non-economic damages. *See* Cal. Civ. Proc. Code § 1431.2. The rest of the complaint and the defendants' answers are excluded under Rule 403 because they are marginally relevant (if at all) to determining Sarjeant's other exposures to asbestos and would waste the jury's time.

  **Dkt. No. 315, Plaintiff's Motion in Limine #2 to exclude reference to Sarjeant's talc pleurodesis procedure is granted.**

  Reference to the procedures is prejudicial and would confuse the jury because it makes it seem like Sarjeant's cancer is caused by the procedure, even though that is not why Kaiser Gypsum seeks to reference the procedure. It is also of limited relevance because Kaiser Gypsum

only seeks to show that not all talc contains asbestos, which the plaintiffs do not contest. To the extent there is no stipulation about this, Kaiser Gypsum may use other evidence to prove not all talc contains asbestos that are less prejudicial and confusing. Any reference to this procedure is therefore excluded under Rule 403.

**Dkt. No. 316, Plaintiff's Motion in Limine #3 to exclude defense expert Lombard's testimony is granted in part and denied in part.**

Lombard is qualified under Rule 702 to testify about the process of using drywall, wall texture, and ceiling texture in a home construction setting. His expert report is based on sufficient facts about Sarjeant's work, and his opinion that Sarjeant had about 3.5 hours of exposure to Kaiser Gypsum products' dust is based on a reliable application of his experience. This expert testimony is more probative than prejudicial under Rule 403 because it tends to help the jury understand how long each construction task is likely to take and therefore how long Sarjeant was likely exposed to asbestos dust.

However, Lombard is not qualified under Rule 702 to testify about whether Kaiser Gypsum products were sold in local hardware stores because he has no specialized expertise in Kaiser Gypsum's distribution chain. Presumably Kaiser Gypsum could have adduced that evidence in discovery from any number of other sources. Lombard's proposed testimony related to this issue is therefore excluded.

**Dkt Nos. 318, 319, Plaintiffs' Motions in Limine 4 and 5 are denied as moot.**

These experts were originally designated by Vanderbilt, which has since been dismissed, and are not listed on Kaiser Gypsum's witness list.

**Dkt. No. 322, Defendant's Motion in Limine # 4 to exclude *Doubt is Their Product* by David Michaels is granted.**

The book and article both hearsay that does not come within any exception, irrelevant,

2

and highly prejudicial under Rule 403. It is not the type of material that an expert in the field would rely upon to form their opinion under Rule 703.

**Dkt. No. 324, Defendant's Motion in Limine #6 to exclude "reptile theory" is denied.**

Kaiser Gypsum doesn't point to any specific evidence to exclude. Any potentially "reptilian" conduct by the lawyers or witnesses will be assessed on a case-by-case basis during the trial.

**Dkt. No. 325, Defendant's Motion in Limine #7 to exclude the Welch amicus brief is granted.**

The amicus brief is an advocacy piece in a court proceeding, even if it was subsequently published in a scientific journal. It is inadmissible hearsay. The plaintiffs' experts cannot testify about it as a basis for their opinion under Rule 703 because it isn't the type of material that a scientific expert would reasonably rely on to inform their opinion. Further, the jury is likely to place outsized weight on the document since it is signed by 51 other individuals in the field; its prejudicial effect therefore outweighs any potentially probative value in helping the jury evaluate the plaintiff's expert's opinion. *See Dempster v. Lamorak Insurance Co.*, 487 F. Supp. 3d 548, 554 (E.D. La. 2020).

The remaining motions in limine—Dkt. Nos. 317, 320, 321, 323—will be discussed at the pretrial conference.

**IT IS SO ORDERED.**

Dated: October 24, 2024

_____
VINCE CHHABRIA
United States District Judge