UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FOSTER WHEELER LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-01216-VC<br><br>**SECOND ORDER RE MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 317, 320, 321, 323 |

**Dkt. No. 323, Defendant's Motion in Limine #5 to exclude the MAS studies and videos is granted.**

Any relevance is outweighed by the danger of unfair prejudice under Rule 403.

**Dkt. Nos. 320, 321, Defendant's Motions in Limine #2 and # 3 to exclude the 1972 OSHA and 1977 Consumer Product Safety Commission's regulations and findings are denied.**

The OSHA and CPSC regulations and findings are public records under Rule 803(8) and relevant to proving what risks were and weren't known and knowable during the 1970s, the period during which Sarjeant used Kaiser Gypsum products.

**Dkt No. 317, Defendants' Motion in Limine #1 to exclude deposition testimony of Brentwood Crosby is denied.**

The testimony is admissible as former testimony under Rule 804. Kaiser Gypsum argues that it did not have the same motive to cross-examine Crosby because its liability in Crum's case

was limited by Washington's worker's compensation statute. However, Kaiser Gypsum still did face potential tort liability because the Washington statute had an exception to the worker's compensation statute if the plaintiff proved "deliberate intention" to injure. *See Birklid v. Boeing Co.*, 127 Wash. 2d 853 (1995). More importantly, Kaiser Gypsum in fact extensively cross-examined Crosby on the very testimony that Sarjeant here seeks to admit. Therefore, the motion is denied as to Crosby's testimony in general. The Court's rulings on the parties' designations for Crosbys' deposition will be issued separately.

**IT IS SO ORDERED.**

Dated: October 30, 2024

_____
VINCE CHHABRIA
United States District Judge