1  John L. Langdoc, Esq. (C.S.B. #235509)
    jlangdoc@kazanlaw.com
2  Henry A. Steinberg, Esq. (C.S.B. #284998)
    hsteinberg@kazanlaw.com
3  Jennifer Bartlett, Esq. (C.S.B. #183154)
    jbartlett@kazanlaw.com
4  KAZAN, McCLAIN, SATTERLEY & GREENWOOD
    A Professional Law Corporation
5  Jack London Market
    55 Harrison Street, Suite 400
6  Oakland, California 94607
    Telephone: (510) 302-1000
7  Facsimile: (510) 835-4913

8  Attorneys for Plaintiff

9            UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  JAMES SARJEANT, individually and as      Case No. 3:24-cv-01216-VC
    successor-in-interest to LUCRETIA
13  SARJEANT,                                District Judge Vince Chhabria

14            Plaintiff,                     [Removed from the Superior Court of
                                             California, County of Alameda,
15       vs.                                 Case No. 23CV052439]

16  CITY OF LONG BEACH, et al.,              PLAINTIFF'S FINAL SUBMISSION OF
                                             PLAINTIFF'S PAGE-LINE
17            Defendants.                     DESIGNATIONS OF THE DEPOSITION
                                             OF BRENTWOOD CROSBY TAKEN ON
18                                           JANUARY 19, 1999 AND JULY 1, 1999,
                                             INCLUDING DEFENDANT KAISER
19                                           GYPSUM COMPANY, INC.'S
                                             OBJECTIONS AND COUNTER-
20                                           DESIGNATIONS AND PLAINTIFF'S
                                             REPLY THERETO
21
                                             Case Filed:          November 20, 2023
22                                           Final Pre-Trial Conf.: October 29, 2024
                                             Trial Date:          November 4, 2024
23

24       Plaintiff hereby submits his response to the objections and counter-designations of

25  Defendant Kaiser Gypsum Company, Inc. ("Kaiser Gypsum") to Plaintiff's page and line

26  designation of the deposition testimony of Brentwood Crosby taken January 19, 1999 and July 1,

27  1999, in the case *John E. Crum, et al. v. The E.J. Bartels Company, et al.* Superior Court of

28  Washington for King County, Case No. 98-2-24915-3 SEA.  Plaintiff reserves the right to amend,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  supplement, or withdraw the designations, objections or counter designations, including those

2  affected by *in limine* rulings or other evidentiary rulings made throughout trial.  Plaintiff reserves

3  the right to counter designate any testimony that is withdrawn by Defendant. Plaintiff further

4  reserves the right to introduce deposition testimony not designated herein in his case-in-chief, or

5  for the purpose of impeachment, rebuttal or any other purpose permitted.

6  **Defendant Kaiser Gypsum's General Objections:**

7  　　　　Kaiser Gypsum generally objects to use of this transcript as inadmissible hearsay under

8  FRE 801, 802. Moreover, Plaintiff has not shown that the witness is unavailable as defined in FRE

9  804(a). Nor has Plaintiff shown that Kaiser Gypsum had similar motive to develop Mr. Crosby's

10  testimony through cross-examination in the *Crum* case under FRE 804(b)(1)(B). This testimony is

11  the subject of Kaiser Gypsum's pending Motion in Limine No. 1.

12  　　　　Furthermore, Kaiser Gypsum generally objects that Plaintiff did not disclose Mr. Crosby as

13  a potential witness in this case. Plaintiff's counsel have offered this transcript against Kaiser

14  Gypsum in other cases previously and therefore were aware of its existence. However, Plaintiff

15  did not list Mr. Crosby in their FRCP 26(a) initial disclosure, nor at any time in this case prior to

16  the parties' exchange of intended prior testimony to be used at trial.

17

18  **Plaintiff's Response to Defendant Kaiser Gypsum's General Objections:**

19  　　　　The deposition of Kaiser Gypsum's former salesman, Brentwood Crosby, is proper and

20  admissible here, as addressed in Plaintiff's opposition to Kaiser's MIL on this topic. Kaiser's

21  claim that Plaintiff did not disclose Mr. Crosby in discovery is meritless for at least two reasons.

22  First, Kaiser chose to serve no discovery in this case.  Second, Kaiser was so well-aware of Mr.

23  Crosby's testimony (as indeed, it is offered against Kaiser in every case with Plaintiff's counsel),

24  that Kaiser filed a Motion in Limine of this witness.  Kaiser cannot claim surprise, procedural

25  error, nor prejudice.

26  　　　　The deposition testimony of Brentwood Crosby is admissible as "former testimony" under

27  Federal Rules of Evidence 804(b)(1).  Plaintiff presents this testimony as any percipient witness

28  under FRE 804(b)(1), as Mr. Crosby is deceased and Kaiser Gypsum had an identical motive and

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

1   interest in cross examining Mr. Crosby as in the present case, which can be seen by Defendant's

2   extensive cross examination designated by Defendant. Further, Kaiser Gypsum's counsel

3   stipulated that Mr. Crosby's deposition "will in fact serve as our trial record." [See Dep. at 62:8-14

4   (emphasis added)] Publicly available information suggests Mr. Crosby passed away on January

5   17, 2003 at the age of 76. Attached hereto is Mr. Crosby's obituary as available online from the

6   SFGate. Kaiser is well aware the Mr. Crosby is deceased and this fact cannot reasonably be

7   disputed.

8          Plaintiff meets his burden under Federal Rules of Evidence 804(b)(1) to show that the

9   deposition testimony of Mr. Crosby is admissible. Indeed, Kaiser Gypsum's counsel stipulated

10  that Mr. Crosby's deposition "will in fact serve as our trial record." [Crosby Depo., at 62:8-14

11  (emphasis added).]

12         Kaiser Gypsum's counsel Mr. Petty took lead in cross-examining Mr. Crosby. During the

13  first day of the deposition, Mr. Petty stated: "Since this is a videotaped deposition and will in fact

14  serve as our trial record, I think any trial lawyer would not proceed without being prepared to do

15  the full examination and have whatever documents or depo transcripts or affidavits might be

16  necessary to conduct that examination." [Crosby Depo. at 62:8-14.] As a result, the deposition was

17  suspended, and Kaiser Gypsum issued a subpoena for the continuation of Mr. Crosby's deposition

18  for a later date. [Id. at 65:16-66:13.] In order that Mr. Petty could be properly prepared for what he

19  conceded would be the trial record, the deposition was suspended for five months, and continued

20  on June 1, 1999. Mr. Petty then proceeded to cross-examine Mr. Crosby at length. [Id. at 76:11-

21  155:25.]

22         Mr. Crosby testified that he had "no reason to believe that anyone else in management

23  wanted or intended area sales managers like John Crum to be harmed performing their normal

24  duties calling on customers and selling products." [Id. at 80:11-17.] But Mr. Crosby also testified

25  that he was not involved in discussions and decisions concerning product packaging, product

26  formulations, and caution labels. [Id. at 84:10-85:4.] Hence, Mr. Crosby has no personal

27  knowledge as to any of those topics. [Id.]

28         The California Supreme Court held that a key "practical consideration" is whether there is

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   an antagonistic relationship between the deponent and the party against whom the deposition is

2   offered: "[T]he likelihood of a substantial interest in cross-examination may increase as the

3   strength of the relationship between the deponent and the opposing party diminishes or if it is

4   antagonistic, as is sometimes the case concerning former employees of a corporation or estranged

5   friends and relatives of an individual." [*Berroteran*, 12 Cal.5th at 902 (emphasis added).] As set

6   forth above, Mr. Crosby was a former employee of Kaiser Gypsum, and his testimony was

7   antagonistic to Kaiser Gypsum's interests, testifying that Kaiser Gypsum never informed him or

8   its customers that there was asbestos in its products.

9        Kaiser Gypsum had the same motive and interest in preparing for and performing its cross

10   examination in the Crum case as it has in the Sarjeant case.  The fact that Mr. Crosby was deposed

11   in a Washington case is not a meaningful distinction, because the causes of action alleged and

12   types of damages claimed are virtually identical; both Mr. Sarjeant's case and Mr. Crum's case

13   (wherein Mr. Crosby was deposed) are mesothelioma cases where the allegation is that Kaiser's

14   joint compound products will cause the plaintiff's death and related damages from the asbestos in

15   Kaiser's products.

16        Mr. Crosby's testimony is relevant as a percipient witness with firsthand knowledge as to

17   the disputed issue of fact of whether there were warnings present on Kaiser Gypsum's joint

18   compound, which are part of the Kaiser Gypsum drywall joint compound and ceiling texture

19   products at issue in this case.

20        The evidence that a Kaiser Gypsum salesperson and sales manager (Mr. Crosby) never saw

21   a warning on a bag of Kaiser joint compound and was relieved when he learned there was no

22   asbestos because that made it easier to sell goes to issues of strict products, and failure to warn,

23   and is probative and not unduly prejudicial.

24        Mr. Crosby's testimony as a salesman and sales manager for Northern California, Northern

25   Nevada, Utah, Southeastern Idaho, Oregon and Washington from 1960-1978 overlaps temporally

26   and geographically—Kaiser's repeated and perplexing claim that "all of his allegations regarding

27   Kaiser is for worksites in Southern California" notwithstanding—with Mr. Sarjeant's own use of

28   Kaiser joint compound products manufactured by Kaiser Gypsum in California. The products are

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  the same as those Mr. Crosby sold concurrently in Northern California, which includes San Mateo

2  county where Mr. Sarjeant worked with Kaiser's products. Mr. Crosby's testimony based on his

3  personal knowledge of selling and managing the sales of Defendant's products, including products

4  at issue in this case is relevant to whether Kaiser Gypsum was providing warnings to consumers,

5  whether its salesmen communicated to consumers there was asbestos, and Kaiser Gypsum's

6  ability to warn consumers similarly situated as Mr. Sarjeant.

7       All of Mr. Crosby's testimony goes to negligence, strict products liability, and failure to

8  warn. Plaintiffs meet the former testimony hearsay exception as described above.

9  **Ruling:**

10  _____ Sustained         _____ Overruled

11

12                        **JANUARY 19, 1999**

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| 5:20-5:20 | | | | ☐ Sustained<br>☐ Overruled |
| 5:23-5:25 | | | | ☐ Sustained<br>☐ Overruled |
| 6:24-12:4 | | Irrelevant, vague, overbroad, calls for speculation, leading, hearsay, unduly prejudicial, undue consumption of time. | Witness' brief background before joining Kaiser is relevant to credibility and context. (6:24-8:13.) From 8:14-12:4 is the witness' history of his career working for Defendant, which provides the foundation for his testimony and experience discussed throughout the deposition. Moreover, KG designated this same testimony, further demonstrating that KG's objection lacks merit. | ☑ Sustained<br>☐ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | 13:8-13:11 | | Irrelevant. Kaiser Cement products are not at issue in this case. | This testimony that Kaiser Gypsum was a subsidiary of Kaiser Cement, and that in about 1970 several Kaiser Cement salesman assumed responsibility for certain geographic regions for Kaiser Gypsum sales is relevant, because there are Kaiser Cement documents regarding the hazards of asbestos that should go to notice to Kaiser Gypsum, the subsidiary, and so the testimony that the company employees shared staff and sales responsibilities and were mixed demonstrates that Kaiser Gypsum had, or should have had, the knowledge of its parent company, Kaiser Cement. | ☑ Sustained ☐ Overruled |
| | 13:14-13:24 | | Irrelevant. Kaiser Cement products are not at issue in this case. | This testimony that Kaiser Gypsum was a subsidiary of Kaiser Cement, and that in about 1970 several Kaiser Cement salesman assumed responsibility for certain geographic regions for Kaiser Gypsum sales is relevant, because there are Kaiser Cement documents regarding the hazards of asbestos that | ☑ Sustained ☐ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.Kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | | | | should go to notice to Kaiser Gypsum, the subsidiary, and so the testimony that the company employees shared staff and sales responsibilities and were mixed demonstrates that Kaiser Gypsum had, or should have had, the knowledge of its parent company, Kaiser Cement. | |
| | 14:11 (start at "Did")-14:14 | | Irrelevant. Kaiser Cement products are not at issue in this case. | This testimony that Kaiser Gypsum was a subsidiary of Kaiser Cement, and that in about 1970 several Kaiser Cement salesman assumed responsibility for certain geographic regions for Kaiser Gypsum sales is relevant, because there are Kaiser Cement documents regarding the hazards of asbestos that should go to notice to Kaiser Gypsum, the subsidiary, and so the testimony that the company employees shared staff and sales responsibilities and were mixed demonstrates that Kaiser Gypsum had, or should have had, the knowledge of its parent company, Kaiser Cement. | ☑ Sustained ☐ Overruled |
| | 14:16-14:17 | | Lacks Foundation, Calls for | Witness testifies from personal knowledge | ☑ Sustained ☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Speculation. Irrelevant. Kaiser Cement products are not at issue in this case. | and direct observation based on 18 years of employment at Kaiser Gypsum. Kaiser Gypsum's corporate history is relevant to Defendant's ability to investigate or know the hazards of construction products and its sophistication as a manufacturer. | |
| 14:19-15:3 | | Lacks Foundation, Calls for Speculation. Irrelevant. Kaiser Cement products are not at issue in this case. | Witness testifies from personal knowledge and direct observation based on 18 years of employment at Kaiser Gypsum. | ☑ Sustained ☐ Overruled |
| 15:6-15:13 | | 15:6-7: Lacks Foundation | Witness testifies from personal knowledge and direct observation based on 18 years of employment at Kaiser Gypsum. | ☑ Sustained ☐ Overruled |
| 28:8 (start at "I")- 28:25 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, hearsay, unduly prejudicial, undue consumption of time. | Witness is describing his own interactions with research and development personnel, which is within his own personal knowledge and provides foundation for his testimony later. Additionally, this testimony demonstrates the witness' interaction with employees who manufactured the asbestos products at issue in this case, | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | which is relevant as Mr. Crosby testifies he was told there was no asbestos. Moreover, KG designated this same testimony, further demonstrating that KG's objection lacks merit. | |
| 29:25 (start at "what")-30:8 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, hearsay, unduly prejudicial, undue consumption of time. | The witness is describing "accessory products" which are the drywall accessory products, including joint compound, that are at issue in the *Sarjeant* case. Critical, swift, and straight forward background information for the jury. | ☐ Sustained ☑ Overruled |
| 30:19-32:8 | | Irrelevant, vague, overbroad, leading, lacks foundation, calls for speculation, nonresponsive, unduly prejudicial, undue consumption of time. | Mr. Crosby is testifying as a sales manager regarding what the salespeople he personally supervised were required to know and did know, and what he observed the sales personal and Kaiser doing, all of which is within Mr. Crosby's personal knowledge as he observed this directly.  His testimony regarding his employees' interactions with contractors and the public is relevant because it goes to Defendants' ability to warn. Questions and answers are responsive and easy to follow. | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | 32:10-32:10 | | Irrelevant, vague, overbroad, leading, lacks foundation, calls for speculation, nonresponsive, unduly prejudicial, undue consumption of time. | Please see above is this line is end of witness' prior answer. Witness is describing packaging that he personally saw. He has personal knowledge and foundation for this testimony having seen the materials himself, during an 18 year career for Kaiser. Mr. Sarjeant described Kaiser products and Crosby's testimony corroborates Mr. Sarjeant's ID. | ☐ Sustained ☑ Overruled |
| | 33:25 (start at "What")-34:2 | | Irrelevant, vague, overbroad, leading, lacks foundation, calls for speculation, nonresponsive, unduly prejudicial, undue consumption of time. | Mr. Crosby is describing how one of the Kaiser products that was used by Mr. Sarjeant was applied. This is relevant to show correct ID and the requirement to produce dust while using the product. Moreover, the description of use of Kaiser's products generally is critical background for the jury to allege Kaiser's negligence and failure to warn. | ☐ Sustained ☑ Overruled |
| | 34:4-34:9 | | Irrelevant, vague, overbroad, leading, lacks foundation, calls for speculation, nonresponsive, unduly prejudicial, undue consumption of time. | Mr. Crosby is describing how one of the Kaiser products that was used by Mr. Sarjeant was applied. This is relevant to show correct ID and the | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | requirement to produce dust while using the product. Moreover, the description of use of Kaiser's products generally is critical background for the jury to allege Kaiser's negligence and failure to warn. | |
| 34:12-34:17 | | Irrelevant, vague, overbroad, leading, lacks foundation, calls for speculation, nonresponsive, unduly prejudicial, undue consumption of time. | Mr. Crosby is describing how one of the Kaiser products that was used by Mr. Sarjeant was applied. This is relevant to show correct ID and the requirement to produce dust while using the product. Moreover, the description of use of Kaiser's products generally is critical background for the jury to allege Kaiser's negligence and failure to warn. | ☐ Sustained ☑ Overruled |
| 34:19-34:20 | | Irrelevant, vague, overbroad, leading, lacks foundation, calls for speculation, nonresponsive, unduly prejudicial, undue consumption of time. | Mr. Crosby is describing how one of the Kaiser products, which Mr. Sarjeant regularly used, was applied. This is relevant to show correct ID and the requirement to produce dust while using the product. Moreover, the description of use of Kaiser's products generally is critical background for the | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | jury to allege Kaiser's negligence and failure to warn. | |
| 34:21-35:10 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, hearsay, unduly prejudicial, undue consumption of time. | Mr. Crosby is describing how one of the Kaiser products, which Mr. Sarjeant regularly used, was applied. This is relevant to show correct ID and the requirement to produce dust while using the product. Moreover, the description of use of Kaiser's products generally is critical background for the jury to allege Kaiser's negligence and failure to warn. | ☐ Sustained ☑ Overruled |
| 35:13-35:14 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, hearsay, unduly prejudicial, undue consumption of time. | Mr. Crosby is describing how one of the Kaiser products, which Mr. Sarjeant regularly used, was applied. This is relevant to show correct ID and the requirement to produce dust while using the product. Moreover, the description of use of Kaiser's products generally is critical background for the jury to allege Kaiser's negligence and failure to warn. | ☐ Sustained ☑ Overruled |
| 44:16-45:21 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative and must be stricken. | Defendant's management is directly relevant to Defendant's knowledge of the hazards of asbestos, which is relevant to Defendant's negligence.<br><br>Mr. Crosby's testimony on cross examination may be proper to admit, and Kaiser counter designates it below. However, the fact that a witness may offer slightly different testimony on direct examination and cross examination is not a reason to exclude. Instead, it is the result of a vigorous cross, and is merely testimony for the jury to consider and weigh.<br><br>Defendant's objection related punitive damages is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | 46:2-46:3 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403. Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos. Goes to Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to warn. Mr. Crosby's testimony on cross examination may be proper to admit, and Kaiser counter designates it below. However, the fact that a witness may offer slightly different testimony on direct examination and cross examination is not a reason to exclude. Instead, it is the result of a vigorous cross, and is merely testimony for the jury to consider and weigh. | ☐ Sustained ☑ Overruled |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | probative and must be stricken. | Defendant's objection related punitive damages is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 46:5-46:9 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403. | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos. Goes to Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative and must be stricken. | warn. Mr. Crosby's testimony on cross examination may be proper to admit, and Kaiser counter designates it below. However, the fact that a witness may offer slightly different testimony on direct examination and cross examination is not a reason to exclude. Instead, it is the result of a vigorous cross, and is merely testimony for the jury to consider and weigh. Defendant's objection related punitive damages is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 46:11-46:23 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

*Kazan, McClain, Satterley & Greenwood*
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | consumption of time. Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403. | who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos. Goes to Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to warn. | |
| | | Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative and must be stricken. | Mr. Crosby's testimony on cross examination may be proper to admit, and Kaiser counter designates it below. However, the fact that a witness may offer slightly different testimony on direct examination and cross examination is not a reason to exclude. Instead, it is the result of a vigorous cross, and is merely testimony for the jury to consider and weigh. Defendant's objection related punitive damages is misplaced because this testimony does not mention punitive damages and is | |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 47:1-47:11 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos.  Goes to Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to warn.<br><br>Defendant's objection related to punitive damages is misplaced because this testimony does not mention punitive | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative and must be stricken. | damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 47:22-47:24 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.

Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos. Goes to Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to warn.

Defendant's objection related to punitive damages is misplaced because Plaintiffs do not | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative and must be stricken. | bring punitive damages claims in this case and this testimony does not mention punitive damages.  The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 48:1-48:3 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.  Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.  Objection on the ground of relevance. Plaintiffs are not | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos.  Goes to Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to warn.  Defendant's objection related to | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative and must be stricken. | punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 48:7-48:21 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403. | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos. Goes to Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to warn. | ☐ Sustained ☑ Overruled |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative and must be stricken. | Defendant's objection related to punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 48:24-48:25 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.

Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos.  Goes to Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to | ☐ Sustained
☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | | | Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | warn.<br><br>Defendant's objection related to punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| | 49:3-49:3 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos. Goes to Defendants' knowledge, whether Defendant was | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | | | jury and would be prejudicial to Kaiser Gypsum under FRE 403.

Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | alerting customers about asbestos, and Defendant's ability to warn.

Defendant's objection related to punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| | 49:6 (start at "What")-49:11 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.

Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction | Mr. Crosby's testimony based directly on his own personal knowledge from his own work and interactions with Defendant's management, including Mr. Kirk who is Defendants' deceased prior corporate representative and manager, which Defendant has designated in this case, is relevant because Mr. Crosby explains he was relieved when he was told there was no asbestos because it would be harder to sell products with asbestos. Goes to | ☐ Sustained
☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendants' knowledge, whether Defendant was alerting customers about asbestos, and Defendant's ability to warn.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 53:17-54:5 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been | Mr. Crosby's testimony that he was "middle management" and responsible to speak to customers in the field about product defects is all within his personal knowledge, and relevant to show his foundation for his testimony that he was no made aware that Kaiser products contained asbestos.<br><br>Clear and succinct. | ☐ Sustained<br>☑ Overruled |

3385783.1

25

Case No. 3:24-cv-01216-VC

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | | |
| 54:8-55:8 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with | Mr. Crosby's testimony that he was "middle management" and responsible to speak to customers in the field about product defects is all within his personal knowledge, and relevant to show his foundation for his testimony that he was no made aware that Kaiser products contained asbestos.<br><br>Clear and succinct. | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403. | Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 3–19 | | | Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | | |
| 20 | 55:10-55:11 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | Mr. Crosby's testimony that he was "middle management" and responsible to speak to customers in the field about product defects is all within his personal knowledge, and relevant to show his foundation for his testimony that he was no made aware that Kaiser products contained asbestos. | ☐ Sustained ☑ Overruled |
| 21–28 | | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the | | |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 55:15-55:16 (end at "interrogatories") | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate representative and manager, that there was no asbestos in the asbestos-containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint | ☐ Sustained<br>☑ Overruled |

28

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | compound, despite seeing "approximately 250,000" bags of Kaiser Gypsum product, (see 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 55:17 (start at "I'm")-56:4 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | representative and manager, that there was no asbestos in the asbestos-containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint compound, despite seeing "approximately 250,000" bags of Kaiser Gypsum product, (*see* 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own | |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | knowledge and negligence regarding the hazards of asbestos. | |
| 56:7-56:10 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate representative and manager, that there was no asbestos in the asbestos-containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint compound, despite seeing "approximately 250,000" bags of Kaiser Gypsum product, (see 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 56:13-56:16 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.

Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.

Objection on the ground of relevance. Plaintiffs are not alleging punitive | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate representative and manager, that there was no asbestos in the asbestos-containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint compound, despite seeing "approximately 250,000" bags of Kaiser Gypsum product, (see 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos. | ☐ Sustained
☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Clear and succinct. Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards | |
| 56:18-56:22 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate representative and manager, that there was no asbestos in the asbestos-containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint compound, despite seeing "approximately 250,000" bags of Kaiser Gypsum product, (*see* 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Case 3:24-cv-01216-VC Document 352 Filed 10/28/24 Page 34 of 53

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 56:25-57:2 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate representative and manager, that there was no asbestos in the asbestos-containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint compound, despite seeing "approximately 250,000" bags of | ☐ Sustained<br>☑ Overruled |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Kaiser Gypsum product, (*see* 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 57:5-57:9 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate representative and manager, that there was no asbestos in the asbestos- | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint compound, despite seeing "approximately 250,000" bags of Kaiser Gypsum product, (*see* 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of | |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | asbestos. | |
| 57:11-57:16 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate representative and manager, that there was no asbestos in the asbestos-containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint compound, despite seeing "approximately 250,000" bags of Kaiser Gypsum product, (*see* 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | | | prejudicial than probative, and must be stricken. | causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| | 57:25 (start at "are")-58:8 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time.<br><br>Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, | Mr. Crosby's testimony that he was told my Mr. Kirk, Defendant's prior corporate representative and manager, that there was no asbestos in the asbestos-containing joint compound at issue in this case, and Mr. Crosby's testimony that he never saw a warning on any joint compound, despite seeing "approximately 250,000" bags of Kaiser Gypsum product, (*see* 56:18-25.), including the joint compound at issue in this case, is all within his personal knowledge, and relevant to the central questions in this case as to whether Defendant actually warned consumers such as Mr. Sarjeant that its joint compounds and textures at issue in this case contained asbestos.<br><br>Clear and succinct.<br><br>Defendant's | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages and is relevant to Plaintiff's causes of actions. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |

### JULY 1, 1999

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| 158:23-159:4 | | Irrelevant, vague, overbroad, calls for speculation, unduly prejudicial, undue consumption of time. | Mr. Crum's testimony about going on work demonstrations showing workers how to use Kaiser's joint compound products demonstrates that Mr. Crum saw Kaiser's products in action, and showed workers how to use the product, on behalf of Kaiser, and therefore had the opportunity to see whether the products had warnings. | ☐ Sustained ☑ Overruled |
| 159:10-160:21 | | Irrelevant, vague, overbroad, calls for | Mr. Crum's testimony about | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | speculation, unduly prejudicial, undue consumption of time. | going on work demonstrations showing workers how to use Kaiser's joint compound products demonstrates that Mr. Crum saw Kaiser's products in action, and showed workers how to use the product, on behalf of Kaiser, and therefore had the opportunity to see whether the products had warnings. | |
| 161:9-162:14 | | Irrelevant, vague, overbroad, calls for speculation, leading, unduly prejudicial, undue consumption of time. | Mr. Crosby's testimony that he doesn't recall ever seeing warning labels on the products that Mr. Sarjeant used in the time period of Mr. Sarjeant's exposure. It is directly relevant, succinct, and not unduly prejudicial. | ☐ Sustained ☑ Overruled |
| 162:17-162:17 | | Irrelevant, vague, overbroad, calls for speculation, leading, unduly prejudicial, undue consumption of time. | Mr. Crosby's testimony that he doesn't recall ever seeing warning labels on the products that Mr. Sarjeant used in the time period of Mr. Sarjeant's exposure it is directly relevant, succinct, and not unduly prejudicial. So too is Crosby's testimony that it is impossible to use the products that | ☐ Sustained ☑ Overruled |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | were used by Mr. Sarjeant without creating dust. | |
| 162:19-163:5 | | Lacks Foundation, Calls for speculation. | The lack of foundation and lack of authenticity for the purported can or bucket of Defendant's joint compound demonstrates that this can is hearsay and not credible and thus should be played to jury if plaintiffs objections are overruled to Kaiser's designations concerning the unauthenticated hearsay can. | ☐ Sustained ☑ Overruled |
| 165:5-165:22 | | Irrelevant, vague, overbroad, calls for speculation, leading, unduly prejudicial, undue consumption of time. | Crosby's testimony that he didn't see warning labels is relevant to whether there was a warning label on the Kaiser products used by Mr. Sarjeant, because Mr. Crosby worked for Defendant and saw approximately 250,000 bags of the product at issue. | ☐ Sustained ☑ Overruled |
| 165:24-166:8 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | The fact that Crosby was not instructed by Defendant to tell customers to wear respirators is relevant to Defendants' negligence and failure to warn.<br><br>Clear and succinct. | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 166:9-166:12 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | Goes to Kaiser's failure to warn.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos | |
| | 166:13-166:17 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | The fact that Crosby was not instructed by Defendant to tell customers to wear respirators is relevant to Defendants' negligence and failure to warn.<br><br>Clear and succinct. | ☐ Sustained<br>☑ Overruled |

3385783.1
43
Case No. 3:24-cv-01216-VC

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 166:20-166:20 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | The fact that Crosby was not instructed by Defendant to tell customers to wear respirators is relevant to Defendants' negligence and failure to warn.<br><br>Clear and succinct. | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 168:1-168:6 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | Crosby's testimony that his customers was concerned about asbestos is relevant to show that Kaiser was or should have been aware of concerns about asbestos, and his testimony that he was told by Defendant that there | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | was no asbestos is a party admission by Defendant to Mr. Crosby and is relevant to Defendant's knowledge and communication with its salespeople and the its consumers, including consumers such as Mr. Sarjeant.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 168:8-168:9 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | Crosby's testimony that his customers was concerned about asbestos is relevant to show that Kaiser Gypsum was or should have been aware of concerns about asbestos, and his testimony that he was told by | ☐ Sustained<br>☑ Overruled |

3385783.1

46

Case No. 3:24-cv-01216-VC

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.

Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendant that there was no asbestos is a party admission by Defendant to Mr. Crosby and is relevant to Defendant's knowledge and communication with its salespeople and the its consumers, such as Mr. Sarjeant.

Clear and succinct.

Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 168:12-168:19 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | Crosby's testimony that his customers was concerned about asbestos is relevant to show that Kaiser Gypsum was or should have been aware of concerns about asbestos, and his testimony that he was told by | ☐ Sustained  ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.\n\nObjection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendant that there was no asbestos is a party admission by Defendant to Mr. Crosby and is relevant to Defendant's knowledge and communication with its salespeople and the its consumers, such as Mr. Sarjeant.\n\nClear and succinct.\n\nDefendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 168:21-168:24 (end at "ability") | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | Crosby's testimony that his customers was concerned about asbestos is relevant to show that Kaiser Gypsum was or should have been aware of concerns about asbestos, and his testimony that he was told by | ☐ Sustained\n☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendant that there was no asbestos is a party admission by Defendant to Mr. Crosby and is relevant to Defendant's knowledge and communication with its salespeople and the its consumers, such as Mr. Sarjeant.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 169:1-169:8 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | Crosby's testimony that his customers was concerned about asbestos is relevant to show that Kaiser Gypsum was or should have been aware of concerns about asbestos, and his testimony that he was told by | ☐ Sustained<br>☑ Overruled |

3385783.1                                          49                        Case No. 3:24-cv-01216-VC

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendant that there was no asbestos is a party admission by Defendant to Mr. Crosby and is relevant to Defendant's knowledge and communication with its salespeople and the its consumers such as Mr. Sarjeant.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |
| 169:10-169:15 | | Irrelevant, vague, overbroad, lacks foundation, calls for speculation, assumes facts, leading, hearsay, unduly prejudicial, undue consumption of time. | Crosby's testimony that his customers was concerned about asbestos is relevant to show that Kaiser Gypsum was or should have been aware of concerns about asbestos, and his testimony that he was told by | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATIONS OF BRENTWOOD
CROSBY -JANUARY 19 AND JULY 1, 1999, INCLUDING DEFENDANT'S OBJECTIONS

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| 2 | | | Moreover, Mr. Crosby admitted in a later deposition that he may have been wrong about the timing of his conversation with Mr. Kirk and that there may have been warnings on Kaiser Gypsum's products. Thus, introduction of this testimony would mislead the jury and would be prejudicial to Kaiser Gypsum under FRE 403.<br><br>Objection on the ground of relevance. Plaintiffs are not alleging punitive damages claims against Kaiser Gypsum. Therefore, all testimony and matters related to claims of punitive damages against Kaiser Gypsum are irrelevant, are inadmissible pursuant to FRE 403 as being more prejudicial than probative, and must be stricken. | Defendant that there was no asbestos is a party admission by Defendant to Mr. Crosby and is relevant to Defendant's knowledge and communication with its salespeople and the its consumers such as Mr. Sarjeant.<br><br>Clear and succinct.<br><br>Defendant's objection related to the Staying of punitive damages claims is misplaced because this testimony does not mention punitive damages. The fact that there are no punitives sought in this case cannot shield defendant from evidence of its own knowledge and negligence regarding the hazards of asbestos. | |

DATED: October 28, 2024

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation


By: _____
Henry A. Steinberg
Attorneys for Plaintiff

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

# EXHIBIT A



  

NEWS

# CROSBY, Brent F.

Jan 26, 2003

CROSBY, Brent F. – Born August 14, 1926 in Seattle, WA, Brent Crosby died peacefully in Walnut Creek on Jan. 17, 2003 at the age of 76. He was a resident for 32 years in Walnut Creek and lived before that in Sacramento, CA. Brent was sales manager with Kaiser Gypsum and Domtar. He was a member of the Claremont Country Club, a past president of the International Order of HOO HOO and a member of the Elks Club. He is survived by his wife Jeanne, daughters Lynn Stokes and husband Wayne of Sacramento and Leslie Weisgerber and husband Bill of Rio Linda, CA; grandchildren Julie Gephart, Joanna Garrigan, Jill Stokes and BJ and Brent Weisgerber. Also survived by brother Frank Crosby of Scottsdale, AZ and sister Margaret Brown of West Seattle, WA. A Memorial will be held on Feb. 1, 2003 at Holy Redeemer Center, 8945 Golf Links Road, Oakland, CA 94605 at 11 AM.