John L. Langdoc, Esq. (C.S.B. #235509)
  jlangdoc@kazanlaw.com
Henry A. Steinberg, Esq. (C.S.B. #284998)
  hsteinberg@kazanlaw.com
Jennifer Bartlett, Esq. (C.S.B. #183154)
  jbartlett@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SARJEANT, individually and as successor-in-interest to LUCRETIA SARJEANT, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LONG BEACH, et al., <br><br> Defendants. | Case No. 3:24-cv-01216-VC <br><br> District Judge Vince Chhabria <br><br> [Removed from the Superior Court of California, County of Alameda, Case No. 23CV052439] <br><br> **PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE AND LINE DESIGNATION OF THE DEPOSITION TESTIMONY OF CHARLES McCHESNEY II TAKEN JULY 13, 2022, INCLUDING DEFENDANT KAISER GYPSUM COMPANY, INC.'S OBJECTIONS AND COUNTER-DESIGNATIONS AND PLAINTIFF'S REPLY THERETO** <br><br> Case Filed:          November 20, 2023 <br> Final Pre-Trial Conf.:   October 29, 2024 <br> Trial Date:          November 4, 2024 |

Plaintiff hereby submits his response to the objections and counter-designations of

Defendant Kaiser Gypsum Company, Inc. ("Kaiser Gypsum") to Plaintiff's page and line

designation of the deposition testimony of Charles McChesney II taken July 13, 2022, in the case

*Ta v. Kaiser Gypsum Company, et al.*, Alameda Superior Court Case No. RG21109884.  .

Plaintiff reserves the right to amend, supplement, or withdraw the designations, objections or

3387263.1                                    1                    Case No. 3:24-cv-01216-VC

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

counter designations, including those affected by *in limine* rulings or other evidentiary rulings made throughout trial.  Plaintiff reserves the right to counter designate any testimony that is withdrawn by Defendants. Plaintiff further reserves the right to introduce deposition testimony not designated herein in his case-in-chief, or for the purpose of impeachment, rebuttal or any other purpose permitted.

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| 8:21-9:4 | | | | ☐ Sustained<br>☐ Overruled |
| 9:15-10:4 | | 10:1-4 Irrelevant | Relevant to witness' background. Introduction to establish who he is (and that he never worked for Kaiser). | ☐ Sustained<br>☑ Overruled |
| 10:7-10:11 (end at "can.") | | Irrelevant. | Relevant to witness' background. Introduction to establish who he is (and that he never worked for Kaiser). | ☑ Sustained<br>☐ Overruled |
| 10:13-11:20 | | Irrelevant; Unduly prejudicial in introducing not just additional asbestos litigation but other forms of litigation against or involving Kaiser Gypsum, potentially causing jurors to form a negative impression of Kaiser as a result. | Relevant to witness' background. Introduction to establish who he is and that he never worked for Kaiser.<br><br>McChesney's bio does not relate to Kaiser Gypsum. It provides background to McChesney.  Not intended to result in a "negative impression" of Kaiser, *but*, that Kaiser hired a risk management professional as its corporate | ☑ Sustained<br>☐ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Case 3:24-cv-01216-VC  Document 351  Filed 10/28/24  Page 3 of 67

*Kazan, McClain, Satterley & Greenwood*
*A Professional Law Corporation*
*Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607*
*(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com*

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | representative is relevant and not unduly prejudicial. Important for the jury to understand and evaluate the witness' credibility, demeanor, and testimony. | |
| 14:15-15:18 | | The "road map" of what the attorney "hopes to cover" during the deposition is irrelevant, attorney colloquy, it misstates facts, assumes facts, and does not pose a question for the witness. The witness never answered. The questioning attorney's statement of his facts are prejudicial to Kaiser Gypsum and will be confusing to the jury since it misstates facts, assumes facts not in evidence, lacks foundation, and are plaintiff's hopes of the testimony he wants to elicit. Moreover, there was no substantive response to the attorney's statements or colloquy.<br><br>Plaintiff's counsel did not include the changes made by Mr. McChesney on the errata sheet | Identifying the areas of questioning with a witness is relevant and helpful to the fact finder.<br>"I'd like to walk through quickly the road map that I hope to cover with you over the next hour …"<br><br>This framing question identifies for the jury and the Court the areas counsel is covering in the testimony so that the jury and Court can more easily follow the testimony.<br><br>At various times throughout the testimony, counsel refers back to the list of topics. "Now I'd like to discuss the third area, are you prepared to discuss this area now?" Etc.<br><br>There is no explanation as to how the list of topics is "more prejudicial" than helpful for the | ☑ Sustained<br>☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Case 3:24-cv-01216-VC   Document 351   Filed 10/28/24   Page 4 of 67

<div style="writing-mode: vertical">Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com</div>

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | including changing the words "think" to "thing" at 14:20, "bad" to "ban" at 14:25, and "effect" to "affect" at 15:3. | jury.<br><br>The errata sheet making those typographical corrections is irrelevant as the jury will hear Mr. McChesney's testimony on video. | |
| 16:17-17:2 | | 16:17-16:24 The "road map" of what the attorney "hopes to cover" during the deposition is irrelevant, attorney colloquy, it misstates facts, assumes facts, and does not pose a question for the witness. The witness never answered. The questioning attorney's statement of his facts are prejudicial to Kaiser Gypsum and will be confusing to the jury since it misstates facts, assumes facts not in evidence, lacks foundation, and are plaintiff's hopes of the testimony he wants to elicit. Moreover, there was no substantive response to the attorney's statements or colloquy. | The witness responds that he has prepared for the deposition within the scope of the notice. There was no objection at time of deposition to the responsiveness of the answer. | ☐ Sustained<br>☐ Overruled<br><br>*Sustained as to 16:17 to 16:24* |
| 17:9-17:14 | | Irrelevant. | Kaiser's admission that the earliest year Kaiser learned of the | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | hazards of asbestos, and that Kaiser began writing internally about it, is in 1965 is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos. | |
| 17:22-17:24 | | | | ☐ Sustained<br>☐ Overruled |
| 18:5-18:6 | | | | ☐ Sustained<br>☐ Overruled |
| 24:24-26:6 | | Irrelevant. | Kaiser Gypsum 1965 business record regarding the hazards of asbestos is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos. | ☐ Sustained<br>☑ Overruled |
| 26:15-27:4 | | Irrelevant. | Kaiser Gypsum 1965 business record regarding the hazards of asbestos is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos. | ☐ Sustained<br>☑ Overruled |
| 27:7-27:15 | | Irrelevant, question misstates evidence. | Kaiser Gypsum 1965 business record regarding the hazards of asbestos is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos.<br><br>Question does not misstate. Quotes the Kaiser business record exactly. | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| 27:21-28:9 | | Irrelevant, question misstates evidence.<br><br>Plaintiff's counsel did not include the changes made by Mr. McChesney on the errata sheet including changing the word "you're" to "your" at 27:23. | Kaiser Gypsum 1965 business record regarding the hazards of asbestos is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos.<br><br>Question does not misstate. Quotes the Kaiser business record exactly.<br><br>Kaiser's objection about "your" and "you're" is a waste of this Court's time. This is a video deposition, and "your" and "you're" sound the same. | ☐ Sustained<br>☑ Overruled |
| 28:15-28:20 | | Irrelevant.<br><br>Plaintiff's counsel did not include the changes made by Mr. McChesney on the errata sheet including changing the word "asbestos" to "chrysotile asbestos" at 28:19. | Kaiser Gypsum 1965 business record regarding the hazards of asbestos and the fact that Kaiser was using asbestos is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos.<br><br>The objection as to the errata sheet is without merit. Plaintiff is designating party admissions, and the witness stated asbestos. The video may be reviewed to determine that the Court reporter did not make an error. | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| 30:5-30:10 | | Irrelevant, hearsay, lacks foundation, authentication. | Kaiser Gypsum 1965 business record regarding the hazards of asbestos and the fact that Kaiser was using asbestos is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos.<br><br>The 1965 Flicker memo (the document being read) is a Kaiser business record and not hearsay. | ☐ Sustained<br>☑ Overruled |
| 31:1-31:7 | | Irrelevant, hearsay, lacks foundation, authentication | Foundation: The exhibit states "these cancers may not appear until 20 to 30 years after the asbestos dust is inhaled…"<br><br>Kaiser Gypsum 1965 business record regarding the hazards of asbestos and the fact that Kaiser was using asbestos is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos.<br><br>The 1965 Flicker memo (the document being read) is a Kaiser business record and not hearsay. | ☐ Sustained<br>☑ Overruled |
| 31:13-31:22 | | Irrelevant, hearsay, lacks foundation, authentication. | Kaiser Gypsum 1965 business record regarding the hazards of asbestos and the | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | fact that Kaiser was using asbestos is directly relevant to Kaiser's notice of and knowledge of the hazards of asbestos.<br><br>The 1965 Flicker memo (the document being read) is a Kaiser business record and not hearsay. | |
| | 32:8-12 | | | ☐ Sustained<br>☐ Overruled |
| 32:16-32:19 | | Irrelevant; assumes facts not in evidence and attempts to impose upon Kaiser Gypsum a greater obligation than existed. | The question does not assume facts not in evidence, the document states: -mesothelioma is a "fatal human cancer" and that "one worry is whether a single past exposure might set the stage for the cancer." | ☐ Sustained<br>☑ Overruled |
| 32:25-33:6 | | Irrelevant; assumes facts not in evidence and attempts to impose upon Kaiser Gypsum a greater obligation than existed.<br><br>Plaintiff's counsel did not include the changes made by Mr. McChesney on the errata sheet including changing the word "asbestos" to "chrysotile asbestos" at 33:6. | The relevance is that Kaiser learned in 1965 that asbestos was hazardous and Kaiser did not remove asbestos. There is not assumption of facts or "obligation" "imposed." This question and answer goes to Kaiser's use of asbestos and Kaiser's knowledge of the harm. Relevant to negligence and failure to warn.<br><br>Video can be reviewed to determine | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Case 3:24-cv-01216-VC    Document 351    Filed 10/28/24    Page 9 of 67

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | if reporter made error regarding "asbestos." Plaintiff is designating a party admission. | |
| 33:23-34:1 | | Irrelevant; assumes facts not in evidence and attempts to impose upon Kaiser Gypsum a greater obligation than existed | The relevance is that Kaiser learned in 1965 that asbestos was hazardous and Kaiser did not remove asbestos. There is not assumption of facts or "obligation" "imposed." This question and answer goes to Kaiser's use of asbestos and Kaiser's knowledge of the harm. Relevant to negligence and failure to warn. | ☐ Sustained ☑ Overruled |
| 34:8-34:16 | | Irrelevant, counsel's question contains misstatements of facts, colloquy, and will confuse the jurors | Not argumentative.; foundation based on next exhibit in order re: removal of asbestos because "affecting sales". Question and answer are clear. No colloquy. | ☐ Sustained ☑ Overruled |
| 34:24-35:11 | | Irrelevant, counsel's question contains misstatements of facts, colloquy, and will confuse the jurors. | The question does not assume facts not in evidence, the exhibit upon which the question is based states: "March 1, 1965", mesothelioma is a "fatal human cancer", "one worry is whether a single past exposure might set the stage for the cancer." | ☐ Sustained ☑ Overruled |
| 35:17-35:23 | | Irrelevant; question is misleading and | The relevance is that Kaiser learned in 1965 | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | attempts to impose upon Kaiser Gypsum an obligation which did not exist | that asbestos was hazardous and Kaiser did not remove asbestos. There is not assumption of facts or "obligation" "imposed." This question and answer goes to Kaiser's use of asbestos and Kaiser's knowledge of the harm. Relevant to negligence and failure to warn. | |
| 36:2-36:5 | | Irrelevant. | Relevant to Kaiser's knowledge, negligence, and failure to warn. | ☐ Sustained ☑ Overruled |
| 38:2-38:7 | | Irrelevant, counsel's question contains misstatements of facts, colloquy, and will confuse the jurors. | The relevance is that Kaiser learned in 1965 that asbestos was hazardous and Kaiser did not remove asbestos. There is no assumption of facts or "obligation" "imposed." This question and answer goes to Kaiser's use of asbestos and Kaiser's knowledge of the harm. Relevant to negligence and failure to warn.<br><br>The question does not misstate facts, the exhibit upon which the question is based states:<br><br>-"March 1, 1965", | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | -mesothelioma is a "fatal human cancer" "one worry is whether a single past exposure might set the stage for the cancer." The question is not asked and answered because it asks if asbestos was removed in the years following 1965 (prior question asked about 1965 removal). | |
| 40:25-41:11 | | Irrelevant, counsel's question contains misstatements of facts, assumption of facts, colloquy, is argumentative, and will confuse the jurors. No substantive response provided. | The relevance is that Kaiser learned in 1965 that asbestos was hazardous and Kaiser did not remove asbestos. There is not assumption of facts or "obligation" "imposed." This question and answer goes to Kaiser's use of asbestos and Kaiser's knowledge of the harm. Relevant to negligence and failure to warn. The question does not misstate facts, the exhibit upon which the question is based states the matters upon which counsel is inquiring. | ☐ Sustained ☑ Overruled |
| 41:12-41:18 | | Irrelevant, counsel's question contains misstatements of facts, colloquy, and will confuse the | The relevance is that Kaiser learned in 1965 that asbestos was hazardous and Kaiser did not remove | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | jurors. No substantive response provided | asbestos.  There is not assumption of facts or "obligation" "imposed." This question and answer goes to Kaiser's use of asbestos and Kaiser's knowledge of the harm.  Relevant to negligence and failure to warn.<br><br>The question does not misstate facts, the exhibit upon which the question is based states the matters upon which counsel is inquiring. | |
| 41:24-42:9 | | Irrelevant, counsel's question contains misstatements of facts, colloquy, and will confuse the jurors. No substantive response provided. | The relevance is that Kaiser learned in 1965 that asbestos was hazardous and Kaiser did not remove asbestos.  There is not assumption of facts or "obligation" "imposed." This question and answer goes to Kaiser's use of asbestos and Kaiser's knowledge of the harm.  Relevant to negligence and failure to warn.<br><br>The question does not misstate facts, the exhibit upon which the question is based states the matters upon which counsel is inquiring. | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | 42:13-43:3 | | Irrelevant, counsel's question contains misstatements of facts, assumption of facts, is argumentative, consists of colloquy, and will confuse the jurors. No substantive response provided | Even if the question were to have an inaccuracy that would not render it objectionable, the witness may respond as this witness did, that there is an error in the question. However, here, there is no error.<br><br>The question asks if Kaiser removed asbestos from its consumer texture products after the people on the memo had based around information about "asbestos cancers appearing decades later after even a single past exposure"<br><br>The document provides for each element of this question:<br>1. Kaiser memo<br>2. Roughly 15 people cc'd on the memo forwarding the information about asbestos health hazards<br>3. "Mesothelioma must be added to the neoplastic cancer risks of asbestos inhalation .."<br>4. "The cancers | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | may not appear until 20 to 30 years after asbestos dust is inhaled…" "One worry is whether a few or even a single past exposure might set the stage for cancer.." | |
| 43:9-44:10 | | Irrelevant, counsel's question contains misstatements of facts, colloquy, and will confuse the jurors. No substantive response provided.<br><br>Plaintiff's counsel did not include the changes made by Mr. McChesney on the errata sheet including deleting "and corrected it and gave it to all employees" at 44:9-10. | The relevance is that Kaiser learned in 1965 that asbestos was hazardous and Kaiser did not remove asbestos. There is not assumption of facts or "obligation" "imposed." This question and answer goes to Kaiser's use of asbestos and Kaiser's knowledge of the harm. Relevant to negligence and failure to warn.<br><br>The question does not misstate facts, the exhibit upon which the question is based states the matters upon which counsel is inquiring.<br><br>The objection as to the errata sheet is without merit. Plaintiff is designating party admissions, and the witness stated asbestos. The video may be reviewed to determine that the Court reporter did not | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

3387263.1                                             14                            Case No. 3:24-cv-01216-VC

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | make an error. | |
| 47:23-48:9 | | Irrelevant. Popcorn ceiling texture products are not alleged against Kaiser Gypsum in this case. Any testimony regarding these products would confuse the jury and would be prejudicial to Kaiser Gypsum under FRE 403 | Objection is inaccurate.<br><br>Popcorn ceiling texture exposure is alleged against Kaiser Gypsum.<br><br>Plaintiff testified he used Kaiser wall texture and also Kaiser ceiling texture. Popcorn texture is synonymous with ceiling texture, and Plaintiff identified, and plaintiffs also allege, use of Kaiser's ceiling texture. | ☐ Sustained<br>☑ Overruled |
| 48:13-48:16 | | Irrelevant. Popcorn ceiling texture products are not alleged against Kaiser Gypsum in this case. Any testimony regarding these products would confuse the jury and would be prejudicial to Kaiser Gypsum under FRE 403. | Objection is inaccurate.<br><br>Popcorn ceiling texture exposure is alleged against Kaiser Gypsum.<br><br>Plaintiff testified he used Kaiser wall texture and also Kaiser ceiling texture. Popcorn texture is synonymous with ceiling texture, and Plaintiff identified, and plaintiffs also allege, use of Kaiser's ceiling texture. | ☐ Sustained<br>☑ Overruled |
| 48:19-48:21 | | Irrelevant. | Kaiser's failure to advise customers to use respirators goes to Kaiser's failure to | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022. KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | warn and negligence. | |
| 48:25-49:8 | | Irrelevant. | Kaiser's failure to advise customers to use respirators goes to Kaiser's failure to warn and negligence. | ☐ Sustained ☑ Overruled |
| 49:12-49:17 | | Irrelevant. | Kaiser's failure to advise customers to use respirators goes to Kaiser's failure to warn and negligence. | ☐ Sustained ☑ Overruled |
| 52:13-52:22 | | Question is irrelevant; assumes facts; calls for a legal conclusion; misstates/misrepresents the facts. Incomprehensible question, vague and ambiguous, overbroad. No substantive response provided. | The witness is asked whether his understanding of the warning on the Kaiser product was roughly "caution: contains asbestos. Avoid creating dust. May cause bodily harm."

There are a few undesignated pages of Kaiser's counsel "cautioning my witness not to answer that question." These sections are not designated. | ☑ Sustained ☐ Overruled |
| 54:13-54:14 | | Irrelevant. Incomprehensible question, vague and ambiguous, overbroad. No substantive response provided. | Clear and concise. Relevant to Kaiser's demeanor and the witness' demeanor. Necessary for the jury to evaluate credibility. | ☑ Sustained ☐ Overruled |
| 54:17-54:18 | | Irrelevant. Incomprehensible question, vague and ambiguous, overbroad. No | Clear and concise. Relevant to Kaiser's demeanor and the witness' demeanor. Necessary for the jury | ☑ Sustained ☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | substantive response provided. | to evaluate credibility. | |
| 56:11-56:12 | | Question is irrelevant; assumes facts; calls for a legal conclusion; misstates/misrepresents the facts. Incomprehensible question, vague and ambiguous, overbroad. No substantive response provided. | Relevant to adequacy of Kaiser's warning.<br><br>Here the witness is instructed by his counsel "you may answer to the best of your ability" and the witness does. | ☑ Sustained<br>☐ Overruled |
| 56:14-56:16 | | Question is irrelevant; assumes facts; calls for a legal conclusion; misstates/misrepresents the facts. Incomprehensible question, vague and ambiguous, overbroad. No substantive response provided. | Relevant to adequacy of Kaiser's warning.<br><br>Clear and concise.<br><br>That the witness disagrees with the question does not render the question objectionable. | ☑ Sustained<br>☐ Overruled |
| 56:20-57:4 | | Question is irrelevant; assumes facts; calls for a legal conclusion; misstates/misrepresents the facts. Incomprehensible question, vague and ambiguous, overbroad. No substantive response provided. | Relevant to adequacy of Kaiser's warning.<br><br>Clear and concise.<br><br>That the witness disagrees with the question does not render the question objectionable. | ☑ Sustained<br>☐ Overruled |
| 57:10-57:18 | | Question is irrelevant; assumes facts; calls for a legal conclusion; misstates/misrepres | Relevant to adequacy of Kaiser's warning.<br><br>Clear and concise. | ☑ Sustained<br>☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | nts the facts. Incomprehensible question, vague and ambiguous, overbroad. No substantive response provided. | That the witness disagrees with the question does not render the question objectionable. | |
| 57:23-58:6 | | Irrelevant; assumes facts; calls for a legal conclusion; misstates/misreprese nts the facts. Incomprehensible question, vague and ambiguous, overbroad. No substantive response provided. | Relevant to adequacy of Kaiser's warning. Clear and concise. That the witness disagrees with the question does not render the question objectionable. | ☑ Sustained ☐ Overruled |
| 58:12-58:22 | | Irrelevant. Incomprehensible question, vague and ambiguous, overbroad, question misstates evidence, misstates documents, calls for legal conclusion, misleading, will confuse the jury and prejudice Kaiser Gypsum FRE 403. | Relevant to adequacy of Kaiser's warning. Clear and concise. That the witness disagrees with the question does not render the question objectionable. | ☑ Sustained ☐ Overruled |
| 59:5-59:8 | | Irrelevant. Incomprehensible question, vague and ambiguous, overbroad, question misstates evidence, misstates documents, calls for legal conclusion, misleading, will confuse the jury and | Relevant to adequacy of Kaiser's warning. Clear and concise. That the witness disagrees with the question does not render the question objectionable. | ☑ Sustained ☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Case 3:24-cv-01216-VC   Document 351   Filed 10/28/24   Page 19 of 67

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | prejudice Kaiser Gypsum FRE 403. | | |
| 59:12-59:14 | | 59:12-61:22 is cumulative, undue consumption of time, and more prejudicial than probative. Asking the same question over and over again, for each year between 1965 to 1972, is unnecessary, a waste of the jury's time, and prejudicial. | Relevant to notice, negligence, and knowledge. | ☐ Sustained ☑ Overruled |
| 59:18-59:23 | | 59:12-61:22 is cumulative, undue consumption of time, and more prejudicial than probative. Asking the same question over and over again, for each year between 1965 to 1972, is unnecessary, a waste of the jury's time, and prejudicial. | Relevant to notice, negligence, and knowledge. | ☐ Sustained ☑ Overruled |
| 60:2-60:8 | | 59:12-61:22 is cumulative, undue consumption of time, and more prejudicial than probative. Asking the same question over and over again, for each year between 1965 to 1972, is unnecessary, a waste | Relevant to notice, negligence, and knowledge. | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | of the jury's time, and prejudicial. | | |
| 60:12-60:19 | | 59:12-61:22 is cumulative, undue consumption of time, and more prejudicial than probative. Asking the same question over and over again, for each year between 1965 to 1972, is unnecessary, a waste of the jury's time, and prejudicial. | Relevant to notice, negligence, and knowledge. | ☐ Sustained ☑ Overruled |
| 60:24-61:8 | | 59:12-61:22 is cumulative, undue consumption of time, and more prejudicial than probative. Asking the same question over and over again, for each year between 1965 to 1972, is unnecessary, a waste of the jury's time, and prejudicial. | Relevant to notice, negligence, and knowledge. | ☐ Sustained ☑ Overruled |
| 61:11-61:13 | | 59:12-61:22 is cumulative, undue consumption of time, and more prejudicial than probative. Asking the same question over and over again, for each year between 1965 to 1972, is unnecessary, a waste | Relevant to notice, negligence, and knowledge. | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | of the jury's time, and prejudicial. | | |
| 61:16-61:19 | | 59:12-61:22 is cumulative, undue consumption of time, and more prejudicial than probative. Asking the same question over and over again, for each year between 1965 to 1972, is unnecessary, a waste of the jury's time, and prejudicial. | Relevant to notice, negligence, and knowledge. | ☐ Sustained ☑ Overruled |
| 61:22-62:2 | | 59:12-61:22 is cumulative, undue consumption of time, and more prejudicial than probative. Asking the same question over an over again, for each year between 1965 to 1972, is unnecessary, a waste of the jury's time, and prejudicial.<br><br>61:24-62:2 Irrelevant. Misstates evidence, misleading, will confuse the jury and prejudice Kaiser Gypsum FRE 403. | Relevant to notice, negligence, and knowledge.<br><br>Relevant to adequacy of Kaiser's warning.<br><br>Clear and concise.<br><br>That the witness disagrees with the question does not render the question objectionable. | ☐ Sustained ☑ Overruled |
| 62:8-62:15 | | Irrelevant. Misstates evidence, misleading, will confuse the jury and | Relevant to adequacy of Kaiser's warning.<br><br>Clear and concise.<br><br>That the witness | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | prejudice Kaiser Gypsum FRE 403 | disagrees with the question does not render the question objectionable. | |
| 62:19-63:2 | | | | ☐ Sustained<br>☑ Overruled |
| 63:6-63:12 | | | | ☐ Sustained<br>☑ Overruled |
| 63:15-63:17 | | Irrelevant. Misstates evidence, misleading, will confuse the jury and prejudice Kaiser Gypsum FRE 403. | The question asks if Kaiser provided any language in its warning beyond the OSHA label to warn consumers about cancer, this question is not objectionable as a legal conclusion or as calling for speculation.<br><br>Relevant to adequacy of Kaiser's warning.<br><br>Clear and concise. | ☑ Sustained<br>☐ Overruled |
| 63:22-64:4 | | Irrelevant. Misstates evidence, misleading, will confuse the jury and prejudice Kaiser Gypsum FRE 403. No substantive response provided. Actual warning language addressed later when witness is shown photograph of packaging with the warning label. | The question asks if Kaiser provided any language in its warning beyond the OSHA label to warn consumers about cancer, this question is not objectionable as a legal conclusion or as calling for speculation.<br><br>Relevant to adequacy of Kaiser's warning.<br><br>Clear and concise. | ☑ Sustained<br>☐ Overruled |
| 64:6-64:9 | | Irrelevant. Attorney colloquy. No | This is not colloquy (defined as an | ☑ Sustained |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Case 3:24-cv-01216-VC   Document 351   Filed 10/28/24   Page 23 of 67

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | substantive response provided. | informal conversation), it is a question. "Let's talk some about the early 1970s when the U.S. Government began regulating asbestos. Could we do that now, sir?" It signals a change in topics so that the jury can follow the testimony. | ☐ Overruled |
| 64:14-65:1 | | 64:14-17 Irrelevant. Attorney colloquy. No substantive response provided.<br><br>The "road map" of what the attorney "hopes to cover" during the deposition is irrelevant, attorney colloquy, it misstates facts, assumes facts, and does not pose a question for the witness. The witness never answered. The questioning attorney's statement of his facts are prejudicial to Kaiser Gypsum and will be confusing to the jury since it misstates facts, assumes facts not in evidence, lacks foundation, and are plaintiff's hopes of the testimony he wants to elicit. Moreover, there was no substantive response | As to 64:14-17 -<br><br>This is an answer. There is no objection to the answer.<br><br>As to 64:18-65:12 –<br>"I'd like to move to bullet point three, you'd agree one of the concerns Kaiser had was that the government would ban asbestos is not argumentative nor irrelevant." This goes to negligence and when Kaiser removed asbestos from its products. | ☑ Sustained<br>☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | to the attorney's statements or colloquy. | | |
| 65:6-65:23 | | 65:6-65:13 The "road map" of what the attorney "hopes to cover" during the deposition is irrelevant, attorney colloquy, it misstates facts, assumes facts, and does not pose a question for the witness. The witness never answered. The questioning attorney's statement of his facts are prejudicial to Kaiser Gypsum and will be confusing to the jury since it misstates facts, assumes facts not in evidence, lacks foundation, and are plaintiff's hopes of the testimony he wants to elicit. Moreover, there was no substantive response to the attorney's statements or colloquy. 65:14-23 Irrelevant. | 65:6-12 is an answer for which there is no objection. The road map is helpful for the jury to see what topics will be covered. | ☐ Sustained ☐ Overruled  *Sustained*  *Overruled* |
| 66:11-66:15 | | Irrelevant. | Relevant to Kaiser's failure to warn, negligence, and notice. | ☐ Sustained ☑ Overruled |
| 68:3-68:20 | | Irrelevant. | Relevant to Kaiser's failure to warn, negligence, and | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | notice. | |
| 68:24-70:9 | | Irrelevant. Attorney's colloquy misrepresents the document, misstates facts and assumes facts not in evidence. | Relevant to Kaiser's failure to warn, negligence, and notice.<br><br>No colloquy.<br><br>Based on Kaiser's own business records | ☐ Sustained<br>☑ Overruled |
| 70:14-70:21 | | Irrelevant. Attorney's colloquy misrepresents the document, misstates facts and assumes facts not in evidence. | Relevant to Kaiser's failure to warn, negligence, and notice.<br><br>No colloquy.<br><br>Based on Kaiser's own business records. | ☐ Sustained<br>☑ Overruled |
| 71:1-72:15 | | Irrelevant. Attorney's colloquy misrepresents the document, misstates facts and assumes facts not in evidence. | Relevant to Kaiser's failure to warn, negligence, and notice.<br><br>No colloquy.<br><br>Based on Kaiser's own business records. | ☐ Sustained<br>☑ Overruled |
| 72:20-73:4 | | Irrelevant. Attorney's colloquy misrepresents the document, misstates facts and assumes facts not in evidence. | Relevant to Kaiser's failure to warn, negligence, and notice.<br><br>No colloquy.<br><br>Based on Kaiser's own business records. | ☐ Sustained<br>☑ Overruled |
| 73:8-73:15 | | Irrelevant. Attorney's colloquy misrepresents the document, misstates | Relevant to Kaiser's failure to warn, negligence, and notice. | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | facts and assumes facts not in evidence. | No colloquy.<br><br>Based on Kaiser's own business records. | |
| 73:20-74:3 | | Irrelevant. Attorney's colloquy misrepresents the document, misstates facts and assumes facts not in evidence. | Relevant to Kaiser's failure to warn, negligence, and notice.<br><br>No colloquy.<br><br>Based on Kaiser's own business records. | ☐ Sustained<br>☑ Overruled |
| 74:16-74:25 | | | | ☐ Sustained<br>☑ Overruled |
| 75:18-75:25 | | Irrelevant. | Relevant to Kaiser's failure to warn, negligence, and notice. | ☐ Sustained<br>☑ Overruled |
| 76:9-76:23 | | Irrelevant, calls for speculation. | Relevant to Kaiser's failure to warn, negligence, and notice.<br><br>Party admission. | ☐ Sustained<br>☑ Overruled |
| 77:2-77:21 | | Irrelevant. | Relevant to Kaiser's failure to warn, negligence, and notice. | ☐ Sustained<br>☑ Overruled |
| 78:1-79:1 | | Irrelevant. | Relevant to Kaiser's failure to warn, negligence, and notice. | ☐ Sustained<br>☑ Overruled |
| 79:7-80:14 | | Irrelevant, calls for speculation.<br><br>No Substantive response given to the question. | Relevant to Kaiser's failure to warn, negligence, and notice.<br><br>No colloquy. | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | Based on Kaiser's own business records.<br><br>Mr. McChesney's response is a party admission, and cannot be a basis to strike this testimony. Counsel is reading from Kaiser's own business record and Kaiser's corporate representative 30(b)(6) witness responds. | |
| 80:18-81:8 | | Irrelevant. Attorney's colloquy misstates evidence and assumes facts not in evidence. | Relevant to Kaiser's failure to warn, negligence, and notice.<br><br>No colloquy.<br><br>Based on Kaiser's own business records.<br><br>Mr. McChesney's response is a party admission, and cannot be a basis to strike this testimony. Counsel is reading from Kaiser's own business record and Kaiser's corporate representative 30(b)(6) witness responds. | ☐ Sustained<br>☑ Overruled |
| 81:14-82:1 | | Irrelevant. Attorney's colloquy misstates evidence and assumes facts not in evidence. | "Can we agree that when Kaiser Gypsum goes to the EPA and asks it not to ban asbestos in in [it's] products that have asbestos, it was not doing that to protect | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | consumers" is not colloquy, and is a direct question to the party Kaiser, which is relevant to Kaiser's negligence, and also Kaiser's claim that its warnings were adequate. The jury should be able to compare Kaiser's claim that its warning was sufficient to protect consumers with Kaiser's own business record opposing a ban on asbestos. | |
| 82:9-82:13 | | Irrelevant. Attorney's colloquy misstates evidence and assumes facts not in evidence. Calls for speculation re the reason for submitting comments to the EPA. | The foundation is discussed in this very answer "based on [his] review of the documents and prior deposition testimony." Personal knowledge not required for Plaintiff to offer a party admission against Kaiser. [*Levy-Zentner Co. v. Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 787 ("The usual requirement of personal knowledge is dispensed with in the case of admissions").] The question is not colloquy, and is a direct question to the party Kaiser, which is relevant to Kaiser's | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| 2 | | | | negligence, and also Kaiser's claim that its warnings were adequate. The jury should be able to compare Kaiser's claim that its warning was sufficient to protect consumers with Kaiser's own business record opposing a ban on asbestos. | |
| 10 | 83:6-83:10 | | Irrelevant. Attorney's colloquy misstates evidence and assumes facts not in evidence. Calls for speculation re the reason for submitting comments to the EPA. | The foundation is discussed in this very answer "based on [his] review of the documents and prior deposition testimony." Personal knowledge not required for Plaintiff to offer a party admission against Kaiser. [*Levy-Zentner Co. v. Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 787 ("The usual requirement of personal knowledge is dispensed with in the case of admissions").] The question is not colloquy, and is a direct question to the party Kaiser, which is relevant to Kaiser's negligence, and also Kaiser's claim that its warnings were adequate. The jury should be able to | ☑ Sustained<br>☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | compare Kaiser's claim that its warning was sufficient to protect consumers with Kaiser's own business record opposing a ban on asbestos. | |
| 83:17-83:23 | | | | ☑ Sustained ☐ Overruled |
| 84:17-84:24 | | The "road map" of what the attorney "hopes to cover" during the deposition is irrelevant, attorney colloquy, it misstates facts, assumes facts, and does not pose a question for the witness. The questioning attorney's statement of his facts are prejudicial to Kaiser Gypsum and will be confusing to the jury since it misstates facts, assumes facts not in evidence, lacks foundation, and are plaintiff's hopes of the testimony he wants to elicit.

Plaintiff's counsel did not include the changes made by Mr. McChesney on the errata sheet including changing | The reference to a road map, or outline of the deposition, provides context to the jury, and is provided in question and answer form.

The subsequent question "eventually newspaper publicity about construction products and cancer began to negatively effect Kaiser's sales" is not argumentative and is based directly on facts in Exhibit 4. | ☑ Sustained ☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | the word "effect" to "affect" at 84:21. | |
| 85:16-85:23 (end at "can.") | | Irrelevant. | Establishing authenticity and hearsay exception for a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn. | ☐ Sustained ☑ Overruled |
| 86:3-86:10 | | Irrelevant. | Establishing authenticity and hearsay exception for a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn. | |
| 87:5-88:5 | | Irrelevant. | Establishing authenticity and hearsay exception for a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn. | ☐ Sustained ☑ Overruled |
| 88:10-89:20 | | Irrelevant, calls for speculation. Attorney's colloquy misstates facts and assumes facts not in evidence. | Testimony concerning a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Case 3:24-cv-01216-VC   Document 351   Filed 10/28/24   Page 33 of 67

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | possible." The evidence will show that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn.<br><br>Attorney's questions are based exactly on the Kaiser business record. No colloquy nor assumption of facts. | |
| 89:23-90:12 | | Irrelevant, calls for speculation. Attorney's colloquy misstates facts and assumes facts not in evidence. | Testimony concerning a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn.<br><br>Attorney's questions are based exactly on the Kaiser business record. No colloquy nor assumption of facts. | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| 90:17-91:14 | | Irrelevant, hearsay, calls for speculation. Attorney's colloquy misstates document, misstates facts and assumes facts not in evidence. | Testimony concerning a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn.<br><br>Attorney's questions are based exactly on the Kaiser business record. No colloquy nor assumption of facts. | ☐ Sustained<br>☑ Overruled |
| 91:22-92:12 | | Irrelevant, hearsay, calls for speculation. Attorney's colloquy misstates the document (Kaiser Gypsum management did not author the memo asking about a reformulation due to sales being impacted – that was the request of a lone salesman), misstates facts and assumes | Testimony concerning a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | facts not in evidence. | that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn.<br><br>Attorney's questions are based exactly on the Kaiser business record. No colloquy nor assumption of facts. | |
| 92:16-92:17 | | Irrelevant. Attorney's colloquy misstates the document (Kaiser Gypsum management did not author the memo asking about a reformulation due to sales being impacted – that was the request of a lone salesman), misstates facts and assumes facts not in evidence. | Testimony concerning a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn.<br><br>Attorney's questions are based exactly on the Kaiser business record. No colloquy nor assumption of facts. | ☐ Sustained<br>☑ Overruled |
| 93:13-93:20 | | Irrelevant. Attorney's colloquy | Testimony concerning a Kaiser business | ☑ Sustained<br>☐ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | misstates the document (Kaiser Gypsum management did not author the memo asking about a reformulation due to sales being impacted – that was the request of a lone salesman), misstates facts, is contrary to evidence, and assumes facts not in evidence. It is also argumentative and will be prejudicial to Kaiser Gypsum FRE 403. | record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn.<br><br>Attorney's questions are based exactly on the Kaiser business record. No colloquy nor assumption of facts. | |
| 93:23-94:10 | | Irrelevant. Attorney's colloquy misstates facts, is contrary to evidence, and assumes facts not in evidence. It is also argumentative and will be prejudicial to Kaiser Gypsum FRE 403. Plaintiff's counsel did not include the changes made by Mr. McChesney on the errata sheet including changing the word "asbestos" | Testimony concerning a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not eliminate asbestos | ☑ Sustained<br>☐ Overruled |

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| 2 | | | to "chrysotile asbestos" at 94:10. | until 1975, 1976, or later. Relevant to negligence and failure to warn. | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | Counsel's questions are based on the Kaiser business records discussed at this deposition. That the witness does not agree with the question asked does not render the question objectionable. | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | This testimony is directly relevant to Kaiser's negligence and failure to warn. | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | The video record may be reviewed to determine if the Court reporter made a mistake transcribing "asbestos." | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | 94:25-95:4 | | Irrelevant. Attorney's colloquy misstates the document (Kaiser Gypsum management did not author the memo asking about a reformulation due to sales being impacted – that was the request of a lone salesman), misstates facts, is contrary to evidence, and assumes facts not in evidence. It is also | Testimony concerning a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not | ☑ Sustained ☐ Overruled |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |
| 26 | | | | | |
| 27 | | | | | |
| 28 | | | | | |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | argumentative and will be prejudicial to Kaiser Gypsum FRE 403.<br><br>Plaintiff's counsel did not include the changes made by Mr. McChesney on the errata sheet including changing the word "its" to "it's" at 95:4. | eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn.<br><br>Counsel's questions are based on the Kaiser business records discussed at this deposition. That the witness does not agree with the question asked does not render the question objectionable.<br><br>This testimony is directly relevant to Kaiser's negligence and failure to warn.<br><br>That Kaiser Gypsum is objecting to video page and line designations of the potential typo "its," where Kaiser or its witness submitted an errata correcting that to "it's" demonstrates the make-work and meritlessness of Kaiser's objections. This deposition will be played as a video to the jury. Kaiser's objection regarding "its" to "it's" is an improper objection that serves to only waste this Court's time. | |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| 95:9-96:13 | | Irrelevant. Attorney's colloquy misstates the document (Kaiser Gypsum management did not author the memo asking about a reformulation due to sales being impacted – that was the request of a lone salesman), misstates facts, is contrary to evidence, and assumes facts not in evidence. It is also argumentative and will be prejudicial to Kaiser Gypsum FRE 403. | Testimony concerning a Kaiser business record wherein Kaiser receives notice of the dangers of asbestos in a Wallstreet Journal article, and then Kaiser, in 1974, writes internally that "If anything can be done to change our formula to eliminate asbestos fibers, I think it should be done as quickly as possible." The evidence will show that Kaiser did not eliminate asbestos until 1975, 1976, or later. Relevant to negligence and failure to warn. | ☑ Sustained ☐ Overruled |
| | | 96:1-11 The "road map" of what the attorney "hopes to cover" during the deposition is irrelevant, attorney colloquy, it misstates facts, assumes facts, and does not pose a question for the witness. The questioning attorney's statement of his facts are prejudicial to Kaiser Gypsum and will be confusing to the jury since it misstates facts, assumes facts not in evidence, lacks foundation, and are plaintiff's | Counsel's questions are based on the Kaiser business records discussed at this deposition. That the witness does not agree with the question asked does not render the question objectionable.

This testimony is directly relevant to Kaiser's negligence and failure to warn.

As to 96:1-11 - A question concerning the roadmap or outline is a mere signpost, and is proper question and answer is not | |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | hopes of the testimony he wants to elicit. Moreover, there was no substantive response to the attorney's statements or colloquy. It is also argumentative. | argumentative nor unduly prejudicial. It is helpful to orient the jury. | |
| 97:12-100:5 | | Irrelevant, hearsay. Misstates evidence, misstates facts, and assumes facts not in evidence. Calls for speculation. | Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn.<br><br>Questions are based on Kaiser's own business records and do not misstate facts.<br><br>Personal knowledge foundation not required for Kaiser's own admission offered against Kaiser. [*Levy-Zentner Co. v. Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 787] | ☐ Sustained<br>☐ Overruled<br><br>*overruled through 99:17 sustained as to the rest* |
| 100:10-100:22 | | Irrelevant. Misstates evidence, misstates facts, and assumes facts not in evidence. Calls for speculation and calls for a legal conclusion. | Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn. | ☑ Sustained<br>☐ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | Questions are based on Kaiser's own business records and do not misstate facts.<br><br>Personal knowledge foundation not required for Kaiser's own admission offered against Kaiser. [*Levy-Zentner Co. v. Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 787] | |
| 101:1-101:6 | | Irrelevant. | Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn. | ☑ Sustained<br>☐ Overruled |
| 104:24-105:1 | | Irrelevant. Misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn.<br><br>Questions are based on Kaiser's own business records and do not misstate facts. | ☐ Sustained<br>☑ Overruled |
| 105:5-106:1 | | Irrelevant. Misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn.<br><br>Kaiser 1972 business record regarding potential regulations | ☐ Sustained<br>☐ Overruled<br>*Sustained as to 105:21-22 overruled otherwise* |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn. Questions are based on Kaiser's own business records and do not misstate facts. | |
| 106:5-107:1 | | Irrelevant. Misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn. Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn. Questions are based on Kaiser's own business records and do not misstate facts. | ☐ Sustained ☑ Overruled |
| 107:14-107:22 | | Irrelevant. Misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn. Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, | ☐ Sustained ☑ Overruled |

3387263.1                                    42                        Case No. 3:24-cv-01216-VC

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | notice, negligence, and failure to warn.<br><br>Questions are based on Kaiser's own business records and do not misstate facts. | |
| 108:1-108:18 | | Irrelevant. Misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn.<br><br>Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn.<br><br>Questions are based on Kaiser's own business records and do not misstate facts. | ☐ Sustained<br>☑ Overruled |
| 108:22-109:14 | | Irrelevant. Misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn.<br><br>Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn.<br><br>Questions are based | ☐ Sustained<br>☑ Overruled |

3387263.1

43

Case No. 3:24-cv-01216-VC

Case 3:24-cv-01216-VC   Document 351   Filed 10/28/24   Page 44 of 67

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | on Kaiser's own business records and do not misstate facts. | |
| 109:18-109:22 | | Irrelevant. Misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn.<br><br>Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn.<br><br>Questions are based on Kaiser's own business records and do not misstate facts. | ☐ Sustained<br>☑ Overruled |
| 109:24-110:6 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn.<br><br>Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn.<br><br>Questions are based on Kaiser's own business records and do not misstate facts. | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| 110:11-111:9 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's decision to not list asbestos as an ingredient before 1972 is relevant to Kaiser's failure to warn.<br><br>Kaiser 1972 business record regarding potential regulations of asbestos and Kaiser's texture products is relevant to Kaiser's knowledge, notice, negligence, and failure to warn.<br><br>Questions are based on Kaiser's own business records and do not misstate facts. | ☑ Sustained<br>☐ Overruled |
| 111:15-111:15 | | | | ☑ Sustained<br>☐ Overruled |
| 111:21-112:8 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. | There is no attorney colloquy here. "Let's now move to Exhibit No. 11. Can you see this 1977 Kaiser document?" is not colloquy, and that is all the attorney states.<br><br>This is relevant because it is introducing a 1977 Kaiser business record, which itself is relevant to Kaiser's knowledge, negligence, and failure to warn. | ☑ Sustained<br>☐ Overruled |
| 112:16-113:13 | | Irrelevant. Attorney's colloquy | Kaiser's 1977 internal memo is a business | ☐ Sustained<br>☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | misstates evidence, misstates facts, and assumes facts not in evidence. | record and is relevant because Kaiser states it has been told, and is on notice, that the Pfizer talc is uses is "listed as not being asbestos-free." Goes to notice, failure to warn, negligence.

No colloquy, and questions are based directly on business record. | |
| 113:16-113:21 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's 1977 internal memo is a business record and is relevant because Kaiser states it has been told, and is on notice, that the Pfizer talc is uses is "listed as not being asbestos-free." Goes to notice, failure to warn, negligence.

No colloquy, and questions are based directly on business record. | ☐ Sustained ☑ Overruled |
| 113:22-113:24 | | Irrelevant. | Kaiser's 1977 business record wherein it admits that the talc it uses, in the very products at issue in Mr. Sarjeant's case, contained "asbestiform tremolite" is relevant to exposure, notice, knowledge, negligence, and failure to warn. | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022. KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | 114:19-114:23 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's 1977 business record wherein it admits that the talc it uses, in the very products at issue in Mr. Sarjeant's case, contained "asbestiform tremolite" is relevant to exposure, notice, knowledge, negligence, and failure to warn.<br><br>Questions are based exactly on Kaiser's business record and to not misstate fact and include no colloquy. | ☐ Sustained<br>☑ Overruled |
| | 115:20-117:8 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. Irrelevant since vermiculite is not at issue in this case. | Kaiser's 1977 business record wherein it admits that the talc it uses, in the very products at issue in Mr. Sarjeant's case, contained "asbestiform tremolite" is relevant to exposure, notice, knowledge, negligence, and failure to warn.<br><br>Questions are based exactly on Kaiser's business record and to not misstate fact and include no colloquy. | ☐ Sustained<br>☑ Overruled |
| | 117:12-117:24 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. Irrelevant | Kaiser's 1977 business record wherein it admits that the talc it uses, in the very products at issue in Mr. Sarjeant's case, | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | since vermiculite is not at issue in this case. | contained "asbestiform tremolite" is relevant to exposure, notice, knowledge, negligence, and failure to warn. Questions are based exactly on Kaiser's business record and to not misstate fact and include no colloquy. | |
| 118:3-118:10 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence | Kaiser's 1977 business record wherein it admits that the talc it uses, in the very products at issue in Mr. Sarjeant's case, contained "asbestiform tremolite" is relevant to exposure, notice, knowledge, negligence, and failure to warn. Questions are based exactly on Kaiser's business record and to not misstate fact and include no colloquy. | ☐ Sustained ☑ Overruled |
| 118:15-118:20 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's 1977 business record wherein it admits that the talc it uses, in the very products at issue in Mr. Sarjeant's case, contained "asbestiform tremolite" is relevant to exposure, notice, knowledge, and failure | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | to warn. | |
| 3 | | | | Questions are based exactly on Kaiser's business record and to not misstate fact and include no colloquy. | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | 118:22-119:5 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence. | Kaiser's 1977 business record wherein it admits that the talc it uses, in the very products at issue in Mr. Sarjeant's case, contained "asbestiform tremolite" is relevant to exposure, notice, knowledge, negligence, and failure to warn. | ☐ Sustained ☑ Overruled |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | Moreover, this is irrelevant since wall board is not at issue in this case. | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | Regarding Exhibit 14 (starting at page 119), this is another 1977 memorandum, which is established as a Kaiser business record herein, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that | |
| 19 | | | | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |
| 26 | | | | | |
| 27 | | | | | |
| 28 | | | | | |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc. | |
| 119:23-121:2 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence.<br><br>Moreover, this is irrelevant since wall board is not at issue in this case. | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc.

Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 121:8-121:18 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence.

Moreover, this is irrelevant since wall board is not at issue in this case. | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc.\n\nQuestions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 121:22-121:24 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence.\n\nMoreover, this is irrelevant since wall board is not at issue in this case. | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained\n☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc.  Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 122:8-122:21 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence.  Moreover, this is irrelevant since wall board is not at issue in this case. | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence.  Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc.

Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 123:1-123:14 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence.

Moreover, this is irrelevant since wall board is not at issue in this case. | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc.<br><br>Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 123:18-123:23 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence.<br><br>Moreover, this is irrelevant since wall board is not at issue in this case. | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc.

Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 124:2-124:20 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence.

Moreover, this is irrelevant since wall board is not at issue in this case. | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc.<br><br>Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 125:1-125:14 | | Irrelevant. Attorney's colloquy misstates evidence, misstates facts, and assumes facts not in evidence.<br><br>Moreover, this is irrelevant since wall board is not at issue in this case. FRE 403 | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained<br>☑ Overruled |

| | PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|---|
| | | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc. | |
| | | | | Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| | 125:20-125:25 | | | Exhibit 14 is a 1977 Kaiser memorandum business record, where Kaiser admits that it is attempting to eliminate the use of talc, but at present time "it is possible but not economically feasible." This is directly relevant to negligence. Kaiser's own business record notes that the talc that Kaiser is using contains a cancer-causing agent, asbestos, and that Kaiser could remove the talc, but it would | ☐ Sustained ☐ Overruled |

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | not be "economically feasible." Kaiser's objection that this document is irrelevant because it discusses talc used on wallboard is without merit, because Kaiser's formulas demonstrate that Kaiser also used talc in its joint compounds and textures that are at issue in this case. Further, this document and testimony demonstrates Kaiser's knowledge of the hazards of its talc.<br><br>Questions are based exactly on Kaiser's business record and do not misstate fact and include no colloquy. | |
| 127:13-128:3 | | Irrelevant. | Testimony about when Kaiser's Santa Ana closed is relevant because it suggests that, after March of 1976, Kaiser Gypsum joint compounds and textures sold throughout California, including Northern California and Southern California, would have come from Kaiser's Antioch plant, which was located just across the San Francisco Bay from San Mateo County, where Plaintiff did most of | ☐ Sustained<br>☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | his painting and joint compound work. Additionally, when Kaiser produced those products in Northern California (after 1976) is relevant to exposure evidence, regarding Kaiser's formulas. Also, witness' testimony is relevant to Kaiser's use of talc and asbestos and ongoing failure to warn. | |
| 128:5-128:9 | | Irrelevant. | Testimony about when Kaiser's Santa Ana closed is relevant because it suggests that, after March of 1976, Kaiser Gypsum joint compounds and textures sold throughout California, including Northern California and Southern California, would have come from Kaiser's Antioch plant, which was located just across the San Francisco Bay from San Mateo County, where Plaintiff did most of his painting and joint compound work. Additionally, when Kaiser produced those products in Northern California (after 1976) is relevant to exposure evidence, regarding Kaiser's formulas. Also, witness' | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | testimony is relevant to Kaiser's use of talc and asbestos and ongoing failure to warn. | |
| 128:14-128:25 | | Irrelevant. | Testimony about when Kaiser's Santa Ana closed is relevant because it suggests that, after March of 1976, Kaiser Gypsum joint compounds and textures sold throughout California, including Northern California and Southern California, would have come from Kaiser's Antioch plant, which was located just across the San Francisco Bay from San Mateo County, where Plaintiff did most of his painting and joint compound work. Additionally, when Kaiser produced those products in Northern California (after 1976) is relevant to exposure evidence, regarding Kaiser's formulas. Also, witness' testimony is relevant to Kaiser's use of talc and asbestos and ongoing failure to warn. | ☐ Sustained ☑ Overruled |
| 129:5-129:7 | | Irrelevant, speculation. | Testimony about when Kaiser's Santa Ana closed is relevant because it suggests | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | that, after March of 1976, Kaiser Gypsum joint compounds and textures sold throughout California, including Northern California and Southern California, would have come from Kaiser's Antioch plant, which was located just across the San Francisco Bay from San Mateo County, where Plaintiff did most of his painting and joint compound work. Additionally, when Kaiser produced those products in Northern California (after 1976) is relevant to exposure evidence, regarding Kaiser's formulas. Also, witness' testimony is relevant to Kaiser's use of talc and asbestos and ongoing failure to warn.<br><br>Personal knowledge not required for Plaintiff to offer a party admission against Kaiser. [*Levy-Zentner Co. v. Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 787 ("The usual requirement of personal knowledge is dispensed with in the | |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607

(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | case of admissions").] | |
| 145:20-147:11 | | Objection to attorney's irrelevant colloquy. | 145:20-147:11 is not colloquy. These questions are relevant to review Kaiser's business records establishing Kaiser's notice of the hazards of asbestos and statements of its employees asking to remove asbestos, and to review Kaiser's warning label to "avoid creating dust" and the impossibility of any consumer complying with that label. Goes directly to Kaiser's failure to warn. These questions are based directly on Kaiser's records. | ☐ Sustained ☑ Overruled |
| 147:17-148:4 | | Objection to attorney's irrelevant colloquy. | These questions are not colloquy. These questions are relevant to review Kaiser's business records establishing Kaiser's notice of the hazards of asbestos and statements of its employees asking to remove asbestos, and to review Kaiser's warning label to "avoid creating dust" and the impossibility of any consumer complying with that label. Goes directly to Kaiser's failure to warn. These questions are based directly on | ☐ Sustained ☑ Overruled |

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | Kaiser's records. | |
| 148:8-148:23 | | Objection to attorney's irrelevant colloquy. Misstates facts and assumes facts not in evidence. | These questions are not colloquy. These questions are relevant to review Kaiser's business records establishing Kaiser's notice of the hazards of asbestos and statements of its employees asking to remove asbestos, and to review Kaiser's warning label to "avoid creating dust" and the impossibility of any consumer complying with that label. Goes directly to Kaiser's failure to warn. These questions are based directly on Kaiser's records. | ☐ Sustained ☑ Overruled |
| 149:2-149:12 | | Objection to attorney's irrelevant colloquy. Misstates facts and assumes facts not in evidence | These questions are not colloquy. These questions are relevant to review Kaiser's business records establishing Kaiser's notice of the hazards of asbestos and statements of its employees asking to remove asbestos, and to review Kaiser's warning label to "avoid creating dust" and the impossibility of any consumer complying with that label. Goes directly to Kaiser's failure to warn. These questions are based directly on | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | Kaiser's records. | |
| 149:17-149:19 (end at "dust,") | | Objection to attorney's irrelevant colloquy. Misstates facts and assumes facts not in evidence. The testimony should not come in at all, but if it does, the witness' entire answer should be read and not end at the word "dust". It should include, "but that's not what the label says". | These questions are not colloquy. These questions are relevant to review Kaiser's business records establishing Kaiser's notice of the hazards of asbestos and statements of its employees asking to remove asbestos, and to review Kaiser's warning label to "avoid creating dust" and the impossibility of any consumer complying with that label. Goes directly to Kaiser's failure to warn. These questions are based directly on Kaiser's records. | ☐ Sustained ☑ Overruled |
| 149:20-149:25 | | Objection to attorney's irrelevant colloquy. Misstates facts and assumes facts not in evidence. Argumentative. Misleads the jury by relating work with joint compound to smoking cigarettes. | These questions are not colloquy. These questions are relevant to review Kaiser's business records establishing Kaiser's notice of the hazards of asbestos and statements of its employees asking to remove asbestos, and to review Kaiser's warning label to "avoid creating dust" and the impossibility of any consumer complying with that label. Goes directly to Kaiser's failure to warn. These questions are based directly on | ☐ Sustained ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | Kaiser's records. | |
| 150:6-150:10 | | | | ☐ Sustained <br> ☑ Overruled |
| 150:13-150:22 | | Objection to attorney's irrelevant colloquy. Misstates facts and assumes facts not in evidence. Argumentative, calls for legal conclusion, calls for expert opinion. | These questions are not colloquy. These questions are relevant to review Kaiser's business records establishing Kaiser's notice of the hazards of asbestos and statements of its employees asking to remove asbestos, and to review Kaiser's warning label to "avoid creating dust" and the impossibility of any consumer complying with that label. Goes directly to Kaiser's failure to warn. These questions are based directly on Kaiser's records. | ☐ Sustained <br> ☑ Overruled |
| 151:6-151:10 | | Objection to attorney's irrelevant colloquy. Misstates facts and assumes facts not in evidence. Argumentative, calls for legal conclusion | These questions are not colloquy. These questions are relevant to review Kaiser's business records establishing Kaiser's notice of the hazards of asbestos and statements of its employees asking to remove asbestos, and to review Kaiser's warning label to "avoid creating dust" and the impossibility of any consumer complying with that label. Goes directly to Kaiser's failure to | ☐ Sustained <br> ☑ Overruled |

PLAINTIFF'S FINAL SUBMISSION OF PLAINTIFF'S PAGE-LINE DESIGNATION OF CHARLES
McCHESNEY II - JULY 13, 2022, KAISER GYPSUM'S OBJECTIONS AND RESPONSE THERETO

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S COUNTER | DEFENDANT'S OBJECTION | PLAINTIFF'S RESPONSE | RULING |
|---|---|---|---|---|
| | | | warn. These questions are based directly on Kaiser's records. | |

DATED: October 28, 2024

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By:
Henry A. Steinberg
Attorneys for Plaintiff

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com